Michael De Vries (State Bar No. 211001)
Christopher Lawless (State Bar No. 268952)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680 8500
Email: michael.devries@kirkland.com
         clawless@kirkland.com

Chad J. Husnick (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: CHusnick@kirkland.com

Mark McKane, P.C. (State Bar No. 230552)
Adam R. Alper (State Bar No. 196834)
Brandon H. Brown (State Bar No. 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: MMcKane@kirkland.com
         aalper@kirkland.com
         bhbrown@kirkland.com

Attorneys for MOTOROLA
SOLUTIONS, INC.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HYTERA COMMUNICATIONS<br>AMERICA (WEST), INC., *et al.*,<br><br>Debtors. | CASE NO. 8:20-11507-ES<br><br>Chapter 11<br><br>Jointly Administered with Case Nos.:<br>11508-ES and 11509-ES<br><br>**MOTOROLA SOLUTIONS, INC.'S LIMITED OBJECTIONS AND RESERVATION REGARDING DEBTORS' MOTION REQUESTING (A) THE SCHEDULING OF AN AUCTION AND SALE HEARING IN CONNECTION WITH THE SALE OF THE SPECIFIED ASSETS OF THE DEBTORS, (B) APPROVAL OF BIDDING PROCEDURES FOR SUCH ASSETS, (C) APPROVAL OF PURCHASE AGREEMENT WITH STALKING HORSE BIDDER, (D) APPROVAL OF THE FORM AND SCOPE OF NOTICE OF AUCTION AND SALE HEARING, (E) APPROVAL OF PROCEDURES FOR THE ASSUMPTION, ASSIGNMENT AND SALE OF CONTRACTS AND LEASES TO THE PURCHASER, AND (F) APPROVAL OF SALE OF THE DEBTORS' ASSETS TO THE PURCHASER**<br><br>Date:  July 23, 2020<br>Time:  10:30 AM<br>Place: 411 West 4th St, Ctrm 5A, Santa Ana, CA 92701 |

# TABLE OF CONTENTS

**Page**

I.      Introduction ........................................................................................................1

II.     Factual Background .........................................................................................4

III.    Argument ..........................................................................................................6

     A.      Any Sale Hearing Should Be Set For After The Hearing On Motorola's Motion To Dismiss, Within The Window Purchaser Agreed To Hold Its Bid Open ................6

     B.      Motorola Will Object To Sale, But Does Not Otherwise Object To Procedural Aspects Of The Bidding Procedures Motion ...................................................9

IV.     Conclusion ........................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Catalina Sea Ranch, LLC*,
   No. 2:19-BK-24467-NB, 2020 WL 1900308 (Bankr. C.D. Cal. Apr. 13, 2020) ...........................7

*In re Flour City Bagels, LLC*,
   557 B.R. 53 (Bankr. W.D.N.Y. 2016) ...................................................................................7

*In re Integrated Telecom Express, Inc.*,
   384 F.3d 108 (3d. Cir. 2004)...................................................................................3

*In re Mense*,
   509 B.R. 269 (Bankr. C.D. Cal. 2014) ...................................................................................3

*In re Roussos*,
   541 B.R. 721 (Bankr. C.D. Cal. 2015) ...................................................................................7

*In re Sunshine Grp., LLC*,
   No. 2:19-BK-12760-ER, 2020 WL 1846940 (B.A.P. 9th Cir. Apr. 10, 2020)...............................3

**Statutes**

11 U.S.C. § 363.........................................................................................................6, 7

11 U.S.C. § 373(m) .................................................................................................7

11 U.S.C. § 1112 .....................................................................................................7

**Rules**

Fed. R. Civ. P. 30(b)(6)..............................................................................................4, 5

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; HYTERA COMMUNICATIONS AMERICA (WEST), INC.; HYTERA AMERICA INC.; HYT NORTH AMERICA, INC.; THE UNITED STATES TRUSTEE; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND ALL OTHER PERSONS ENTITLED TO NOTICE:**

Creditor Motorola Solutions, Inc. ("Motorola") respectfully submits this response and objections (and revised proposed order), to the motion filed by Hytera Communications America (West), Inc., Hytera America Inc., and HYT North America, Inc. (collectively, the "Debtors") requesting (A) the scheduling of an auction and sale hearing in connection with the sale of the specified assets of the debtors, (B) approval of bidding procedures for such assets, (C) approval of purchase agreement with stalking horse bidder, (D) approval of the form and scope of notice of auction and sale hearing, (E) approval of procedures for the assumption, assignment and sale of contracts and leases to the purchaser, and (F) approval of sale of the debtors' assets to the purchase.  In support thereof, Motorola states the following:

## I.    INTRODUCTION

Motorola objects to the Debtors' noticed date and time for its proposed "Sale Hearing" of August 20, 2020 at 10:30 am.  At least 30 days should be added to the Debtors' proposed bid deadline and other marketing/sales related dates to allow a chance for a legitimate sales process that otherwise has been setup to benefit the Debtors' proposed insider buyer, Hytera US Inc. (the "Hytera Insider"). Based on Motorola's preliminary objections raised to Debtors over the last week, Debtors agreed to revise its proposed Bidding Procedures Order to eliminate the inappropriate "Stalking Horse" moniker for the Hytera Insider, and also agreed to other modifications to clarify that the Hytera Insider will not receive preferential treatment over other bidders.  Those changes to Debtors' proposed Bidding Procedures Order, along with the extended dates (which Debtors did not agree to) should be adopted, as shown in Motorola's concurrently-submitted revised proposed order.  Consistent with its pending motion to dismiss, Motorola will timely object to all relief sought at any Sale Hearing following Debtors' compliance with Motorola's discovery, but Motorola does not otherwise object to Debtors' proposed sales process as specified below.

1    Motorola has said since the First Day Hearing that it had serious concerns that Debtors filed

2    these proceedings in bad faith, improperly using Chapter 11 as another litigation tactic to delay their

3    day of reckoning for their unprecedented and adjudicated malicious theft of Motorola's intellectual

4    property.  After the Debtors confirmed at the § 341 Creditors' Meeting that they were continuing to

5    profit from Motorola's stolen trade secrets and source code, and were pursuing an asset sale to an

6    "affiliate" of their conspirator and parent, Motorola filed its pending motion to dismiss and motion for

7    relief from the automatic stay.  Dkt. Nos. 111, 112.  Those motions detail multiple independent bases

8    establishing the Debtors' bad faith and lack of a legitimate bankruptcy purpose.  Motorola served

9    related discovery on Debtors, and will present this case dispositive issue to the Court during the August

10    20, 2020 hearing on Motorola's motions.  Motorola believes its motion to dismiss will obviate the

11    need for any further action in these proceedings, and establishing Debtors' (and Hytera China's) "bad

12    faith" in filing these Chapter 11 petitions would preclude the proposed asset sale from going forward

13    at any Sales Hearing, particularly under the "heightened scrutiny" standard that Debtors' textbook

14    insider sale is subject to.

15    Now, after being served with Motorola's dispositive motion and the corresponding noticed

16    hearing date, Debtors are attempting to avoid the impending reckoning.  In its present motion, filed

17    *after* Motorola's motion to dismiss, Debtors suddenly set their Bid Procedures Motion on seven-days'

18    notice, and ask the Court to set the Sales Motion hearing to occur *before* Motorola's earlier-filed

19    motions.  There was no reason for Debtors to do so, other than their transparent strategy to attempt to

20    rush a "free and clear" asset sale through before the Court even hears all evidence and argument on

21    Motorola's motion to dismiss.  Tellingly, as confirmed by their Bid Procedures and Sales Motion, the

22    proposed Hytera Insider purchaser has agreed to wait until August 5, 2020 for entry for bidding

23    procedures, and further agreed to hold its purchase offer open through an October 4, 2020 closing

24    deadline.  Accordingly, there was no reason for Debtors' to set this hearing date on the minimum 7-

25    days' notice, and there is no legitimate justification for Debtors to request sales approval before

26    Motorola's pending motions are resolved, let alone even heard:  Debtors' requested marketing process

27    is less than 30 days, which shows that it is either a sham process with almost certainty that no legitimate

28    bidders will materialize, or Debtors are rushing through the sales process without any other meaningful

bids (confirming Motorola's position in its motion to dismiss that no legitimate buyer will engage until the scope of injunctive relief is determined in the Illinois Trade Secret Case). Debtors' business is not a melting ice cube, aside from their own self-inflicted wounds (e.g., continuing to violate Motorola's intellectual property rights), and there is no urgency under the Stalking Horse APA ("Insider Bid Agreement") because any sale to the Hytera Insider need not close until October 4, 2020. Any supposed "prejudice" to Debtors of running a more reasonable-length process is thwarting their litigation strategy of attempting to ram through a "free and clear" asset sale before the Court can hear the entire record on the issues raised in Motorola's motion to dismiss and motion to lift the automatic stay.

