Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 N. Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:    ikharasch@pszjlaw.com
           jlucas@pszjlaw.com
           jrosell@pszjlaw.com
           vnewmark@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*<br><br>          Debtors and<br>          Debtors in Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ HCA WEST, INC., ONLY<br><br>☐ HAI EAST, INC., ONLY<br><br>☐ HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>8:20-bk-11508-ES and 8:20-bk-11509-ES<br><br>**CHAPTER 11 STATUS REPORT**<br><br><u>Status Conference</u>:<br><br>Date:     May 6, 2021<br>Time:    10:30 a.m. (Pacific Time)<br>Place:   Zoom.Gov |

On May 26, 2020 (the "<u>Petition Date</u>"), Hytera Communications America (West), Inc. ("<u>HCA West</u>"), Hytera America Incorporated ("<u>HAI East</u>"), and HYT North America, Inc. ("<u>HNA</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1], each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

---

[1] Pursuant to an order entered by the court on February 8, 2021 *on Motion for Administrative Order Changing Dockets to Reflect the Debtors' Current Names and Mailing Address and Revising Case Caption* [Docket No. 431], the Clerk of the Court was directed to change the dockets and other records of the cases to reflect the current names of the Debtors to HCA West, Inc., HAI East, Inc. and HNA, Inc.

1

"Bankruptcy Code"). The Debtors continue to operate and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

On June 15, 2020, the United States Trustee for the Central District of California, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "Committee").

## A.  Prior Status Report

This Status Report is an update of the Debtors' Initial Status Report filed with the Court on July 24, 2020 [Docket No. 142], and Chapter 11 Status Report filed with the Court on December 3, 2020 [Docket No. 307], (the "Status Reports"), which are incorporated herein by this reference.[2]

## B.  Deadlines for the Filing of Claims and Objections to Claims

On December 17, 2020, the Court entered its *Order (A) Establishing the Procedures and Deadlines for Filing (I) Proofs of Claim and Interests and (II) Administrative Expense Claims Arising Between May 26, 2020 and December 31, 2020; (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief* (the "Bar Date Order") [Docket No. 338], pursuant to which, the Court established February 19, 2021 as the General Bar Date for (i) any persons or other entities (except for governmental entities) that wish to assert a prepetition claim against the Debtors (including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code) or an interest in the Debtors pursuant to section 501 of the Bankruptcy Code (collectively, a "Prepetition Claim"), must file a proof of claim or interest (a "Proof of Claim") or forever be barred from asserting such Prepetition Claim (the "General Bar Date"); (ii) any persons or entities that wish to assert an administrative expense claim allowable under section 503(b) of the Bankruptcy Code, arising between May 26, 2020 and December 31, 2020 ("Administrative Claim") must file a request for payment ("Request for Payment") or forever be barred from asserting such Administrative Claim against the Debtors (the "Administrative Claims Bar Date"); (b) setting the deadline for filing claims arising from the rejection of an unexpired lease or executory contract pursuant to section 365(a) of the Bankruptcy Code as the later of (i) the General Bar Date or (ii) the date that is thirty (30) days

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Status Reports.

DOCS_LA:337418.2 38393/002

after the effective date of rejection of the unexpired lease or executory contract (the "Rejection Bar Date").

In the respective cases of the Debtors, proofs of claim were filed against each Debtor as follows: Hytera West (30), Hytera East (12), and HYT North America (9). The Debtors' newly appointed Chief Restructuring Officer (the "CRO") (the retention is discussed in greater detail below) is in the process of reviewing claims. If necessary, the Debtors will object to claim to address administrative and substantive issues as necessary. The Committee has inquired about claim reconciliation and the Debtors intend to work with the Committee in connection with the reconciliation of the claims filed against the Debtors' estates.

C.    **Time to Assume or Reject Unexpired Leases of Nonresidential Real Property**

All unexpired leases of nonresidential real property have either been assumed and assigned in connection with the two prior sales or they have been rejected. As a result, the Debtors' estates no longer have any administrative requirements relating to postpetition rent, maintenance, or monetary obligations arising from unexpired nonresidential real property leases.

D.    **The Plan Exclusivity Periods**

On March 12, 2021 the Debtors filed the *Motion for Order Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof Pursuant to Section 1121(D) of the Bankruptcy Code* (the "Third Exclusivity Motion") [Docket No. 439], and April 8, 2021, the Court entered an *Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof* [Docket No. 449] (the "Third Extension Order").

Pursuant to the Third Extension Order, the Debtors' exclusive right to file a plan was extended through and including August 9, 2021 and the Debtors' exclusive right to solicit acceptances from creditors for its plan was extended through and including October 8, 2021.

The Debtors recently received a draft plan term sheet from Motorola. The Debtors are in the process of reviewing the draft plan term sheet. In response to the draft plan term sheet, the Debtors have commenced discussions with the Committee about the draft plan. It is the goal of the Debtors to

3

DOCS_LA:337418.2 38393/002

formulate a plan term sheet that is acceptable to the Committee and Motorola so that the terms can be used to formulate a plan of liquidation and supporting disclosure statement. The Debtors and their advisors will continue to work through the draft plan term sheet with the Committee and Motorola.

### E. The Sale Motions

On July 15, 2020, the Debtors filed a sale motion [Docket No. 118] that contemplated the sale of the Debtors' (a) distribution network/business, (b) non-accused inventory, and (c) other assets relating to the operation of the Debtors' business. The Debtors' sale motion and related agreement was eventually bifurcated into two sales and approved as follows by two sale orders.

