Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: ikharasch@pszjlaw.com
         jlucas@pszjlaw.com
         jrosell@pszjlaw.com
         vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:20-bk-11507-ES |
| HCA WEST, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| Affects:<br>☒ All Debtors<br>☐ HCA WEST, INC., ONLY<br>☐ HAI EAST, INC., ONLY<br>☐ HNA, INC., ONLY | **NOTICE OF MOTION AND MOTION FOR ORDER FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 5, 2021<br>Time: 10:30 a.m. (Pacific Time)<br>Place: ZoomGov |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for an order, pursuant to section 1121(d) of Title 11 of the United States Code, further extending the Debtors' (a) exclusive period to file a chapter 11 plan (the "Chapter 11 Plan") through and including November 26, 2021 ("Exclusive Filing Period"); and (b) exclusive period to solicit votes thereon to January 26, 2022 (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"). The existing Exclusive Periods are set to expire on August 9, 2021 and October 8, 2022, respectively. Concurrently herewith, the Debtors are filing a proposed plan of liquidation and disclosure statement. Accordingly, the Motion is the Debtors' final request to extend the Exclusive Periods.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon all pleadings and papers on file in these chapter 11 cases, the oral argument of counsel, and any evidence submitted to the Court prior to or during the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it on Debtors' counsel (at the address indicated above) and the Office of the United States Trustee no later than 14 days prior to the hearing. The failure to timely respond in the manner set forth above may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Erithe A. Smith, United States Bankruptcy Judge, Central District of California, on **August 5, 2021 at 10:30 a.m. (Pacific Time)**.

**PLEASE TAKE FURTHER NOTICE that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided below.

**PLEASE TAKE FURTHER NOTICE** that video and audio connection information for the

DOCS_LA:338843.3

hearing will be provided on Judge Smith's publicly posted hearing calendar, which may be viewed online at: https://www.cacb.uscourts.gov/judges/honorable-erithe-smith. For more details on appearing via ZoomGov, please see the "Notice of Video and Telephonic Appearance Procedures" in the Telephonic Instructions section of the referenced website.

**PLEASE TAKE FURTHER NOTICE** that the following is the unique ZoomGov connection information for the above-referenced hearing:

Video/audio web address:   **https://cacb.zoomgov.com/j/1614347634**

ZoomGov meeting number:   **161 434 7634**

Password:   **468034**

Telephone conference lines:   1 (669) 254-5252 or 1 (646) 828-7666

**PLEASE TAKE FURTHER NOTICE** that more information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

Dated:   July 15, 2021            PACHULSKI STANG ZIEHL & JONES LLP

                                  By    */s/ John W. Lucas*
                                        Ira D. Kharasch (CA Bar No. 109084)
                                        John W. Lucas (CA Bar No. 271038)
                                        Jason H. Rosell (CA Bar No. 269126)
                                        Victoria A. Newmark (CA Bar No. 183581)

                                        *Counsel to the Debtors and
                                        Debtors in Possession*

3

DOCS_LA:338843.3

# I.

# BACKGROUND

### A.    Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    General Background

On May 26, 2020 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 15, 2020, the United States Trustee for the Central District of California, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "**Committee**").

The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Ni Huang, President and Chief Financial Officer in Support of Emergency First Day Motions* [Docket No. 17], and incorporated herein by reference.

### C.    The Exclusivity Periods

Under section 1121 of the Bankruptcy Code, the Debtors have the exclusive right to file a plan for 120 days after the Petition Date and the exclusive right to solicit acceptances thereto for 180 days after the Petition Date.

On October 6, 2020, the Court entered an *Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof* [Docket No. 265] (the "**First Extension Order**"). Pursuant to the First Extension Order, the Debtors' exclusive right to file a plan was extended through and including January 11, 2021 and the Debtors' exclusive right to solicit acceptances from creditors for a plan was extended through and including March 12, 2021.

On December 17, 2020, the Court entered an *Order Pursuant to Section 1121(d) of the*

4

*Bankruptcy Code Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof* [Docket No. 339] (the "**Second Extension Order**"). Pursuant to the Second Extension Order, the Debtors' exclusive right to file a plan was further extended through and including April 11, 2021 and the Debtors' exclusive right to solicit acceptances from creditors for a plan was extended through and including June 10, 2021.