Debtors' Sales Motion and corresponding proposed Asset Purchase Agreement only reinforce Motorola's positions in its motion to dismiss: Motorola's $765 million dollar judgment is the sole purpose for Debtors' bankruptcy filing; Debtors and their parent Hytera China's plan is to have an insider sale approved to create a judgment proof "new" "Hytera US" affiliate who will continue making illegal, infringing sales with impunity—presumably arguing that Motorola must file new lawsuits against that "new" entity and its "new" products, all to further delay, or completely avoid, paying Motorola a single dollar of the judgment entered by the U.S. District Court for the Northern District of Illinois. That plan—to use the bankruptcy courts to evade Motorola's judgment and launder Hytera's U.S. business before continuing with a newly-fashioned different-in-name-only successor— is "classic" bad faith. *See* Dkt. 111 at 2, 8, 11.[1] Accordingly, the Court should, at a minimum, delay Debtors' proposed Sale Hearing until resolution of—or at least until after the hearing—Motorola's earlier-filed motion to dismiss and motion for relief from the automatic stay. Motorola understands

---

[1] *See also In re Sunshine Grp., LLC*, No. 2:19-BK-12760-ER, 2020 WL 1846940, at *9 (B.A.P. 9th Cir. Apr. 10, 2020) (finding bankruptcy filed to avoid pending litigation by selling property at issue was in bad faith, and ordering dismissal); *see also In re Mense*, 509 B.R. 269, 279 (Bankr. C.D. Cal. 2014) (collecting cases and stating that "[t]he majority of bankruptcy courts tackling this issue have held that the filing of a chapter 11 petition as a litigation tactic to circumvent the requirement of an appeal bond in state court litigation is in bad faith."); *see also In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 128 (3d. Cir. 2004) ("[I]f there is a 'classic' bad faith petition, it may be one in which the petitioner's only goal is to use the automatic stay provision to avoid posting an appeal bond in another court.").

1    that Debtors presently seek no substantive relief (e.g., sale approval, or § 363(m) good faith finding),

2    and Motorola will timely raise its objections to any proposed "free and clear" sale approval.[2]

3    **II.    FACTUAL BACKGROUND[3]**

4    On July 14, 2020, Motorola filed a motion to dismiss and a motion lift the automatic stay, with

5    a noticed hearing date of August 20, 2020 at 2:00 pm.  Docket No. 111 (Motion to Dismiss Chapter

6    11 Case Pursuant to 11 U.S.C. § 1112 or Alternatively to Suspend Case Pending Resolution of District

7    Court Matters Pursuant to 11 U.S.C. § 305); Docket No. 112 (Motion for Relief from Automatic Stay

8    Under 11 U.S.C. § 362).[4]  Motorola filed its motions following various admissions by the Debtors at

9    the July 7, 2020 Creditors' § 341 Meeting, which confirmed Motorola's suspicions about the

10    legitimacy of this bankruptcy proceeding from the First Day Hearing.  Immediately after filing its

11    motions, Motorola served requests for document production and a notice of deposition pursuant to

12    Fed. R. Civ. P. 30(b)(6) on the Debtors.

13    On July 15, 2020, Debtors filed their instant Motion (Docket No. 118) setting the Bidding

14    Procedures Motion for hearing eight days later on July 23, 2020, and requesting that the Sales Hearing

15    be set for August 20, 2020 at 10:30 am, 3.5 hours earlier than Motorola's noticed hearing on its

16    Motions seeking dismissal and relief from the automatic stay.  Dkt. 118 at 10.

17    Debtors' motion included a bid in its proposed "Stalking Horse APA" asset purchase

18    agreement (the "Insider Bid Agreement") between Debtors and the Hytera Insider, Hytera US Inc., an

19    affiliate form in May 2020 under the same common corporate parent, Hytera Communications Corp.

20

21    [2] Notwithstanding the relief sought in this Opposition and proposed revised Bidding Procedures Order,
22    and any actions taken pursuant to such Opposition, nothing in this Order shall be deemed to prejudice
      Motorola Solutions, Inc.'s arguments in the pending *Motion to Dismiss Chapter 11 Case Pursuant to
      11 U.S.C. § 1112 or Alternatively to Suspend Case Pending Resolution of District Court Matters
23    Pursuant to 11 U.S.C. § 305* (Dkt. No. 111) and *Motion for Relief from Automatic Stay Under 11
      U.S.C. § 362* (Dkt No. 112).

24    [3] The Factual Background in Motorola's pending Motion to Dismiss (Dkt. 111) is relevant to this
25    instant motion, but is not repeated here to avoid unnecessary repetition.  *See* Dkt. 111-1 (Memo. ISO
      Mot. to Dismiss) at 3–8.

26    [4] Motorola originally filed its motion to dismiss, or alternatively, lift the automatic stay, on July 9,
27    2020 (Docket. No. 100) which was rejected on July 10, 2020 because an incorrect ECF docket event
      was used, and Motorola was unable to obtain a hearing date prior to filing.  *See* Docket No. 102.  The
      Notice rejecting Motorola's filing stated that the hearing on Motorola's motions may be set for August
28    20, 2020 at 2:00 pm.  *Id.*  Motorola subsequently re-filed its motions on July 14 with that hearing date.

LTD ("Hytera China").[5]  Dkt. 118 at 1; Dkt. 118 at Ex. B (Insider Bid Agreement).  The Stalking Horse APA was executed on July 15, 2020.  Dkt. 118, Ex. B at 1.  Under the Insider Bid Agreement, the Hytera Insider buyer agreed to wait up to 21 calendar days from signing on July 15, 2020 for entry of proposed bidding procedures (to August 5, 2020), and further agreed to wait 60 additional calendar days (until as late as October 4, 2020) following such sale order for closing.  Dkt. 118 at 5 (paragraph viii. "Timing/Closing").

The day after Debtors filed their Motion, on July 16, 2020, Motorola served requests for production of documents and a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) on Debtors regarding their Bidding Procedures and Sale motion.  Motorola additionally sent document and depositions subpoenas directed to Debtors' investment banker and the independent director (both of whom submitted declarations in support of Debtors' Motion (Dkt. Nos. 119, 120)) to Debtors' counsel, asking them to confirm acceptance of service.  Debtors' counsel from Steptoe & Johnson LLP accepted service of the subpoenas on Saturday, July 18, 2020.  In response to Motorola's subpoenas, over 37,000 pages of documents were produced over July 20 and 21, 2020, and the parties are working to schedule depositions and resolve discovery issues.

Key dates respecting the parties' motions and provisions of the Insider Bid Agreement are organized for the Court's convenience in the following chart:

| Event | Date / Time |
| --- | --- |
| Motorola Originally Filed Motion to Dismiss | July 9, 2020 (Dkt. 100) |
| Court Notice of Filing Error & providing Aug. 20, 2020 at 2:00 pm hearing for Motorola's Motion to Dismiss | July 10, 2020 (Dkt. 102) |
| Motorola Re-Filed Motion to Dismiss / Lift Stay (with noticed hearing date of Aug. 20, 2020 at 2:00 pm) | July 14, 2020 (Dkts. 111, 112) |

---

[5]  Hytera China was found by a Chicago jury to have maliciously stolen Motorola's trade secrets and copyrighted source code with two of the three debtors, Hytera Communications America (West), Inc. ("Hytera West") and debtor Hytera America, Inc. ("Hytera East") (collectively, the "Debtor Defendants").  Dkt. 111-1 at 4–5.

| Event | Date / Time |
|---|---|
| Motorola serves Document and Deposition Discovery on Debtors | July 15, 2020 |
| Debtors and Hytera US Inc. enter Insider Bid Agreement | July 15, 2020 (Dkt. 118, Ex. B at 1) |
| Debtors file motion re bidding procedures and proposed sale, setting Bidding Procedures Hearing for July 23 and Sales Hearing for August 20, 2020 at 10:30 a.m. | July 15, 2020 (Dkt. 118 at 10) |
| Motorola serves document and deposition discovery on debtors and asks Debtors' counsel to accept subpoenas to Debtors' bankers and the independent director | July 16, 2020 |
| Insider Bid Agreement deadline for entry of bidding procedures | August 5, 2020 (Dkt. 118 at 5) |
| Requested hearing on Debtors' Sale Motion | August 20 at 10:30 am (Dkt. 118 at 10) |
| Hearing on Motorola's Motion to Dismiss and Motion to Lift Automatic Stay | August 20 at 2:00 pm |
| Insider Bid Agreement APA closing deadline | October 4, 2020 (Dkt. 118 at 5) |

## III.    ARGUMENT

### A.    Any Sale Hearing Should Be Set For After The Hearing On Motorola's Motion To Dismiss, Within The Window Purchaser Agreed To Hold Its Bid Open

Motorola's motion to dismiss appropriately attacks the entire proprietary of these bankruptcy proceedings, and should be heard—if not resolved—before any motion regarding proposed "free and clear" asset sales under 11 U.S.C. § 363.  Motorola raised its concern with any possible insider sale from the outset of these proceedings at the First Day Hearing, after Debtors' suggestion that they may sell themselves *to their parent entity*, Hytera China (Dkt. 17, First Day Decl. at ¶ 7).  Hytera China, in connection with the two Debtor Defendants, maliciously stole Motorola's intellectual property, made ill-gotten billions of dollars on the backs of Motorola's engineers and Motorola's research and

1    development investments, and are profiting from that theft to this day.  *See generally* Dkt. 111. And

2    now Debtors have detailed, via the disclosed Insider Bid Agreement with the Hytera Insider, their

3    planned bad faith use of Chapter 11 to launder not only the Debtors' assets, but their entire business,

4    to avoid Motorola's judgment and continue their criminal enterprise (albeit under a slightly different

5    name).