On December 23, 2020, the Court entered an order [Docket No. 375], which approved the Debtors' sale of their distribution network/business and all of their assets other than the "non-accused" inventory. Upon the closing the sale, the Debtors' estates received $6,157,198 from the buyer.

On January 22, 2021, the court denied Motorola's Motion to Dismiss in connection with the resolution regarding the sale of the Debtors' non-accused inventory. On January 29, 2021, the Court entered an order approving the sale of non-accused inventory [Docket No. 426]. Upon the closing of the sale, the Debtors' estates received $2,021,823.

On April 14, 2021, the Debtors filed *Motion for Approval of Purchase Agreement Among the Debtors and the Purchaser, Approving Sale of the Inventory of the Debtors Free and Clear of* all Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Section 105, 363(b), (f) and (m), and Granting Related Relief [Docket No. 456] (the "Accused Inventory Sale Motion"). A hearing on the Accused Inventory Sale Motion is scheduled for May 6, 2021 at 10:30 a.m. (Pacific Time).

Assuming the Court approves the sale, the Debtors' estates should receive approximately $1.2 million in consideration for the sale of the accused inventory.

### F. Chief Restructuring Officer

On January 13, 2021, the Debtors filed the *Debtors' Application for Entry of Order Pursuant to Section 363 of the Bankruptcy Code Approving the Engagement Contract of David Stapleton as Chief Restructuring Officer of the Debtors and Stapleton Group to Assist the CRO and Related*

4

DOCS_LA:337418.2 38393/002

*Relief* [Docket No. 395] (the "Stapleton Retention Application"), and on February 2, 2021, the Court entered is order approving the Stapleton Retention Application *nunc pro tunc* to January 12, 2021 [Docket No. 429].

By the Stapleton Retention Application, the Court authorized the Debtors to engage CRO, David Stapleton. As a result of the above sales, the Debtors' former employees were hired by the buyer. The wind down of the Debtors' remaining affairs and the resolution of the case would have been difficult without employees. To fill that gap, the CRO and his team are managing the wind down of the Debtors' estates at the direction of the board of directors and with advice from counsel.

### G. Estate Wind Down

As noted above, the CRO and his team have been commenced reviewing filed claims and also are actively pursuing accounts receivable. Since the engagement of the CRO and his team, they have collected nearly $1 million in accounts receivable. The CRO is continuing to pursue the collection of the accounts receivable and expects further recoveries.

As of April 20, 2021, Hytera West currently has approximately $14,900,000 of unrestricted cash and $550,000 of restricted cash. The restricted cash is being held in a segregated account in response to the agreement reached with Motorola in connection with the sale of the non-accused inventory. Hytera East currently has approximately $2,850,000 of unrestricted cash.

### H. Professional Fees

On March 23, 2021, the Debtors filed a *Notice to Professionals Regarding Setting of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses* [Docket No. 445] (the "Notice of Second Interim Fee Application Hearing"). As set forth in the Notice of Second Interim Fee Application Hearing, a hearing to consider the interim applications of professionals employed in these chapter 11 cases for interim approval of compensation and reimbursement of expenses will be held on May 6, 2021 at 10:30 a.m. (Pacific Time).

5

DOCS_LA:337418.2 38393/002

Dated: April 21, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ John W. Lucas*

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 N. Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone     (310) 277-6910
Facsimile:     (310) 201-0760
E-mail:     ikharasch@pszjlaw.com
            jlucas@pszjlaw.com
            jrosell@pszjlaw.com
            vnewmark@pszjlaw.com

*Counsel to the Debtors and
Debtors in Possession*

6

DOCS_LA:337418.2 38393/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Pachulski Stang Ziehl & Jones LLP**, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the document entitled:  **CHAPTER 11 STATUS REPORT** will be served as set forth below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/21/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (*date*), **4/21/2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/21/2021 | Nancy Lockwood | */s/ Nancy Lockwood* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:329989.2

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   - **Karol K Denniston**   karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
   - **Michael J Hauser**   michael.hauser@usdoj.gov
   - **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
   - **Mark E McKane**   mark.mckane@kirkland.com, mmckane@kirkland.com;alevin@kirkland.com;lydia-yale-8751@ecf.pacerpro.com
   - **Christopher Minier**   becky@ringstadlaw.com, arlene@ringstadlaw.com
   - **David L. Neale**   dln@lnbyb.com
   - **Victoria Newmark**   vnewmark@pszjlaw.com
   - **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
   - **Jason H Rosell**   jrosell@pszjlaw.com, mrenck@pszjlaw.com
   - **Jeffrey Snyder**   eservice@bilzin.com, eservice@bilzin.com
   - **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
   - **Michael J. Weiland**   mweiland@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com

2. **SERVED BY UNITED STATES MAIL**:

*See attached mailing list.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:329989.2

| | | |
|---|---|---|
| **Request for Special Notice Pursuant to 2002** | Mark McKane, P.C.<br>Adam R. Alper<br>Brandon H. Brown<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104 | Michael De Vries<br>Christopher Lawless<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street<br>Los Angeles, CA 90071 |
| Chad J. Husnick<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654 | | Christopher J. Giaimo, Esq.<br>Squire Patton Boggs (US) LLP<br>2550 M Street, NW<br>Washington, DC 20037 |

DOCS_LA:328743.2 38393/001