On December 17, 2020, the Court entered an *Order Pursuant to Section 1121(d) of the Bankruptcy Code Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof* [Docket No. 339] (the "**Second Extension Order**"). Pursuant to the Second Extension Order, the Debtors' exclusive right to file a plan was further extended through and including April 11, 2021 and the Debtors' exclusive right to solicit acceptances from creditors for a plan was extended through and including June 10, 2021.

On March 12, 2021, the Court entered an *Order Pursuant to Section 1121(d) of the Bankruptcy Code Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof* [Docket No. 439] (the "**Third Extension Order**"). Pursuant to the Third Extension Order, the Debtors' exclusive right to file a plan was further extended through and including August 9, 2021 and the Debtors' exclusive right to solicit acceptances from creditors for a plan was extended through and including October 8, 2021.

**D.    Material Events During These Chapter 11 Cases**

On July 12, 2020, Motorola Solutions, Inc. ("Motorola") filed its *Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112 or Alternatively to Suspend Case Pending Resolution of District Court Matters Pursuant to 11 U.S.C. § 305* [Docket No. 111] (the "**Motion to Dismiss**").

After the conclusion of the Sale Motion, as discussed in greater detail below, that provided for the sale of the Debtors' distribution network, certain inventory, and other assets in a bifurcated sale, the Court denied the Motion to Dismiss. *See* Court's docket entry dated January 22, 2021, which provides ". . . In light of the courts approval of Debtors sale motion (see cal. no. 1), the Motion to Dismiss is denied. The hearing is off calendar."

On July 14, 2020, Motorola filed its *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 112]. The Debtors stipulated to the requested relief and, on August 27,

5

DOCS_LA:338843.3

2020, the Court entered its *Order Approving Stipulation for Modification of the Automatic Stay to Permit District Court Litigation to Continue* [Docket No. 226].

On July 15, 2020, the Debtors filed their *Motion Requesting (A) the Scheduling of an Auction and Sale Hearing in Connection with the Sale of the Specified Assets of the Debtors, (B) Approval of Bidding Procedures for Such Assets, (C) Approval of Purchase Agreement with Stalking Horse Bidder, (D) Approval of the Form and Scope of Notice of Auction and Sale Hearing, (E) Approval of Procedures for the Assumption, Assignment and Sale of Contracts and Leases to the Purchaser, and (F) Approval of Sale of the Debtors' Assets to the Purchaser* [Docket No. 118] (the "**Sale Motion**").

On July 29, 2020, subsequent to a contested hearing, the Court entered its *Order (1) Approving Bidding Procedures, (2) Approving Assumption, Assignment, and Sale Procedures and Related Notices, (3) Scheduling the Sale Hearing, and (4) Granting Related Relief* [Docket No. 149] (the "**Bidding Procedures Order**").  Pursuant to the Bidding Procedures Order, the Court deemed the *Asset Purchase Agreement* dated as of July 15, 2020 between the Debtors and Hytera US Inc. (the "**Purchaser**") a "Qualified Bid" for purposes of the bidding procedures.

On August 27, 2020, the Court held a contested hearing on the Motion to Dismiss and Sale Motion. At the conclusion of oral argument, the Court continued the hearing on the Motion to Dismiss and Sale Motion to December 17, 2020 (the "**December 17 Hearing**") to allow the Illinois District Court to rule on Motorola's pending motion for an injunction.

At the December 17 Hearing, and in an effort to be constructive, the Debtors proposed removing the contested property from the Sale Motion (*i.e.*, the non-accused inventory) and sell only the distribution network and the other assets. On December 23, 2020, after the Debtors and Motorola negotiated an agreed proposed sale order, the Court (a) entered an order [Docket No. 375] approving the Sale Motion in accordance with the *Third Amended Asset Purchase Agreement* (the "**Third Amended APA**") and authorized the sale of assets thereunder to the Purchaser, except for sale of the Debtors' inventory; and (b) further continued the hearing on the Sale Motion to January 22, 2021 (as related to the accused inventory). The Debtors closed the sale of the distribution network and other assets (other than the non-accused inventory) on January 12, 2021, for cash consideration in the amount of $6,157,198.