6          Motorola's Motion to Dismiss and Motion for Relief from the Automatic Stay requires

7    resolving factual issues that overlap with, and are fatal to, Debtors' Sales Motion.  Specifically,

8    Motorola's Motion to Dismiss details a variety of conduct establishing that Debtors lacked a "good

9    faith" basis for filing bankruptcy, including for filing as a litigation tactic to avoid judgment and

10   posting a supersedeas bond in the Illinois Trade Secret Case, and for continuing to infringe and

11   misappropriate Motorola's intellectual property.  Dkt. 111-1 at 10–17.  The Debtors' conduct that

12   merits dismissal under 11 U.S.C. § 1112 for lack of "good faith" directly overlaps with the "heightened

13   scrutiny" analysis of proprietary of the proposed insider sale and "good faith" required under 11 U.S.C.

14   § 373(m), which Motorola will adamantly contest.  *See, e.g.*, *In re Roussos*, 541 B.R. 721, 730 (Bankr.

15   C.D. Cal. 2015) (finding insider sale was in bad faith, and noting that "insider sales are subject to

16   'heightened scrutiny to the fairness of the value provided by the sale and the good faith of the parties

17   in executing the transaction.'  This is because insiders 'usually have greater opportunities for . . .

18   inequitable conduct.'") (internal citations omitted); *In re Flour City Bagels, LLC*, 557 B.R. 53, 82

19   (Bankr. W.D.N.Y. 2016) (rejecting proposed "free and clear" sale of assets where prevailing bidder

20   "insider was both the buyer and the entity in complete control of the seller"); *In re Catalina Sea Ranch,

21   LLC*, No. 2:19-BK-24467-NB, 2020 WL 1900308 (Bankr. C.D. Cal. Apr. 13, 2020) ("Under

22   California law, the general rule [of no successor liability] . . . does not apply, . . . [where] (3) the

23   purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser

24   is for the fraudulent purpose of escaping liability for the seller's debts.'") (internal citations omitted).

25   Because Motorola's motion to dismiss is dispositive of all issues in these proceedings, particularly to

26   prevent a §363 sale where "good faith" is required, the Court should resolve it first.

27          The Court should also not countenance Debtors' attempts to deprive Motorola a fair and

28   reasonable opportunity to respond to both Debtors' Bidding Procedures Motion and Sales Motion.

1    Debtors' noticed this Bidding Procedures Motion on the minimum 7-days' notice permitted by the

2    Local Rules, and despite Motorola serving discovery the very next day, Debtors, their investment

3    bankers, and independent director produced over 37,000 pages of documents relating to these motions

4    in the day before Motorola's objections were due, and two days before this hearing.  As explained

5    below, neither Debtors nor the Hytera Insider have a legitimate time constraint justifying this pace,

6    which also all but guarantees a meaningless auction process.  Given the importance of these issues to

7    Motorola and its world-wide fight against Hytera China and the Debtor Defendants' unprecedented

8    industrial espionage (where Hytera seeks to use this Court as part of its evasive maneuvering), the

9    Court should resolve Motorola's first filed motion to dismiss.

10         There is also no prejudice to Debtors or their Insider Affiliate proposed buyer by hearing

11    Debtors' sales motion after resolving—or at least hearing—Motorola's Motion to Dismiss.  The

12    proposed buyer has already agreed in the executed Insider Bid Agreement to wait until August 5, 2020

13    for entry of bidding procedures, and agreed to wait until October 4, 2020 for any closing.  There is no

14    legitimate reason for Debtors to have noticed its Sales Motion on the current timeline other than to

15    attempt to get ahead of, and prejudice, Motorola's earlier-filed motions.  Simply put, the money and

16    motivation for this insider deal, all under the umbrella of Hytera China, is not going anywhere, and

17    there is no melting ice cube.  *See* Dkt. 111 at 15 ("It is also highly improbable, if not impossible, for

18    the Debtors to pursue an effective reorganization . . . until the scope of injunctive relief is

19    determined.").  Accordingly, (1) 30 days should be added to the marketing process, bid deadline, and

20    other sale-related dates—all within the Hytera Insider's agreement to keep its bid open—as shown in

21    the concurrently-submitted revised proposed order to give the sales process (currently less than 30

22    days) at least the appearance of a legitimate chance at success, and (2) Motorola's proposed other

23    modifications clarifying that the Hytera Insider will not receive preferential treatment over other

24    bidders should be adopted. [6]  Motorola provided its revised proposed order to Debtors' counsel, who

25    agreed with Motorola's proposed edits, excluding proposed date changes.

26

27    _____
      [6]  Motorola's additional proposed edits remove any language that propose to give the Hytera Insider
28    an advantage over other Qualified Bidders; and narrow the release language such that bidders are only
      released for claims related to their bids.

That said, Motorola's position is that the broadcasted intended sale to the Hytera Insider, combined with the uncertainty from Motorola's intellectual property claims and pending injunctive relief, establish that the sales process was set up to fail from the beginning.

**B.    Motorola Will Object To Sale, But Does Not Otherwise Object To Procedural Aspects Of The Bidding Procedures Motion**

Motorola's expectation is that the Debtors' proposed insider bidding and auction process with the Hytera Insider will not produce a legitimate proposed buyer offering a fair and reasonable price for the proposed asset transfer.  As previewed above, after Debtors, its investment bankers, the independent director, and Hytera Insider comply with Motorola's discovery requests and subpoenas, Motorola will timely object to the entirety of the proposed insider sale and Debtors' Sales Motion. Other than the timing of the Sales Motion hearing—which Motorola believes should occur after the earlier-filed Motion to Dismiss—and other modifications shown in the attached revised Bidding Procedures Order (and redline), Motorola does not otherwise object to the procedural aspects of the proposed bidding procedure, without prejudicing its argument that even the proposed bidding procedures evidence Debtors' bad faith requiring dismissal and requiring denial of the Sales Motion and its proposed insider sale.

## IV.    CONCLUSION

The Court should set any Sale Hearing to occur after resolution of Motorola's pending motion to dismiss and motion to lift stay as shown in the concurrently-filed revised proposed order, or at a minimum, until after the Court hears evidence and argument on and considers Motorola's motions.

DATED:  July 22, 2020

/s/ Mark McKane
Mark McKane, P.C.

Michael De Vries (State Bar No. 211001)
Christopher Lawless (State Bar No. 268952)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680 8500
Email: michael.devries@kirkland.com
      clawless@kirkland.com

Mark McKane, P.C. (State Bar No. 230552)
Adam R. Alper (State Bar No. 196834)
Brandon H. Brown (State Bar No. 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: MMcKane@kirkland.com
      aalper@kirkland.com
      bhbrown@kirkland.com

Chad J. Husnick (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: chusnick@kirkland.com

Attorneys for MOTOROLA SOLUTIONS, INC

**<u>Revised Bidding Procedures Order</u>**

1  Ira D. Kharasch (CA Bar No. 109084)
   John W. Lucas (CA Bar No. 271038)
2  Jason H. Rosell (CA Bar No. 269126)
   Victoria A. Newmark (CA Bar No. 183581)
3  PACHULSKI STANG ZIEH
   L & JONES LLP
4  10100 N. Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
5  Telephone:    (310) 277-6910
   Facsimile:    (310) 201-0760
6  E-mail:    ikharasch@pszjlaw.com
              jlucas@pszjlaw.com
7              jrosell@pszjlaw.com
              vnewmark@pszjlaw.com
8
   *Counsel to the Debtors and Debtors in Possession*
9

10                   **UNITED STATES BANKRUPTCY COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
                          **SANTA ANA DIVISION**

11  In re:                                Case No.  8:20-bk-11507-ES

12  HYTERA COMMUNICATIONS                 Chapter 11
    AMERICA (WEST), INC., *et al.*
13                                        Jointly Administered With Case Nos.:
                                          8:20-bk-11508-ES and 8:20-bk-11509-ES
                  Debtors and Debtors-in
14                Possession.

15  Affects:                              **ORDER (1) APPROVING BIDDING**
                                          **PROCEDURES, (2) APPROVING**
16  ☒  All Debtors                        **ASSUMPTION, ASSIGNMENT, AND SALE**
    ☐  HYTERA COMMUNICATIONS              **PROCEDURES AND RELATED NOTICES, (3)**
17  AMERICA (WEST), INC., ONLY            **SCHEDULING THE SALE HEARING, AND (4)**
    ☐  HYTERA AMERICA                     **GRANTING RELATED RELIEF**
18  INCORPORATED,  ONLY
    ☐  HYT NORTH AMERICA, INC.,  ONLY     Bidding Procedures Hearing:
19
20                                        Date:      July 23, 2020
                                          Time:      10:30 a.m. (Pacific Time)
21                                        Place:     Courtroom 5A
                                                     411 West Fourth Street
                                                     Santa Ana, CA  92701
22
23          The Court having considered the *Motion of the Debtors Requesting (A) the Scheduling of an*

24  *Auction and Sale Hearing in Connection with the Sale of the Specified Assets of the Debtors, (B)*

25  *Approval of Bidding Procedures for Such Assets, (C) Approval of Purchase Agreement with Stalking*

26  *Horse Bidder, (D) Approval of the Form and Scope of Notice of Auction and Sale Hearing,*

27  *(E) Approval of Procedures for the Assumption, Assignment and Sale of Contracts and Leases to the*

28

*Left margin (vertical):* PACHULSKI STANG ZIEHL & JONES LLP — ATTORNEYS AT LAW — LOS ANGELES, CALIFORNIA

*Purchaser, and (F) Approval of Sale of the Debtors' Assets to the Purchaser* (the "<u>Motion</u>")[1] filed by Hytera Communications America (West), Inc. ("<u>Hytera West</u>"), Hytera America Incorporated ("<u>Hytera East</u>"), and HYT North America, Inc. ("<u>HYT North America</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), the declarations of Craig Barbarosh and Eric Groman filed in support of the Motion, any responsive pleadings filed in connection with the Motion, the record in the above-captioned chapter 11 cases, and the representations of counsel at the hearing on the Motion held on July 23, 2020 at 10:30 a.m. (Pacific Time) (the "<u>Hearing</u>"); and the Court having determined that notice of the Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 105, 363, and 365 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1.  Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The relief granted herein is in the best interests of the Debtors, their estates, their stakeholders, and all other parties in interest.