6

DOCS_LA:338843.3

The continuation of the hearing on the Sale Motion permitted the Debtors, Motorola, the Committee (and the United States Trustee, at his option) to meet and confer regarding a possible resolution of Motorola's objection to the sale of the Debtors' non-accused inventory. In addition, the Illinois District Court denied Motorola's request for an injunction, which helped narrow the disputes surrounding the Debtors' request to sell its non-accused inventory. Subsequently, on January 13, 2021, Motorola and the Debtors filed a joint stipulation whereby Motorola stipulated to the sale of non-accused inventory under the Third Amended APA in exchange for a holdback of 25% of the related sale proceeds. On January 29, 2021, the Court entered an order [Docket No. 426] approving the sale of the Debtors' non-accused inventory. The Debtors closed the sale of the non-accused inventory on February 5, 2021, for cash consideration in the amount of $2,021,823.17.

On April 14, 2021, the Debtors filed a *Motion for Approval of Purchase Agreement Among the Debtors and the Purchaser, Approving Sale of the Inventory of the Debtors Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Section 105, 363(b), (f) and (m), and Granting Related Relief* [Docket No. 456] (the "Accused Inventory Sale Motion"). On May 12, 2021, the Court entered an order [Docket No. 496] approving the Accused Inventory Sale Motion. The foregoing sale closed on May 13, 2021 and the Debtors' estates received $1,199,395 in sale proceeds.

### E. Appointment of CRO, Liquidation of Other Assets, and Wind Down

In connection with the closing of the initial sale under the Sale Motion, the Debtors' employees were transferred to the buyer. As a result, the Debtors required management to help aid in the further liquidation and wind down of estates.

On January 13, 2021, the Debtors filed their *Application for Entry of Order Pursuant to Section 363 of the Bankruptcy Code Approving the Engagement Contract of David Stapleton as Chief Restructuring Officer of the Debtors and Stapleton Group to Assist the CRO and Related Relief* [Docket No. 395] (the "**CRO Retention Application**"). The CRO Retention Application was unopposed, and was approved by the Court by order [Docket No. 429] entered on February 2, 2021, and David Stapleton ("**CRO**") was appointed as CRO of the Debtors.

Since the CRO's appointment, he has been familiarizing himself with the Debtors' remaining

7

DOCS_LA:338843.3

assets for the purpose of making recommendations to the board on how to best liquidate and convert to cash the estates' remaining assets. In particular, the CRO has been analyzing the Debtors' accounts receivable and developing a plan to efficiently convert the receivables into cash for the purpose of administering the Debtors' cases and ultimately making distributions to the Debtors' creditors holding allowed claims.

As noted above, the CRO and his team are actively reviewing filed claims and pursuing accounts receivable. Since the engagement of the CRO and his team, they have collected more than $1,177,000 in accounts receivable. The CRO is continuing to pursue the collection of the accounts receivable and expects further recoveries.

As of June 30, 2021, Hytera West currently has approximately $4,874,000 of unrestricted cash and $550,000 of restricted cash on hand. The restricted cash is being held in a segregated account in response to the agreement reached with Motorola in connection with the sale of the non-accused inventory. Hytera East currently has approximately $12,998,000 of unrestricted cash on hand.

**F.    Plan of Liquidation**

The Debtors received a draft plan term sheet from Motorola.  On June 8, 2021, the Debtors revised the draft plan term sheet and sent it to Motorola and the Committee for their consideration. The Debtors' professionals have engaged in discussions with the Committee's professionals regarding the draft plan term sheet but, as of the filing of this Motion, have not received any comments or proposed changes to the draft plan term sheet. As a result, the Debtors, contemporaneously with the filing of this Motion, are filing the Debtors' proposed *Joint Chapter 11 Plan of Liquidation* (the "**Plan**") and *Disclosure Statement in Support of Joint Chapter 11 Plan of Liquidation* (the "**Disclosure Statement**").

In light of the filing of the Plan and Disclosure Statement, it is the goal of the Debtors to continue discussions with the Committee and Motorola for the purpose of making changes to the Plan that will result in a consensual confirmation hearing. The requested relief under the Motion should provide the Debtors, the Committee, and Motorola with the necessary time to meet and confer regarding potential changes to the Plan that will form the basis of a plan that all

8

DOCS_LA:338843.3

constituencies support.