C.    The notice of the Motion and the Hearing given by the Debtors constitutes due and sufficient notice thereof.

D.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the dates, deadlines and procedures set forth herein in respect of the sale of a majority of the Debtors' assets (the "<u>Bidding Procedures</u>"), (ii) approve the form and manner of notice of the Motion, the Auction, the Sale Hearing, and the assumption, assignment, and sale of the Contracts, and (iii) set the date of the Auction and the Sale Hearing.

E.    The Bidding Procedures are reasonable and appropriate and represent a fair and appropriate method for maximizing the realizable value of the Debtors' assets.

---

[1]    A capitalized term not defined in this Order shall have the meanings ascribed to it in the Stalking Horse APA.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as provided herein.

2.      Any objections filed in response to the Motion, to the extent not resolved as set forth herein or at the Hearing, are hereby overruled.

3.      The Debtors, in consultation with their investment banker, shall contact parties the Debtors believe may potentially be willing, qualified, and financially able to consummate a purchase of substantially all of the Debtors' assets.  The Debtors may distribute an information package to any such parties with such materials as the Debtors deem appropriate under the circumstances including, but not limited to, preliminary "teaser" information.

4.      Upon execution of a non-disclosure agreement in favor of the Debtors by any person identified by the Debtors, with the assistance of their financial advisor, as reasonably likely to be a Qualified Bidder (as defined below) that wishes to conduct due diligence regarding the Debtors or their assets with respect to a potential bid may be granted access to due diligence information.  For any person or entity that is a competitor of the Debtors or is affiliated with any competitor of the Debtors, the Debtors reserve the right to withhold or limit any diligence materials that the Debtors, in their discretion after consultation with the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), determine are business-sensitive or otherwise not appropriate for disclosure to such person or entity.

5.      The *Asset Purchase Agreement* (the "Initial APA" and the terms set forth therein, the "Initial Bid") dated as of July 15, 2020, attached as Exhibit B to the Motion, between the Debtors and Hytera US Inc. (the "Hytera US Bidder") is hereby deemed a "Qualified Bid" for purposes of the Bidding Procedures.

6.      Any prospective bidder, other than the Hytera US Bidder, (each a "Potential Bidder") that wishes to participate in the bidding process for the majority of the Debtors' assets must, no later than **September 15, 2020 at 4:00 p.m. (Pacific Time)** (the "Bid Deadline"):

          a.      Submit to the Debtors and Committee by email, and through their respective counsel, an offer in the form of an executed asset purchase agreement (including all exhibits and schedules thereto) (the "Modified Agreement") without financing or due diligence contingencies (unless consented to by the Debtors), at a price that conforms with the following Paragraph 6(b).  Such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

bid must be irrevocable through the Sale Hearing, unless the bid is selected as the Winning Bid or the Back-Up Bid (as such terms are defined below) at the Sale Hearing, in which case such bid shall be irrevocable through the closing of the sale to the Winning Bidder or Back-Up Bidder (as such terms are defined below), as the case may be, in accordance with the terms of the Modified Agreement. The Potential Bidder must also submit a "blacklined" or otherwise marked copy of the Modified Agreement reflecting the differences between the Modified Agreement and the Initial APA.

b.  Agree in such Modified Agreement to a purchase price that provides for the following: (i) assumption of all the Assumed Liabilities (as defined in section 1.3 of the Initial APA) except as set forth in section 1.4 of the Initial APA; and (ii) payment in cash at closing in an initial minimum amount equal to the sum of at least $250,000 more than the Purchase Price. Alternatively, a Qualified Bidder may submit a Modified Agreement for some or all of the Purchased Assets under the Initial APA and the Debtors, along with their advisors, and in consultation with the Committee, will consider and determine whether or not such Qualified Bid is higher and better than the Initial Bid.

c.  Make a good faith cash deposit in the form of a cashier's check or wire transfer, in an amount not less than 10% of the Purchase Price (the "Bid Deposit") into a segregated account (the "Segregated Account") that shall be opened by the Debtors' counsel for this purpose. The Bid Deposit shall immediately become non-refundable (subject to the next sentence and the terms of the Modified Agreement), and will be credited toward the purchase consideration if and when the transaction with the Potential Bidder making such deposit is approved by the Court as the winning bid (the "Winning Bid" and the "Winning Bidder") at the Sale Hearing and such transaction is closed in accordance with the terms of the Modified Agreement. If a Potential Bidder's bid is not designated as a Qualified Bid (as defined below), or such bid is not approved as the Winning Bid or the Back-Up Bid at the Sale Hearing, the Bid Deposit of such bidder, plus accrued interest, if any, will be returned to such bidder within three (3) business days after the conclusion of the Sale Hearing.

d.  Provide written evidence reasonably satisfactory to the Debtors and the Committee of (A) its financial ability to (i) fully and timely perform all obligations under the Modified Agreement if it is declared to be the Winning Bidder, and (ii) provide Adequate Assurance Information (defined below) for all contracts and leases to be assigned to it and (B) its qualification to own the assets and operate the businesses that are the subject of the Modified Agreement in compliance with all applicable federal, state and local laws, which information in the foregoing items (A) and (B) shall be provided by the Debtors, within one (1) business day after the Debtors' receipt of such information, to the contract counterparties, and to the extent that any such information is designated as confidential by the Potential Bidder, then any contract counterparty receiving such information shall maintain the confidentiality of such information.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

e.   The Adequate Assurance Information shall include the information required under section 365 of the Bankruptcy Code, including the exact legal name of the Potential Bidder and any entities that may provide guaranties or other security in connection with the acquisition of the Debtors' assets (collectively, the "Adequate Assurance Information").

f.   Disclose any connections or agreements with the Debtors, the Hytera US Bidder, any other known Potential Bidder or Qualified Bidder (as defined below), and/or any officer, director or direct or indirect equity security holder of the Debtors.

7.    If a Potential Bidder complies with all the requirements described in paragraph 6 above (including the Bid Deposit) by the Bid Deadline, the Debtors, in consultation with the Committee, will determine whether (i) the Potential Bidder has demonstrated the legal qualification and financial ability to consummate the proposed transaction, (ii) is reasonably likely to be able to and willing to consummate the contemplated transactions, and (iii) has otherwise satisfied all of the requirements described in paragraph 6, above.  If so, the Debtors shall designate the Potential Bidder as a "Qualified Bidder" and such bid as a "Qualified Bid."  The Debtors shall provide the applicable counterparties subject to the Cure Notice with the Qualified Bidder(s)' Adequate Assurance Information with twenty-four (24) hours after such bidder's qualification to the extent such information was not already provided by the Debtors and any counterparties receiving such information shall maintain its confidentiality in accordance with Paragraph 6(d) herein.  For the avoidance of doubt, the Hytera US Bidder is deemed to be a Qualified Bidder and the Initial Bid is deemed to be a Qualified Bid for all purposes.

8.    If the Debtors receive at least one (1) Qualified Bid from a Qualified Bidder (other than the Hytera US Bidder) prior to the Bid Deadline, then the Debtors shall notify each other Qualified Bidder that the Debtors intend to conduct an auction (the "Auction"), subject to reasonable rules and procedures as may be established by the Debtors, consistent with this Order and in consultation with the Committee.  The Auction to determine the successful bidder for the Purchased Assets shall be held on **September 18, 2020 at 3:00 p.m. (Pacific Time)** at the offices of counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, or such other place (including by video conference) and time designated by the Debtors with prior notice to all Qualified Bidders.  Each bidder participating at the Auction will

be required to confirm that (i) it has not engaged in any collusion with respect to the bidding or the sale and (ii) its Qualified Bid does not contain any financing or due diligence contingencies (unless consented to by the Debtors).  The Auction will be conducted openly, will be videotaped or transcribed, and the Committee, any Qualified Bidders, and each of their respective advisors, will be permitted to attend.  The Debtors shall file a notice announcing the results of the Auction and the identity of the proposed Winning Bidder and the Back-Up Bidder on the Court's docket as soon as practicable after conclusion of the Auction.

9.    Only Qualified Bidders may bid at the Auction.  Copies of all Qualified Bids shall be provided to the Committee and each other Qualified Bidder by no later than one (1) business day prior to the Auction.  At the commencement of the Auction, the Debtors shall identify the bid that they have determined (after consultation with the Committee) to be the highest and/or best offer and shall permit Qualified Bidders to submit higher and/or better bids.  Each subsequent bid must exceed the amount of the preceding bid by not less than $100,000 and shall not be modified in a manner that causes it no longer to be a Qualified Bid.