## II.

## **RELIEF REQUESTED**

By this Motion, the Debtors, pursuant to section 1121(d) of the Bankruptcy Code, seek the entry of an order (a) exclusive period to file a chapter 11 plan through and including November 26, 2021 ("**Exclusive Filing Period**"); and (b) exclusive period to solicit votes thereon to January 26, 2022 (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**"). The Exclusive Periods are set to expire on August 8, 2021 and October 9, 2021, respectively. In light of the filing of the Plan and Disclosure Statement, this Motion is the Debtors' final request to extend the Exclusive Periods. A proposed form of order is attached hereto as **Exhibit A**.

## III.

## **ARGUMENT**

Section 1121(d) of the Bankruptcy Code grants courts authority to extend the exclusive periods to file a plan and solicit votes (the "**Exclusive Periods**") "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (*quoting* H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility").

To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

Courts have relied on a variety of factors when determining whether cause exists for an extension of the Exclusive Periods, each of which may provide sufficient grounds for extending the

9

DOCS_LA:338843.3

Exclusive Periods. These factors include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith progress toward reorganization, (d) whether the debtor is paying its debts as they come due, (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made progress in negotiating with creditors, (g) the length of time the case has been pending, (h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved contingencies exist. *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). In assessing a debtor in possession's first request for an extension of the Exclusive Periods under section 1121(d), "bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied." *In re Apex Pharmaceuticals, Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996).

Under these standards, cause has been found to extend the Exclusive Periods where the debtor has worked diligently to propose a plan, the case is large and complex and the extension was neither indefinite nor used to force a creditor to accept an undesirable plan. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (affirming an extension for one and one half years where the debtor had not yet proposed a plan acceptable to creditors, but progress had been made); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (the pace of the turnaround effort had been reasonably rapid, even though the debtor had produced only losses and the ultimate success of the turnaround efforts was as yet unknowable); *In re Texaco, Inc*., 76 B.R. at 327 (where the extension was not for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accept an undesirable plan); *In re Texaco, Inc*., 81 B.R. 806, 812-13, (Bankr. S.D.N.Y. 1987) (granting subsequent extension where several constituencies supported debtor's plan, there was no evidence the debtor was using the extension to pressure acceptance of the plan, and there was no evidence the plan violated any requirements under section 1123 of the Bankruptcy Code).

Applying these standards, the Ninth Circuit Bankruptcy Appellate Panel affirmed the extension of exclusivity where the bankruptcy court "saw the situation as: (a) a first extension; (b) in

DOCS_LA:338843.3

a complicated case; (c) that had not been pending for a long time, relative to its size and complexity; (d) in which the debtor did not appear to be proceeding in bad faith; (e) had improved operating revenues so that it was paying current expenses; (f) had shown a reasonable prospect for filing a viable plan; (g) was making satisfactory progress negotiating with key creditors; (h) did not appear to be seeking an extension of exclusivity to pressure creditors; and (i) was not depriving the Committee of material or relevant information." *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002). The panel further noted: "We also agree with the *Dow Corning* court that a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *Id.* (citing *In re Dow Corning*, 208 B.R. at 670).

Cause exists to grant the requested relief for the following reasons. <u>First</u>, the Debtors and their professionals worked diligently to negotiate the terms of an asset purchase agreement with Purchaser and to close three sales, which preserved the Debtors' distribution network, saved jobs, and maintained numerous business relationships that would have otherwise been lost in absence of the sales. Initially, the first two sales were met with objections by Motorola, but the Debtors were able to resolve the contested issues and present consensual sale transactions to the Court for approval. The resolution of the first two sale transactions pave the way for a third sale that was also uncontested.

<u>Second</u>, the Debtors have been engaged in administering their chapter 11 cases. After the consummation of two successful sales, the Debtors hired a CRO to help with the wind down of accounts receivable, complete a third inventory sale, and explore the possibility of other sales. Since his appointment, the CRO has recovered more than $1,177,000 in accounts receivable and the Debtors have approximately $17,872,000 in unrestricted cash and $550,000 in restricted cash.

<u>Third</u>, the Debtors are paying their debts as the come due and timely filing their monthly operating reports, as reflected on the respective dockets of each of the Debtors' cases.

<u>Fourth</u>, the Debtors have filed and will continue to file the necessary monthly operating reports to provide parties in interest with the necessary information regarding the administration of the estates.