10.    The Debtors, subject to the terms of this Order and the oversight and approval of the Court, and in consultation with the Committee, shall supervise the bidding process and conduct the Auction in such a manner as to provide Qualified Bidders a full, fair, and equal opportunity to participate in the Auction.  The Debtors, in consultation with their investment banker, counsel, and the Committee, shall determine which Qualified Bid is to be recommended to the Court for approval as the highest and/or best bid.  The Debtors shall request at the Sale Hearing that the Court authorize the Debtors to consummate the Sale Transaction to such proposed Winning Bidder.

11.    If the Debtors do not receive at least one (1) Qualified Bid from a Qualified Bidder other than the Hytera US Bidder, then no Auction shall be scheduled or conducted, and the Court at the Sale Hearing shall solely consider the approval of the Sale Transaction to the Hytera US Bidder as set forth in the Initial APA.

12.    The Court shall hold a hearing on **September 22, 2020 at 10:30 a.m. (Pacific Time)** (the "Sale Hearing") to consider the approval of the Sale Transaction as set forth in the Motion,

approve the Winning Bidder, approve the Back-Up Bidder, if necessary, and confirm the results of the Auction, if applicable.

13.    Upon approval by the Court of a Winning Bidder other than the Hytera US Bidder, the Bid Deposit of such Winning Bidder shall become non-refundable if the Modified Agreement of such Winning Bidder is thereafter terminated by the Debtors as a result of a breach by the Winning Bidder of its obligations thereunder.  If the Back-Up Bidder is a Qualified Bidder, then the Bid Deposit of the Back-Up Bidder shall remain on deposit in the Segregated Account pending the Closing Date (as defined below), and such deposit shall become non-refundable if the Back-Up Bidder becomes the proposed Winning Bidder and its Modified Agreement is thereafter terminated by the Debtors as a result of a breach by such Back-Up Bidder.  If a dispute arises over whether a Bid Deposit is refundable or non-refundable, the Bid Deposit shall remain in the Segregated Account pending a determination of the dispute by the Court or written agreement of the parties.

14.    If the Hytera US Bidder becomes the Winning Bidder, but the Initial APA is terminated pursuant to its terms by the Debtors as a result of a breach by the Hytera US Bidder of its obligations thereunder, the Hytera US Bidder shall forfeit the Buyer Deposit (as defined in the Initial APA).  If a Qualified Bidder other than the Hytera US Bidder becomes the proposed Winning Bidder, but the Modified Agreement of such bidder is terminated pursuant to its terms by the Debtors as a result of a breach by the proposed Winning Bidder of any of its obligations thereunder, such bidder shall forfeit its Bid Deposit.  In either case, the forfeiture of the Buyer Deposit or the Bid Deposit, as the case may be, shall constitute liquidated damages and the Debtors and their estates shall retain no other rights, remedies, claims, counterclaims, and defenses against the Hytera US Bidder or such other Qualified Bidder, as applicable, with respect to such bid.

15.    If Qualified Bids have been submitted by more than one Qualified Bidder, the Qualified Bidder that makes the next-highest and/or best Qualified Bid to that of the proposed Winning Bidder shall become the back-up bidder (the "Back-Up Bidder") and such Back-Up Bidder's final and highest and/or best Qualified Bid (the "Back-Up Bid") shall remain open and irrevocable in accordance with the terms of the Initial APA or the Modified Agreement, as applicable, pending the closing of the Winning Bid (the "Closing Date").  If the transaction with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Winning Bidder does not close prior to the Closing Date (as such date may be extended pursuant to paragraph 16, below), then the Back-Up Bid shall upon notice to the Back-Up Bidder by the Debtors (after consultation with the Committee) be deemed the Winning Bid without further order of the Court, and the Back-Up Bidder shall be required to consummate the transaction in accordance with the Initial APA or Modified Agreement, as applicable.  If the Hytera US Bidder is not the Winning Bidder or the Back-Up Bidder, the Hytera US Bidder shall nonetheless have the right, but not the obligation, to keep its bid open pending the Closing Date.

16.    The Debtors, in consultation with the Committee, may grant any proposed Winning Bidder additional time to perform and, to the extent necessary, extend the Closing Date.

17.    Objections to the Sale Transaction, if any, shall be in writing and shall be filed and served by email so as to be actually received by the Court and the following parties (the "Objection Recipients") on or before **September 14, 2020 at 4:00 p.m. (Pacific Time)**, provided, however, that to the extent the proposed Winning Bidder at the Auction is a bidder other than the Stalking Horse Bidder, any supplemental or further objections to the sale to the proposed Winning Bidder based solely on such alternative Winning Bidder's adequate assurance of future performance shall be filed by no later than **September 21, 2020 at 4:00 (Pacific Time)** (the "Objection Deadlines"):  (a) the Debtors, 8 Whatney, Unit 200, Irvine, CA 92618, Attn: Grace Wang (grace.wang@hytera.us); (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: John W. Lucas (jlucas@pszjlaw.com); (c) counsel to the Committee, Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067, Attn:  David L. Neale (dln@lnbyb.com); (d) the U.S. Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701, Attn: Michael J. Hauser (michael.hauser@usdoj.com); (e) counsel to the Stalking Horse Bidder, Cohen & Gresser LLP, 800 Third Avenue, 21st Floor, New York, NY 10022, Attn: Daniel H. Tabak (dtabak@cohengresser.com); and (f) any other party that has requested noticed in these cases.  The Debtors or any other party in interest may file a reply in support of the Sale Transaction by no later than **September 21, 2020 at 12:00 p.m. (Pacific Time)**, provided that any reply to an objection with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

respect to an alternative Winning Bidder's adequate assurance of future performance may be presented orally to the Court at the Sale Hearing.

18.    Notice of (a) the Motion, (b) the Bidding Procedures, (c) the Auction, (d) the Objection Deadlines, (e) the Sale Hearing, and (f) the proposed assumption, assignment, and sale of the Contracts to the Winning Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

a.    Sale Notice.  Within three (3) business days after entry of this Order, the Debtors shall provide notice, in substantially the form attached as Exhibit D to the Motion (the "Sale Notice"), of this Order, the Motion, the Auction, the Objection Deadlines, and the Sale Hearing by email if known, otherwise by first-class mail, upon (a) all persons and entities known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Debtors' assets or any portion thereof during the past three months; (b) all persons known by the Debtors to have asserted any interest in any of the Debtors' material assets; (c) all persons known by the Debtors to be counterparties to the Debtors' executory contracts and unexpired leases; (d) the United States Trustee; (e) the Committee and its counsel; (f) any Governmental Body known to have a claim in these chapter 11 cases; (g) all other known creditors and equity security holders of the Debtors; (h) all persons that have requested special notice in the Bankruptcy Cases; and (i) all other persons as directed by the Court.

b.    Cure Notice.

i.    Within three (3) business days after entry of this Order, the Debtors shall file with the Court and serve via email if known, otherwise by first class mail, on all persons known by the Debtors to be a counterparty to an executory contract or unexpired lease, a notice of assumption, assignment, sale, and cure substantially in the form attached as Exhibit E to the Motion (the "Cure Notice").  The Cure Notice shall include (a) a statement that the contracts listed therein may be treated as "Purchased Contracts" under the Initial APA (or Modified Agreement), (b) a statement that certain of the contracts listed therein may be removed from the assumption list prior to the Closing Date under the Initial APA (or Modified Agreement) and thereafter rejected or assumed, assigned, and sold at a date subsequent to the Closing Date; provided that, absent consent of an

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

applicable contract or lease party, (c) the Debtors' calculation of the amount necessary, if any, to cure any and all defaults under the Contracts and compensate the counterparties thereto for pecuniary loss in respect of any such default(s) (the "Cure Amount") as a condition to the assumption, assignment and sale of such Contract under Bankruptcy Code sections 363 and 365, and (d) evidence of the Hytera US Bidder's ability to provide adequate assurance of future performance of such executory contracts or unexpired leases.

ii.    Any subsequent Cure Notice that identifies a Contract that was not previously identified as being subject to assumption, assignment, and sale under the Initial APA (or Modified Agreement) or that reduces the Debtors' calculation of the Cure Amount (an "Amended Cure Notice") shall provide a deadline of not less than seven (7) calendar days from the date of service of such Amended Cure Notice by which the counterparty to any modification may object to (a) the assumption, assignment, and sale of such Contract pursuant to the Initial APA (or Modified Agreement); (b) the Debtors' calculation of the Cure Amount for such contract; and (c) Adequate Assurance Information, if such contract was not previously identified as being subject to assumption, assignment and sale.

iii.    The Cure Notice and any Amended Cure Notice will be filed with the Court.

iv.    The Debtors reserve the right to (i) provide Amended Cure Notices up to the Closing of the Initial APA (or Modified Agreement); (ii) remove a contract from the list of Purchased Contracts at any time prior to the Closing of the Initial APA (or Modified Agreement), for any reason; and (iii) remove a contract from the list of Purchased Contracts after the closing of the Initial APA (or Modified Agreement), if the Court determines after such Closing that the Cure Amount for such contract is in excess of the amount set forth on Exhibit 1 to the Cure Notice.  The removal of any such contract shall not reduce the purchase price to be paid by the Winning Bidder, unless consented to by the Debtors.