11

Finally, the Debtors are filing the Plan and Disclosure Statement contemporaneously with the filing of this Motion. It is important to note that the Plan is a plain vanilla liquidation plan that strictly follows the priority scheme prescribed by the Bankruptcy Code. In addition, by the Plan, the Debtors are not seeking any releases of directors and officers of the Debtors or other third parties. In sum, by the Plan, the Debtors are seeking to liquidate their assets and distribute the assets as prescribed by the Bankruptcy Code.

The filing of the Plan and Disclosure Statement shows that the Debtors continue to move these chapter 11 cases forward. The CRO and his team are working to wind down the estates, collect accounts receivable, and liquidate assets for the benefit of holders of allowed claims. The progress made in the chapter 11 cases to date demonstrates that the relief requested is not a delay tactic or a means to pressure the Committee or other creditors.

Based on the foregoing, the Debtors submit that good cause exists for the relief requested herein and that such relief is in the best interest of the estates.

## IV.

## CONCLUSION

For the reasons set forth herein, the Debtors respectfully request that the Court enter an order: (a) extending the Debtors' exclusive period to file a plan through and including November 26, 2021; (b) extending the Debtors' exclusive period to obtain acceptance of such plan through and including January 26, 2022; and (c) granting such other and further relief as the Court deems proper.

Dated: July 15, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John W. Lucas*
    Ira D. Kharasch (CA Bar No. 109084)
    John W. Lucas (CA Bar No. 271038)
    Jason H. Rosell (CA Bar No. 269126)
    Victoria A. Newmark (CA Bar No. 183581)

    *Counsel to the Debtors and
    Debtors in Possession*

12

DOCS_LA:338843.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:338843.3

# **EXHIBIT A**

**Proposed Order**

DOCS_LA:338843.3

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: ikharasch@pszjlaw.com
         jlucas@pszjlaw.com
         jrosell@pszjlaw.com
         vnewmark@pszjlaw.com

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re: | Case No. 8:20-bk-11507-ES |
|---|---|
| HCA WEST, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| Affects: | **ORDER GRANTING MOTION FOR ORDER FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE** |
| ☒ All Debtors | |
| ☐ HCA WEST, INC., ONLY | |
| ☐ HAI EAST, INC., ONLY | |
| ☐ HNA, INC., ONLY | Date: August 5, 2021<br>Time: 10:30 a.m. (Pacific Time)<br>Place: ZoomGov |

Upon the *Motion for Order Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Motion**");[1] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

DOCS_LA:338843.3

157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion, and the arguments of counsel and evidence proffered at the hearing on the Motion; after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors' exclusive right to file a plan is extended through and including **November 26, 2021**.

3. The Debtors' exclusive right to solicit acceptances from creditors for its plan is extended through and including **January 26, 2022**.

4. The Court retains jurisdiction to interpret and enforce the terms of this Order.

# # #

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the document entitled:

**NOTICE OF MOTION AND MOTION FOR ORDER FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

will be served as set forth below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **7/15/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (*date*), **7/15/2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/15/2021/2021 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:329989.2

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Karol K Denniston**   karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Mark E McKane**   mark.mckane@kirkland.com, mmckane@kirkland.com;alevin@kirkland.com;lydia-yale-8751@ecf.pacerpro.com
- **Christopher Minier**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **David L. Neale**   dln@lnbyb.com
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Juliet Y Oh**   jyo@lnbyb.com, jyo@lnbrb.com
- **Jason H Rosell**   jrosell@pszjlaw.com, mrenck@pszjlaw.com
- **Jeffrey Snyder**   eservice@bilzin.com, eservice@bilzin.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Michael J. Weiland**   mweiland@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com

2. **SERVED BY UNITED STATES MAIL**:

*See attached mailing list.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                      **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:329989.2

| | | |
|---|---|---|
| **Request for Special Notice Pursuant to 2002** | Mark McKane, P.C.<br>Adam R. Alper<br>Brandon H. Brown<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA  94104 | Michael De Vries<br>Christopher Lawless<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street<br>Los Angeles, CA 90071 |
| Chad J. Husnick<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654 | | Christopher J. Giaimo, Esq.<br>Squire Patton Boggs (US) LLP<br>2550 M Street, NW<br>Washington, DC  20037 |