v.    Any counterparty to a Contract must file and serve by email on the Objection Recipients any objections to (a) the proposed assumption, assignment, and sale of its contract to the Winning Bidder (and must state in its objection, with specificity, the legal and factual

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

basis of its objection) and (b) if applicable, the proposed Cure Amount (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), no later than **September 14, 2020 at 4:00 p.m. (Pacific Time)** and the Debtors or any other party in interest may file a reply to any such objection by no later than **September 21, 2020 at 12:00 p.m. (Pacific Time)**; provided, however, that to the extent the Winning Bidder is an entity other than the Hytera US Bidder, any supplemental or further objections to the assumption, assignment, and sale of a contract to the Winning Bidder by a counterparty to such contract, based solely on the ability of the Winning Bidder(s) and/or Backup Bidder(s) ability to provide adequate assurance of future performance shall be filed no later than **September 21, 2020 at 4:00 p.m. (Pacific Time)** and the Debtors or any other party in interest may present orally a reply to any such objection at the Sale Hearing; provided further that the deadline to object to an Amended Cure Notice shall be no earlier than seven (7) calendar days after the date of service of such Amended Cure Notice.  If no objection is timely filed and served, (x) the counterparty to a contract shall be deemed to have consented to the assumption, assignment and sale of the contract to the Winning Bidder and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, and (y) the Cure Amount set forth in the Cure Notice (or Amended Cure Notice) shall be controlling, notwithstanding anything to the contrary in any contract, or any other document, and the counterparty to the contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such contract against the Debtors or the Winning Bidder, or the property of any of them.

vi.    If the Winning Bidder or the Back-Up Bidder at the Auction is not the Stalking Horse Bidder, then within one (1) business day after the Auction, the Debtors shall file and serve on each counterparty to the contracts, a supplemental Cure Notice identifying the Winning Bidder and Back-Up Bidder (if applicable) and providing information regarding the Winning Bidder's and Back-Up Bidder's (if applicable) Adequate Assurance Information.

19.    A list of all contracts assumed, assigned, and sold to the Winning Bidder as "Purchased Contracts" under the Initial APA (or Modified Agreement) shall be filed with the Court no later than five (5) business days following the Closing Date.

1    20.    The Debtors shall have the discretion, in consultation with the Committee and its

2    advisors, to modify, supplement, amend, or waive the procedures set forth herein if necessary to

3    maximize the value of the estates and otherwise comply with the Debtors' fiduciary obligations.

4    21.    Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the

5    terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6    22.    This Court shall retain jurisdiction and power to enforce and interpret the provisions

7    of this Order.

8    23.    Notwithstanding the relief granted in this Order and any actions taken pursuant to

9    such relief, nothing in this Order shall be deemed to prejudice Motorola Solutions, Inc.'s arguments

10   in the pending *Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112 or Alternatively to*

11   *Suspend Case Pending Resolution of District Court Matters Pursuant to 11 U.S.C. § 305* [Docket

12   No. 111] and *Motion for Relief from Automatic Stay Under 11 U.S.C. § 362* [Docket No. 112].

13   # # #

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**<u>Redline</u>**

1    Ira D. Kharasch (CA Bar No. 109084)
     John W. Lucas (CA Bar No. 271038)
2    Jason H. Rosell (CA Bar No. 269126)
     Victoria A. Newmark (CA Bar No. 183581)
3    PACHULSKI STANG ~~ZIEHL~~ ZIEH
     L & JONES LLP
4    10100 N. Santa Monica Blvd., 13th Floor
     Los Angeles, California 90067
5    Telephone:    (310) 277-6910
     Facsimile:    (310) 201-0760
6    E-mail:    ikharasch@pszjlaw.com
               jlucas@pszjlaw.com
7              jrosell@pszjlaw.com
               vnewmark@pszjlaw.com
8
     *Counsel to the Debtors and Debtors in Possession*
9
                  **UNITED STATES BANKRUPTCY COURT**
10                **CENTRAL DISTRICT OF CALIFORNIA**
                       **SANTA ANA DIVISION**
11   In re:                          Case No.  8:20-bk-11507-ES

12   HYTERA COMMUNICATIONS           Chapter 11
     AMERICA (WEST), INC., *et al.*
13                                   Jointly Administered With Case Nos.:
                                     8:20-bk-11508-ES and 8:20-bk-11509-ES
              Debtors and Debtors-in
14            Possession.

15   Affects:                        **ORDER (1) APPROVING BIDDING
                                     PROCEDURES, (2) APPROVING
16   ☒  All Debtors                  ASSUMPTION, ASSIGNMENT, AND SALE
     ☐  HYTERA COMMUNICATIONS        PROCEDURES AND RELATED NOTICES, (3)
17   AMERICA (WEST), INC., ONLY      SCHEDULING THE SALE HEARING, AND (4)
     ☐  HYTERA AMERICA               GRANTING RELATED RELIEF**
18   INCORPORATED,  ONLY
     ☐  HYT NORTH AMERICA, INC.,  ONLY   Bidding Procedures Hearing:
19
                                     Date:    July 23, 2020
20                                   Time:    10:30 a.m. (Pacific Time)
                                     Place:   Courtroom 5A
21                                            411 West Fourth Street
                                              Santa Ana, CA  92701
22

23          The Court having considered the *Motion of the Debtors Requesting (A) the Scheduling of an*

24   *Auction and Sale Hearing in Connection with the Sale of the Specified Assets of the Debtors, (B)*

25   *Approval of Bidding Procedures for Such Assets, (C) Approval of Purchase Agreement with Stalking*

26   *Horse Bidder, (D) Approval of the Form and Scope of Notice of Auction and Sale Hearing,*

27   *(E) Approval of Procedures for the Assumption, Assignment and Sale of Contracts and Leases to the*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Purchaser, and (F) Approval of Sale of the Debtors' Assets to the Purchaser* (the "Motion")[1] filed by Hytera Communications America (West), Inc. ("Hytera West"), Hytera America Incorporated ("Hytera East"), and HYT North America, Inc. ("HYT North America"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the declarations of Craig Barbarosh and Eric Groman filed in support of the Motion, any responsive pleadings filed in connection with the Motion, the record in the above-captioned chapter 11 cases, and the representations of counsel at the hearing on the Motion held on July 23, 2020 at 10:30 a.m. (Pacific Time) (the "Hearing"); and the Court having determined that notice of the Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 105, 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1.  Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The relief granted herein is in the best interests of the Debtors, their estates, their stakeholders, and all other parties in interest.

C.    The notice of the Motion and the Hearing given by the Debtors constitutes due and sufficient notice thereof.

D.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the dates, deadlines and procedures set forth herein in respect of the sale of a majority of the Debtors' assets (the "Bidding Procedures"), (ii) approve the form and manner of notice of the Motion, the Auction, the Sale Hearing, and the assumption, assignment, and sale of the Contracts, and (iii) set the date of the Auction and the Sale Hearing.

E.    The Bidding Procedures are reasonable and appropriate and represent a fair and appropriate method for maximizing the realizable value of the Debtors' assets.

---

[1]    A capitalized term not defined in this Order shall have the meanings ascribed to it in the Stalking Horse APA.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as provided herein.

2.    Any objections filed in response to the Motion, to the extent not resolved as set forth herein or at the Hearing, are hereby overruled.

3.    The Debtors, in consultation with their investment banker, shall contact parties the Debtors believe may potentially be willing, qualified, and financially able to consummate a purchase of substantially all of the Debtors' assets.  The Debtors may distribute an information package to any such parties with such materials as the Debtors deem appropriate under the circumstances including, but not limited to, preliminary "teaser" information.

4.    Upon execution of a non-disclosure agreement in favor of the Debtors by any person identified by the Debtors, with the assistance of their financial advisor, as reasonably likely to be a Qualified Bidder (as defined below) that wishes to conduct due diligence regarding the Debtors or their assets with respect to a potential bid may be granted access to due diligence information.  For any person or entity that is a competitor of the Debtors or is affiliated with any competitor of the Debtors, the Debtors reserve the right to withhold or limit any diligence materials that the Debtors, in their discretion after consultation with the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), determine are business-sensitive or otherwise not appropriate for disclosure to such person or entity.

5.    The *Asset Purchase Agreement* (the "Initial APA" and the terms set forth therein, the "Initial Bid") dated as of July 15, 2020, attached as Exhibit B to the Motion, between the Debtors and Hytera US Inc. (the "Hytera US Bidder") is hereby deemed a "Qualified Bid" for purposes of the Bidding Procedures.

6.    Any prospective bidder, other than the Hytera US Bidder, (each a "Potential Bidder") that wishes to participate in the bidding process for the majority of the Debtors' assets must, no later than ~~August 14~~September 15, 2020 at 4:00 p.m. **(Pacific Time)** (the "Bid Deadline"):

     a.    Submit to the Debtors and Committee by email, and through their respective counsel, an offer in the form of an executed asset purchase agreement (including all exhibits and schedules thereto) (the "Modified Agreement") without financing or due diligence contingencies (unless consented to by the Debtors), at a price that conforms with the following Paragraph 6(b).  Such bid must be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

irrevocable through the Sale Hearing, unless the bid is selected as the Winning Bid or the Back-Up Bid (as such terms are defined below) at the Sale Hearing, in which case such bid shall be irrevocable through the closing of the sale to the Winning Bidder or Back-Up Bidder (as such terms are defined below), as the case may be, in accordance with the terms of the Modified Agreement. The Potential Bidder must also submit a "blacklined" or otherwise marked copy of the Modified Agreement reflecting the differences between the Modified Agreement and the Initial APA.

b.   Agree in such Modified Agreement to a purchase price that provides for the following: (i) assumption of all the Assumed Liabilities (as defined in section 1.3 of the Initial APA) except as set forth in section 1.4 of the Initial APA; and (ii) payment in cash at closing in an initial minimum amount equal to the sum of at least $250,000 more than the Purchase Price. Alternatively, a Qualified Bidder may submit a Modified Agreement for some or all of the Purchased Assets under the Initial APA and the Debtors, along with their advisors, and in consultation with the Committee, will consider and determine whether or not such Qualified Bid is higher and better than the Initial Bid.

c.   Make a good faith cash deposit in the form of a cashier's check or wire transfer, in an amount not less than 10% of the Purchase Price (the "Bid Deposit") into a segregated account (the "Segregated Account") that shall be opened by the Debtors' counsel for this purpose. The Bid Deposit shall immediately become non-refundable (subject to the next sentence and the terms of the Modified Agreement), and will be credited toward the purchase consideration if and when the transaction with the Potential Bidder making such deposit is approved by the Court as the winning bid (the "Winning Bid" and the "Winning Bidder") at the Sale Hearing and such transaction is closed in accordance with the terms of the Modified Agreement. If a Potential Bidder's bid is not designated as a Qualified Bid (as defined below), or such bid is not approved as the Winning Bid or the Back-Up Bid at the Sale Hearing, the Bid Deposit of such bidder, plus accrued interest, if any, will be returned to such bidder within three (3) business days after the conclusion of the Sale Hearing.

d.   Provide written evidence reasonably satisfactory to the Debtors and the Committee of (A) its financial ability to (i) fully and timely perform all obligations under the Modified Agreement if it is declared to be the Winning Bidder, and (ii) provide Adequate Assurance Information (defined below) for all contracts and leases to be assigned to it and (B) its qualification to own the assets and operate the businesses that are the subject of the Modified Agreement in compliance with all applicable federal, state and local laws, which information in the foregoing items (A) and (B) shall be provided by the Debtors, within one (1) business day after the Debtors' receipt of such information, to the contract counterparties, and to the extent that any such information is designated as confidential by the Potential Bidder, then any contract counterparty receiving such information shall maintain the confidentiality of such information.

e.     The Adequate Assurance Information shall include the information required under section 365 of the Bankruptcy Code, including the exact legal name of the Potential Bidder and any entities that may provide guaranties or other security in connection with the acquisition of the Debtors' assets (collectively, the "Adequate Assurance Information").

f.     Disclose any connections or agreements with the Debtors, the Hytera US Bidder, any other known Potential Bidder or Qualified Bidder (as defined below), and/or any officer, director or direct or indirect equity security holder of the Debtors.

7.     If a Potential Bidder complies with all the requirements described in paragraph 6 above (including the Bid Deposit) by the Bid Deadline, the Debtors, in consultation with the Committee, will determine whether (i) the Potential Bidder has demonstrated the legal qualification and financial ability to consummate the proposed transaction, (ii) is reasonably likely to be able to and willing to consummate the contemplated transactions, and (iii) has otherwise satisfied all of the requirements described in paragraph 6, above.  If so, the Debtors shall designate the Potential Bidder as a "Qualified Bidder" and such bid as a "Qualified Bid."  The Debtors shall provide the applicable counterparties subject to the Cure Notice with the Qualified Bidder(s)' Adequate Assurance Information with twenty-four (24) hours after such bidder's qualification to the extent such information was not already provided by the Debtors and any counterparties receiving such information shall maintain its confidentiality in accordance with Paragraph 6(d) herein.  For the avoidance of doubt, the Hytera US Bidder is deemed to be a Qualified Bidder and the Initial Bid is deemed to be a Qualified Bid for all purposes.

8.     If the Debtors receive at least one (1) Qualified Bid from a Qualified Bidder (other than the Hytera US Bidder) prior to the Bid Deadline, then the Debtors shall notify each other Qualified Bidder that the Debtors intend to conduct an auction (the "Auction"), subject to reasonable rules and procedures as may be established by the Debtors, consistent with this Order and in consultation with the Committee.  The Auction to determine the successful bidder for the Purchased Assets shall be held on ~~August~~September 18, 2020 at 3:00 p.m. (Pacific Time) at the offices of counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, or such other place (including by video conference) and time designated by the Debtors with prior notice to all Qualified Bidders.  Each bidder participating at the Auction will be required to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

confirm that (i) it has not engaged in any collusion with respect to the bidding or the sale and (ii) its Qualified Bid does not contain any financing or due diligence contingencies (unless consented to by the Debtors).  The Auction will be conducted openly, will be videotaped or transcribed, and the Committee, any Qualified Bidders, and each of their respective advisors, will be permitted to attend. The Debtors shall file a notice announcing the results of the Auction and the identity of the proposed Winning Bidder and the Back-Up Bidder on the Court's docket as soon as practicable after conclusion of the Auction.

9.      Only Qualified Bidders may bid at the Auction.  Copies of all Qualified Bids shall be provided to the Committee and each other Qualified Bidder by no later than one (1) business day prior to the Auction.  At the commencement of the Auction, the Debtors shall identify the bid that they have determined (after consultation with the Committee) to be the highest and/or best offer and shall permit Qualified Bidders to submit higher and/or better bids.  Each subsequent bid must exceed the amount of the preceding bid by not less than $100,000 and shall not be modified in a manner that causes it no longer to be a Qualified Bid.

10.     The Debtors, subject to the terms of this Order and the oversight and approval of the Court, and in consultation with the Committee, shall supervise the bidding process and conduct the Auction in such a manner as to provide Qualified Bidders a full, fair, and equal opportunity to participate in the Auction.  The Debtors, in consultation with their investment banker, counsel, and the Committee, shall determine which Qualified Bid is to be recommended to the Court for approval as the highest and/or best bid.  The Debtors shall request at the Sale Hearing that the Court authorize the Debtors to consummate the Sale Transaction to such proposed Winning Bidder.

11.     If the Debtors do not receive at least one (1) Qualified Bid from a Qualified Bidder other than the Hytera US Bidder, then no Auction shall be scheduled or conducted, and the Court at the Sale Hearing shall solely consider the approval of the Sale Transaction to the Hytera US Bidder as set forth in the Initial APA~~; the Court shall not consider any competing or alternative offers or proposals to purchase any of the Debtors' assets (unless consented to by the Debtors), nor shall the Court consider any objections to the Motion that are based on the existence or potential for other or different offers or proposals to purchase the Debtors' assets~~.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12.    The Court shall hold a hearing on ~~August 20~~September 22, **2020 at 10:30 a.m. (Pacific Time)** (the "Sale Hearing") to consider the approval of the Sale Transaction as set forth in the Motion, approve the Winning Bidder, approve the Back-Up Bidder, if necessary, and confirm the results of the Auction, if applicable.

13.    Upon approval by the Court of a Winning Bidder other than the Hytera US Bidder, the Bid Deposit of such Winning Bidder shall become non-refundable if the Modified Agreement of such Winning Bidder is thereafter terminated by the Debtors as a result of a breach by the Winning Bidder of its obligations thereunder.  If the Back-Up Bidder is a Qualified ~~Bidder other than the Hytera US~~ Bidder, then the Bid Deposit of the Back-Up Bidder shall remain on deposit in the Segregated Account pending the Closing Date (as defined below), and such deposit shall become non-refundable if the Back-Up Bidder becomes the proposed Winning Bidder and its Modified Agreement is thereafter terminated by the Debtors as a result of a breach by such Back-Up Bidder.  If a dispute arises over whether a Bid Deposit is refundable or non-refundable, the Bid Deposit shall remain in the Segregated Account pending a determination of the dispute by the Court or written agreement of the parties.

14.    If the Hytera US Bidder becomes the Winning Bidder, but the Initial APA is terminated pursuant to its terms by the Debtors as a result of a breach by the Hytera US Bidder of its obligations thereunder, the Hytera US Bidder shall forfeit the Buyer Deposit (as defined in the Initial APA).  If a Qualified Bidder other than the Hytera US Bidder becomes the proposed Winning Bidder, but the Modified Agreement of such bidder is terminated pursuant to its terms by the Debtors as a result of a breach by the proposed Winning Bidder of any of its obligations thereunder, such bidder shall forfeit its Bid Deposit.  In either case, the forfeiture of the Buyer Deposit or the Bid Deposit, as the case may be, shall constitute liquidated damages and the Debtors and their estates shall retain no other rights, remedies, claims, counterclaims, and defenses against the Hytera US Bidder or such other Qualified Bidder, as applicable, with respect to such bid.

15.    If Qualified Bids have been submitted by more than one Qualified Bidder, the Qualified Bidder that makes the next-highest and/or best Qualified Bid to that of the proposed Winning Bidder shall become the back-up bidder (the "Back-Up Bidder") and such Back-Up Bidder's final and highest and/or best Qualified Bid (the "Back-Up Bid") shall remain open and irrevocable in accordance with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the terms of the Initial APA or the Modified Agreement, as applicable, pending the closing of the

2  Winning Bid (the "Closing Date").  ~~If a bid of the Hytera US Bidder is the next-highest and/or best~~

3  ~~bid to that of the proposed Winning Bidder, then the Hytera US Bidder shall have the option, but not~~

4  ~~the obligation, to have the Initial Bid treated as the Back-Up Bid.~~  If the transaction with the Winning

5  Bidder does not close prior to the Closing Date (as such date may be extended pursuant to paragraph

6  16, below), then the Back-Up Bid shall upon notice to the Back-Up Bidder by the Debtors (after

7  consultation with the Committee) be deemed the Winning Bid without further order of the Court, and

8  the Back-Up Bidder shall be required to consummate the transaction in accordance with the Initial

9  APA or Modified Agreement, as applicable.  If the Hytera US Bidder is not the Winning Bidder or the

10  Back-Up Bidder, the Hytera US Bidder shall nonetheless have the right, but not the obligation, to keep

11  its bid open pending the Closing Date.

12      16.     The Debtors, in consultation with the Committee, may grant any proposed Winning

13  Bidder additional time to perform and, to the extent necessary, extend the Closing Date.

14      17.     Objections to the Sale Transaction, if any, shall be in writing and shall be filed and

15  served by email so as to be actually received by the Court and the following parties (the "Objection

16  Recipients") on or before ~~August 13~~September 14, 2020 at 4:00 p.m. (Pacific Time), provided,

17  however, that to the extent the proposed Winning Bidder at the Auction is a bidder other than the

18  Stalking Horse Bidder, any supplemental or further objections to the sale to the proposed Winning

19  Bidder based solely on such alternative Winning Bidder's adequate assurance of future performance

20  shall be filed by no later than ~~August 19~~September 21, 2020 at 4:00 (Pacific Time) (the "Objection

21  Deadlines"):   (a) the Debtors, 8 Whatney, Unit 200, Irvine, CA 92618, Attn: Grace Wang

22  (grace.wang@hytera.us); (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa

23  Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: John W. Lucas (jlucas@pszjlaw.com);

24  (c) counsel to the Committee, Levene Neale Bender Yoo & Brill L.L.P., 10250 Constellation

25  Boulevard, Suite 1700, Los Angeles, CA 90067, Attn:  David L. Neale (dln@lnbyb.com); (d) the U.S.

26  Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701, Attn: Michael J. Hauser

27  (michael.hauser@usdoj.com); (e) counsel to the Stalking Horse Bidder, Cohen & Gresser LLP, 800

28  Third Avenue, 21st Floor, New York, NY 10022, Attn: Daniel H. Tabak (dtabak@cohengresser.com);

and (f) any other party that has requested noticed in these cases.  The Debtors or any other party in interest may file a reply in support of the Sale Transaction by no later than ~~August 19~~September 21, **2020 at 12:00 p.m. (Pacific Time)**, provided that any reply to an objection with respect to an alternative Winning Bidder's adequate assurance of future performance may be presented orally to the Court at the Sale Hearing.

18.    Notice of (a) the Motion, (b) the Bidding Procedures, (c) the Auction, (d) the Objection Deadlines, (e) the Sale Hearing, and (f) the proposed assumption, assignment, and sale of the Contracts to the Winning Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

a.    <u>Sale Notice</u>.  Within three (3) business days after entry of this Order, the Debtors shall provide notice, in substantially the form attached as <u>Exhibit D</u> to the Motion (the "<u>Sale Notice</u>"), of this Order, the Motion, the Auction, the Objection Deadlines, and the Sale Hearing by email if known, otherwise by first-class mail, upon (a) all persons and entities known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Debtors' assets or any portion thereof during the past three months; (b) all persons known by the Debtors to have asserted any interest in any of the Debtors' material assets; (c) all persons known by the Debtors to be counterparties to the Debtors' executory contracts and unexpired leases; (d) the United States Trustee; (e) the Committee and its counsel; (f) any Governmental Body known to have a claim in these chapter 11 cases; (g) all other known creditors and equity security holders of the Debtors; (h) all persons that have requested special notice in the Bankruptcy Cases; and (i) all other persons as directed by the Court.

b.    <u>Cure Notice</u>.

i.    Within three (3) business days after entry of this Order, the Debtors shall file with the Court and serve via email if known, otherwise by first class mail, on all persons known by the Debtors to be a counterparty to an executory contract or unexpired lease, a notice of assumption, assignment, sale, and cure substantially in the form attached as <u>Exhibit E</u> to the Motion (the "<u>Cure Notice</u>").  The Cure Notice shall include (a) a statement that the contracts listed therein may be treated as "Purchased Contracts" under the Initial APA (or Modified Agreement), (b) a statement that certain

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of the contracts listed therein may be removed from the assumption list prior to the Closing Date under the Initial APA (or Modified Agreement) and thereafter rejected or assumed, assigned, and sold at a date subsequent to the Closing Date; provided that, absent consent of an applicable contract or lease party, (c) the Debtors' calculation of the amount necessary, if any, to cure any and all defaults under the Contracts and compensate the counterparties thereto for pecuniary loss in respect of any such default(s) (the "<u>Cure Amount</u>") as a condition to the assumption, assignment and sale of such Contract under Bankruptcy Code sections 363 and 365, and (d) evidence of the Hytera US Bidder's ability to provide adequate assurance of future performance of such executory contracts or unexpired leases.

ii.    Any subsequent Cure Notice that identifies a Contract that was not previously identified as being subject to assumption, assignment, and sale under the Initial APA (or Modified Agreement) or that reduces the Debtors' calculation of the Cure Amount (an "<u>Amended Cure Notice</u>") shall provide a deadline of not less than seven (7) calendar days from the date of service of such Amended Cure Notice by which the counterparty to any modification may object to (a) the assumption, assignment, and sale of such Contract pursuant to the Initial APA (or Modified Agreement); (b) the Debtors' calculation of the Cure Amount for such contract; and (c) Adequate Assurance Information, if such contract was not previously identified as being subject to assumption, assignment and sale.

iii.    The Cure Notice and any Amended Cure Notice will be filed with the Court.

iv.    The Debtors reserve the right to (i) provide Amended Cure Notices up to the Closing of the Initial APA (or Modified Agreement); (ii) remove a contract from the list of Purchased Contracts at any time prior to the Closing of the Initial APA (or Modified Agreement), for any reason; and (iii) remove a contract from the list of Purchased Contracts after the closing of the Initial APA (or Modified Agreement), if the Court determines after such Closing that the Cure Amount for such contract is in excess of the amount set forth on <u>Exhibit 1</u> to the Cure Notice. The removal of any such contract shall not reduce the purchase price to be paid by the Winning Bidder, unless consented to by the Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

v.       Any counterparty to a Contract must file and serve by email on the Objection Recipients any objections to (a) the proposed assumption, assignment, and sale of its contract to the Winning Bidder (and must state in its objection, with specificity, the legal and factual basis of its objection) and (b) if applicable, the proposed Cure Amount (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), no later than ~~August 13~~September 14, **2020 at 4:00 p.m. (Pacific Time)** and the Debtors or any other party in interest may file a reply to any such objection by no later than ~~August 19~~September 21, **2020 at 12:00 p.m. (Pacific Time)**; provided, however, that to the extent the Winning Bidder is an entity other than the Hytera US Bidder, any supplemental or further objections to the assumption, assignment, and sale of a contract to the Winning Bidder by a counterparty to such contract, based solely on the ability of the Winning Bidder(s) and/or Backup Bidder(s) ability to provide adequate assurance of future performance shall be filed no later than ~~August 19~~September 21, **2020 at 4:00 p.m. (Pacific Time)** and the Debtors or any other party in interest may present orally a reply to any such objection at the Sale Hearing; provided further that the deadline to object to an Amended Cure Notice shall be no earlier than seven (7) calendar days after the date of service of such Amended Cure Notice.  If no objection is timely filed and served, (x) the counterparty to a contract shall be deemed to have consented to the assumption, assignment and sale of the contract to the Winning Bidder and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, and (y) the Cure Amount set forth in the Cure Notice (or Amended Cure Notice) shall be controlling, notwithstanding anything to the contrary in any contract, or any other document, and the counterparty to the contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such contract against the Debtors or the Winning Bidder, or the property of any of them.

vi.       If the Winning Bidder or the Back-Up Bidder at the Auction is not the Stalking Horse Bidder, then within one (1) business day after the Auction, the Debtors shall file and serve on each counterparty to the contracts, a supplemental Cure Notice identifying the Winning Bidder and Back-Up Bidder (if applicable) and providing information regarding the Winning Bidder's and Back-Up Bidder's (if applicable) Adequate Assurance Information.

19.     A list of all contracts assumed, assigned, and sold to the Winning Bidder as "Purchased Contracts" under the Initial APA (or Modified Agreement) shall be filed with the Court no later than five (5) business days following the Closing Date.

20.     The Debtors shall have the discretion, in consultation with the Committee and its advisors, to modify, supplement, amend, or waive the procedures set forth herein if necessary to maximize the value of the estates and otherwise comply with the Debtors' fiduciary obligations.

21.     Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     This Court shall retain jurisdiction and power to enforce and interpret the provisions of this Order.

23.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed to prejudice Motorola Solutions, Inc.'s arguments in the pending *Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112 or Alternatively to Suspend Case Pending Resolution of District Court Matters Pursuant to 11 U.S.C. § 305* [Docket No. 111] and *Motion for Relief from Automatic Stay Under 11 U.S.C. § 362* [Docket No. 112].

# # #