1  Ira D. Kharasch (CA Bar No. 109084)
   John W. Lucas (CA Bar No. 271038)
2  Jason H. Rosell (CA Bar No. 269126)
   Victoria A. Newmark (CA Bar No. 183581)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 277-6910
5  Facsimile:   (310) 201-0760
   E-mail:  ikharasch@pszjlaw.com
6          jlucas@pszjlaw.com
           jrosell@pszjlaw.com
7          vnewmark@pszjlaw.com

8  Counsel to Debtors and Debtors in Possession

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

| | |
|---|---|
| 12  In re: | Case No.  8:20-bk-11507-ES |
| 13  HCA WEST, INC., *et al.*, | Chapter 11 |
| 14          Debtors and Debtors-in-Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| 15 Affects: | **MOTION FOR ORDER (A) APPROVING DISCLOSURE** |
| 16 ⊠ All Debtors | **STATEMENT; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION AND VOTING** |
| 17 ☐ HCA WEST, INC., ONLY | **PROCEDURES; (D) APPROVING FORM OF SOLICITATION** |
| 18 ☐ HAI EAST, INC., ONLY | **MATERIALS; AND (E) SETTING CONFIRMATION HEARING AND** |
| 19 ☐ HNA, INC., ONLY | **DEADLINES IN CONNECTION THEREWITH; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID STAPLETON** |

23  Date:       December 2, 2021
24  Time:      10:30 a.m. (Pacific Time)
    Place:      ZoomGov

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND.................................................................................................................. 2

   A.   Jurisdiction and Venue.............................................................................................. 2

   B.   General Background ................................................................................................. 2

   C.   The Filing of the Plan of Liquidation and Disclosure Statement; Notice of Hearing.............. 2

III. RELIEF REQUESTED...................................................................................................... 3

   A.   Approval of the Disclosure Statement ..................................................................... 3

      1.   Legal Standard for Approval ........................................................................ 3

      2.   The Disclosure Statement Contains Adequate Information.................................. 5

   B.   Fixing a Voting Record Date ..................................................................................... 5

   C.   Approval of Solicitation Procedures ........................................................................ 6

      1.   Determination of Treatment of Certain Claims and Interests for Notice and Voting Purposes ..................................................................................... 6

      2.   Establishing a Voting Deadline .................................................................... 7

      3.   Approval of the Form of Ballots.................................................................... 7

      4.   Approval of Solicitation Packages and Procedures for Distribution Thereof.............. 7

   D.   Approval of Method of Tabulation of Votes and Form of Ballots ......................... 8

   E.   Scheduling Confirmation Hearing and Related Deadlines ................................... 10

      1.   Summary of Proposed Dates and Deadlines................................................... 10

      2.   Plan Solicitation Deadline.......................................................................... 10

      3.   Voting Deadline ....................................................................................... 10

      4.   The Confirmation Brief and Voting Report Deadline ...................................... 11

      5.   Objections to Confirmation......................................................................... 11

      6.   The Confirmation Hearing ......................................................................... 11

IV. CONCLUSION................................................................................................................. 12

i

DOCS_LA:340109.3 38393/002

1

# TABLE OF AUTHORITIES

2

3

**Other Authorities**

11 U.S.C. § 1126(a) .............................................................................................. 7

4

*In re Cardinal Congregate I,*
    121 B.R. 760 (Bankr. S.D. Ohio 1990)......................................................... 4

5

*In re Ferretti,*
    128 B.R. 16 (Bankr. D.N.H. 1991) ............................................................ 4

6

*In re Neutgens,*
    87 B.R. 128 (Bankr. D. Mont. 1987) .......................................................... 4

7

*In re Scioto Valley Mortgage Co.,*
    88 B.R. 168 (Bankr. S.D. Ohio 1988)......................................................... 4

8

*Official Committee of Unsecured Creditors v. Michelson,*
    141 B.R. 715 (Bankr. E.D. Cal. 1992) ....................................................... 3

9

**Statutes**

11 U.S.C. § 101 .................................................................................................... 1

10

11 U.S.C. § 1107 .................................................................................................. 1
11 U.S.C. § 1108 .................................................................................................. 1

11

11 U.S.C. § 1111(a) ............................................................................................ 8
11 U.S.C. § 1125 ......................................................................................... 2, 3, 4, 5

12

11 U.S.C. § 1125(a)(1) ..................................................................................... 2, 3
11 U.S.C. § 1126(a) ............................................................................................ 7

13

11 U.S.C. § 501 .................................................................................................... 8
11 U.S.C. § 502 .................................................................................................... 8

14

28 U.S.C. § 1334 ................................................................................................. 1
28 U.S.C. § 1408 ................................................................................................. 2

15

28 U.S.C. § 1409 ................................................................................................. 2
28 U.S.C. § 157 ................................................................................................... 1

16

17

Fed. R. Bankr. P. 1019(3) ................................................................................. 8
Fed. R. Bankr. P. 2002 .............................................................................. 7, 10, 11

18

Fed. R. Bankr. P. 2002(b) ................................................................................. 11
Fed. R. Bankr. P. 3001(e) ................................................................................. 5

19

Fed. R. Bankr. P. 3002 ...................................................................................... 8
Fed. R. Bankr. P. 3003 ...................................................................................... 8

20

Fed. R. Bankr. P. 3003(c)(2) ............................................................................ 7
Fed. R. Bankr. P. 3004 ...................................................................................... 8

21

Fed. R. Bankr. P. 3005 ...................................................................................... 8
Fed. R. Bankr. P. 3017(c) .......................................................................... 6, 10

22

Fed. R. Bankr. P. 3017(d) ................................................................................. 5
Fed. R. Bankr. P. 3018 ............................................................................... passim

23

Fed. R. Bankr. P. 3018(a) .......................................................................... 3, 5, 8
Fed. R. Bankr. P. 3018(c) ............................................................................ 2, 6

24

Fed. R. Bankr. P. 3020(b)(1) ........................................................................... 10
L.B.R. 3017 ............................................................................................... 2, 5, 6, 7

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for an order in the form attached hereto as **Exhibit A** (the "Disclosure Statement Order"): (A) approving the *First Amended Disclosure Statement in Support of First Amended Chapter 11 Plan of Liquidation* (as amended or supplemented and including all exhibits and supplements thereto, the "Disclosure Statement"), relating to the *First Amended Joint Chapter 11 Plan of Liquidation* (as amended or supplemented and including all exhibits and supplements thereto, the "Plan"); (B) fixing a voting record date pursuant to Bankruptcy Rule 3018(c) for determining, among other things, those creditors entitled to receive ballots and solicitations materials; (C) approving solicitation and voting procedures with respect to the Plan; (D) approving the solicitation materials and the notices to be distributed with respect thereto in substantially the forms attached hereto as **Exhibits B – C**; and (E) establishing Plan confirmation-related deadlines and procedures.[1]  In support of the Motion, the Debtors respectfully state as follows:

## I.

## INTRODUCTION

The Motion seeks Court approval of the Disclosure Statement, various solicitation and tabulation procedures for voting on the Plan, the forms of ballots to be used in connection therewith, and the manner of notice proposed by the Debtors.  The Motion also requests that the Court schedule a confirmation hearing and establish various confirmation-related deadlines.

The dates and deadlines proposed herein are specifically tailored to meet the requirements of the Bankruptcy Code, the Bankruptcy Rules, and this Court's general order concerning plan confirmation, while permitting the Debtors to seek to confirm the Plan in a timely and efficient manner. In particular, the schedule calls for the filing of a Confirmation Brief (defined below) and any objection to confirmation after the Voting Deadline (defined below), all as suggested by the Court's general order.

By granting the Motion, the Court will establish a clear set of ground rules to govern the

---

[1]    A capitalized term not defined herein shall have the meaning ascribed to it in the Disclosure Statement or Plan.

DOCS_LA:340109.3 38393/002

confirmation proceedings in these chapter 11 cases and avoid potential disputes concerning the procedures adopted for soliciting and tabulating votes. The Debtors believe that the procedures and deadlines outlined below are fair and reasonable, comply with the Bankruptcy Code and Bankruptcy Rules, and should be approved by the Court.

## II.

## BACKGROUND

### A.    Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    General Background

On May 26, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 15, 2020, the United States Trustee for the Central District of California, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "Committee").

### C.    The Filing of the Plan of Liquidation and Disclosure Statement; Notice of Hearing

On July 15, 2021, the Debtors filed a *Joint Chapter 11 Plan of Liquidation* [Docket No. 518] (the "Original Plan") and related disclosure statement [Docket No. 519]. The Original Plan was a strict liquidating plan that transferred the Debtors' assets, including all causes of action, to a liquidation trust, and which would have resulted in protracted and expensive litigation and delayed distributions to creditors.

Subsequent to the filing of the Original Plan, the Debtors engaged in constructive negotiations with the Committee, Motorola, and the Insiders. These negotiations led to a global settlement among the parties, which is embedded in the Plan and Disclosure Statement, and which provides, in general that (a) Holders of Class 4 Claims (Non-Motorola General Unsecured Claims) will receive their *pro rata share* of $2 million, which will be funded, in part, by a $200,000 contribution from the Insiders,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

(b) Holders of Class 5 Claims (Motorola General Unsecured Claims) will receive their *pro rata* share of the remaining assets of the Debtors, after payment of Administrative Claims and the Class 4 Fund, (c) the Insiders will waive and release any claims against the Debtors, and (d) the Debtors will waive and release any and all claims against Motorola and the Insiders relating to the Debtors.

On October 21, 2021, the Debtors (i) filed the Plan and Disclosure Statement, which incorporates the terms of a global settlement, (ii) served the *Notice of Motion for Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date; (C) Approving Solicitation and Voting Procedures; (D) Approving Form of Solicitation Materials; and (E) Setting Confirmation Hearing and Deadlines in Connection Therewith* upon all of the creditors of the Debtors' estates, and (iii) served a copy of the Disclosure Statement as required by Bankruptcy Rule 3017.

## III.

### RELIEF REQUESTED

The Debtors request, among other things, that the Court enter an order (A) approving the Disclosure Statement, (B) fixing a voting record date ("<u>Voting Record Date</u>"), pursuant to Bankruptcy Rule 3018(a), for determining, among other things, those creditors entitled to receive ballots and materials necessary for voting on the Plan, (C) approving solicitation and voting procedures with respect to the Plan, (D) approving the form of the Solicitation Package (as defined herein) and the notices to be distributed with respect thereto, and (E) establishing dates and deadlines related to confirmation of the Plan.

**A.    <u>Approval of the Disclosure Statement</u>**

    **1.    Legal Standard for Approval**

Section 1125 of the Bankruptcy Code requires the bankruptcy court to approve a written disclosure statement prior to allowing a debtor to solicit acceptances for a chapter 11 plan.  In order to be approved, section 1125(a)(1) of the Bankruptcy Code requires the bankruptcy court to find that the disclosure statement contains "adequate information," which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan....

11 U.S.C. § 1125(a)(1); *see Official Committee of Unsecured Creditors v. Michelson*, 141 B.R. 715, 718 (Bankr. E.D. Cal. 1992) ("Whether the disclosure statement contains 'adequate information' is a question of bankruptcy law that is independent of non-bankruptcy law relating to disclosure").

In the absence of specific statutory guidance as to what types of information constitutes "adequate information," courts have developed lists of items to serve as guideposts in evaluating the adequacy of a disclosure statement for the purposes of solicitation under section 1125 of the Bankruptcy Code.  Such information may include:

(i)     Circumstances that give rise to the filing of the bankruptcy petition;

(ii)    Description of the available assets and their value;

(iii)   Anticipated future of the debtor;

(iv)    Disclaimer indicating that no statements or information concerning the debtor are authorized other than those set forth in the disclosure statement;

(v)     Performance of the debtor while in chapter 11;

(vi)    Information regarding claims against the estate;

(vii)   Liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(viii)  Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(ix)    Summary of the plan of liquidation;

(x)     Estimate of all administrative expenses;

(xi)    Financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(xii)   Information relevant to the risks posed to creditors under the plan;

(xiii)  Litigation likely to arise in a non-bankruptcy context; and

(xiv)   the relationship of the debtor with affiliates.

*See In re Neutgens,* 87 B.R. 128, 129 (Bankr. D. Mont. 1987); *In re Cardinal Congregate I*, 121 B.R.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

760, 765 (Bankr. S.D. Ohio 1990); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991). These items, however, are only "yardstick[s] against which the adequacy of disclosure may be measured; the precise information required will be governed by the facts and circumstances presented in each case." *Cardinal Congregate I*, 121 B.R. at 765; *In re Ferretti*, 128 B.R. at 19 ("This list is by no means comprehensive. Nor must every debtor provide all the information on the list. The Court will decide what is appropriate in each particular case.").

### 2.    The Disclosure Statement Contains Adequate Information

The Debtors believe that the Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code and should be approved because the Disclosure Statement contains descriptions and summaries of, among other things:

- the Plan (*see* Articles III, IV, VII of the Disclosure Statement);
- the classes of claims and interests (*see* Articles VII);
- a summary of the Debtors' assets, liabilities, and financial affairs (*see* Article VI)
- the Debtors' history and capital structure (*see* Article V);
- events leading to commencement of the chapter 11 case (*see* Article V);
- significant events during the chapter 11 case (*see* Article VI);
- a liquidation analysis (*see* <u>Exhibit B</u> to the Disclosure Statement); and
- the effect on creditors of Plan confirmation (*see* Article VIII, Section C);

The Debtors submit that the Disclosure Statement contains adequate information to enable a party to make an informed judgment about how to vote on the Plan and, therefore, requests that, pursuant to Bankruptcy Rule 3017(b), the Court approve the Disclosure Statement as containing "adequate information" as defined in section 1125(a) of the Bankruptcy Code.

### B.    <u>Fixing a Voting Record Date</u>

Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."

DOCS_LA:340109.3 38393/002

Fed. R. Bankr. P. 3017(d).    Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish December 2, 2021 as the record date for determining: (a) those creditors entitled to receive the Solicitation Package (as defined below) pursuant to the Solicitation Procedures (as defined below); (b) those creditors entitled to vote to accept or reject the Plan; and (c) whether claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the assigned claim.

## C.    <u>Approval of Solicitation Procedures</u>

Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent must mail to the United States Trustee, all creditors and all equity security holders the plan, the disclosure statement, notice of the time within which to file acceptances or rejections, notice of the date of the confirmation hearing, and such other information as the court may require (the "<u>Solicitation Procedures</u>").

The Debtors believe that the below-described Solicitation Procedures are well designed and specifically tailored to effectively solicit acceptances or rejections of the Plan.  To the extent that circumstances requiring modification or amendment of the Solicitation Procedures arise, the Debtors reserve the right to supplement or amend the Solicitation Procedures as appropriate.

### 1.    **Determination of Treatment of Certain Claims and Interests for Notice and Voting Purposes**

The Debtors enumerate in the Plan the class of creditors entitled to vote on the Plan.  Class 4 (General Unsecured Claims) and Class 5 (Motorola General Unsecured Claims) are designated for voting purposes as Impaired and entitled to vote on the Plan (collectively, the "<u>Voting Classes</u>").  Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), and Class 3 (Secured Claims) are designated as not impaired, deemed to have accepted the Plan, and not entitled to vote.  Finally, Class 6 (Interests) is designated for voting purposes as unimpaired under the Plan, and are therefore deemed to accept the Plan and not entitled to vote.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### 2.    Establishing a Voting Deadline

Pursuant to Bankruptcy Rule 3017(c), at the time of the approval of the Disclosure Statement, or earlier, "the court shall fix a time within which the holders of claims and interests may accept or reject the Plan." Fed. R. Bankr. P. 3017(c).  The Debtors request that the Court establish December 28, 2021 at 5:00 p.m. (Pacific Time) as the voting deadline ("Voting Deadline").[2]   The proposed Voting Deadline is approximately twenty-one (21) days after the date Solicitation Packages are expected to be distributed.

### 3.    Approval of the Form of Ballots

Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form.

Fed. R. Bankr. P. 3018(c). All votes must be cast using the appropriate ballot (collectively, the "Ballots"). The Debtors, in accordance with Bankruptcy Rule 3018(c), have prepared Ballots for Class 4 and Class 5, which are the only Voting Classes under the Plan.  Accordingly, the Debtors request that the Court approve the forms of Ballots attached hereto as **Exhibit B**.  The forms of Ballots comply with Bankruptcy Rule 3018(c) and are based substantially on Official Form No. 14, as modified to address the particular needs of these chapter 11 cases.

### 4.    Approval of Solicitation Packages and Procedures for Distribution Thereof

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interest holders for purposes of soliciting their votes and providing adequate notice of a confirmation hearing.  Upon approval of the Disclosure Statement, the Debtors propose that on or before December 7, 2021, the Debtors will serve holders of Class 4 Claims and Class 5 Claim (as of the Voting Record Date) the following: (i) the Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit C**; (ii) appropriate Ballots and a pre-addressed return envelope (without postage attached), together with voting instructions; (iii) the Disclosure Statement and the Plan; and (iv) the Disclosure Statement Order (collectively, the "Solicitation Package").

---

[2]    The Debtors reserve the right to amend the Plan, subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the terms of the Plan regarding modifications.

DOCS_LA:340109.3 38393/002

The Debtors request that the Court permit the Debtors to exclude all other parties (not identified above) from service of the Solicitation Package, including, without limitation, parties identified on the Debtors' master mailing list but who are not listed in the Schedules and have not filed a proof of claim against the Debtors' estates.[3]  The Debtors also intend to serve the Solicitation Package (excluding Ballots) upon (i) the United States Trustee, and (ii) all entities on the Bankruptcy Rule 2002 service list.  The Debtors submit that the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and should be approved.

**D.**    **Approval of Method of Tabulation of Votes and Form of Ballots**

To accurately calculate votes cast for or against the Plan, the Debtors propose a method for tabulating votes in accordance with the Bankruptcy Code and Bankruptcy Rules.  Generally, only a holder of an <u>allowed</u> claim or interest is entitled to vote to accept or reject a plan.  *See* 11 U.S.C. § 1126(a).  An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with Bankruptcy Rule 3002 for such claim or interest to be allowed, with certain exceptions.  *See* 11 U.S.C. §§ 501 and 502; Fed. R. Bankr. P. 1019(3), 3003, 3004 and 3005.  One noted exception to this general rule covers claims listed on a debtor's schedule of liabilities but not listed as contingent, unliquidated, or disputed.  *See* 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b).

In accordance with these considerations and for the purpose of tabulating votes, the Debtors propose that the amount of a claim should be either (a) the claim amount as listed in the Schedules (so long as such claim is not listed as contingent, unliquidated or disputed) if no proof of claim has been timely filed <u>and</u> no objection to the claim as scheduled has been filed no later than one day prior to the Voting Deadline (as defined below) (*see* Fed. R. Bankr. P. 3003(b)(1)), (b) the liquidated amount specified in a proof of claim timely filed and received to the extent the claim as filed is not the subject of an objection to claim filed no later than the Voting Deadline (as defined below) (*see* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3002), provided that if the claim amount asserted is unascertainable from the face of such proof of claim, then the holder of such claim shall be deemed to have a claim of one

---

[3]    *See* Fed. R. Bankr. P. 3003(c)(2) ("Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim within the time proscribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.").

DOCS_LA:340109.3 38393/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

dollar ($1) for voting amount purposes only; or (c) the amount temporarily allowed by the Court for voting purposes after notice and a hearing in accordance with Bankruptcy Rule 3018(a).

If a creditor submits a ballot, and (a) such creditor has not timely filed a proof of claim and is not listed on the Schedules as specified above, or (b) the entirety of such creditor's claim is the subject of an objection to claim, the creditor's ballot should not be counted in accordance with Bankruptcy Rule 3018, unless otherwise temporarily allowed by the Court in accordance with such Bankruptcy Rule.

In addition to the foregoing, the Debtors requests that the Court authorize the following additional procedures for voting on the Plan:

1. If a creditor submits more than one ballot voting the same claim(s) before the Voting Deadline, the last ballot received prior to the last day for submitting ballots shall supersede any prior ballot(s).

2. A ballot that partially rejects and partially accepts the Plan or that indicates both a vote for and against the same Plan, shall not be counted.

3. Votes cast by a holder of a claim pursuant to a ballot that is not signed or is not timely received shall not be counted.

4. Votes cast by a holder of a claim pursuant to a ballot that is e-mailed or faxed to the Voting Agent shall not be counted.

5. Ballots that are signed and returned but that do not provide a vote either for acceptance or rejection of the Plan shall be counted as an acceptance.

6. The authority of the signatory of each ballot to complete and execute the ballot shall be presumed.

7. A ballot that is furnished to the Voting Agent after the Voting Deadline shall not be counted.

8. All questions raised by a party in interest as to the validity, form, eligibility (including time of receipt), acceptance, and revocation of withdrawal of ballots will be determined by the Court after notice and a hearing, in the Court's discretion.

9. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to the deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

Ballots previously cast (and as to which any irregularities have not theretofore been cured or waived) will be invalid.

10. A ballot may be withdrawn by delivering a written notice of withdrawal to Debtors' counsel at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the claim to which it relates; (ii) be signed by the holder of the claim in the same manner as the ballot that it supersedes; and (iii) be received by the Voting Agent in a timely manner at the address set forth on the ballot. Any party in interest will have the right to contest the validity of any such withdrawal of ballots.

**E.    Scheduling Confirmation Hearing and Related Deadlines**

**1.    Summary of Proposed Dates and Deadlines**

The dates and deadlines proposed herein are specifically tailored to meet the requirements of the Bankruptcy Code, the Bankruptcy Rules, and this Court's general order concerning plan confirmation while permitting the Debtors to seek to confirm the Plan in a timely and efficient manner. In particular, the schedule calls for the filing of a Confirmation Brief (defined below) and any objection to confirmation *after* the Voting Deadline (defined below), all as suggested by the Court's general order.

The Debtors propose the following dates for certain events in connection with Plan confirmation:

| | |
|---|---|
| **December 7, 2021** | **Plan Solicitation Deadline** |
| **December 28, 2021** | **Voting Deadline** |
| **January 6, 2022** | **Plan Objection Deadline** |
| **January 13, 2022** | **Confirmation Brief Deadline & Voting Report Deadline** |
| **January 13, 2022** | **Confirmation Reply Deadline** |
| **January 20, 2022** | **Plan Confirmation Hearing Date** |

**2.    Plan Solicitation Deadline**

The Debtors request that the Court set December 7, 2021, *i.e.*, three (3) business days after the order approving the Disclosure Statement is entered on the docket, as the last date by which the Solicitation Packages must be distributed to parties entitled to receive them.

**3.    Voting Deadline**

Pursuant to Bankruptcy Rule 3017(c), "[o]n or before the approval of the disclosure statement,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the court shall fix a time within which the holders of claims and interests may accept or reject the plan

. . . ."  Accordingly, the Debtors request that the Court fix December 28, 2021, approximately twenty-

one (21) calendar days after the Solicitation Packages will have been mailed, as the last date on which

all ballots must be received by Debtors' counsel in order to be valid (the "Voting Deadline").  This

Voting Deadline will afford creditors ample time to vote yet it will allow the Debtors sufficient time

to file its Confirmation Brief (defined below) with sufficient notice prior to the Confirmation Hearing.

### 4.    The Confirmation Brief and Voting Report Deadline

The Debtors request that the Court set January 13, 2022 (the "Confirmation Brief Deadline"),

as the deadline for filing and serving any briefs in support of confirmation (the "Confirmation Brief").

The Debtors request that the Court order that the only entities upon whom the Debtors must serve the

Confirmation Brief are the U.S. Trustee, all parties who requested special notice pursuant to

Bankruptcy Rule 2002, and any entity that filed an objection to the Plan.  The Debtors further request

that January 13, 2022 (the "Voting Report Deadline") be set as the deadline for filing the ballot

summary report.

### 5.    Objections to Confirmation

Pursuant to Bankruptcy Rule 3020(b)(1), "objections to the confirmation of the plan shall be

filed and served . . . within a time fixed by the court."  The Debtors submit that the Court should fix

January 6, 2022, a date that will be approximately two weeks prior to the Confirmation Hearing, as

the last day to file and serve objections to the Plan ("Confirmation Objection Deadline").  This time

frame complies with Bankruptcy Rule 2002(b).

The Debtors further request that the Court order (a) that Plan objections must be set forth in a

written statement and be accompanied by a memorandum of points and authorities and any supporting

evidence, and (b) that any objections not timely filed and served are deemed waived.

### 6.    The Confirmation Hearing

The Debtors respectfully request a hearing on confirmation of the Plan be scheduled for

January 20, 2022 at 10:30 a.m. (Pacific Time), which time frame complies with applicable Bankruptcy

Rules and Local Rules.

11

DOCS_LA:340109.3 38393/002

1

**IV.**

2

**CONCLUSION**

3    The Debtors respectfully submit that the Disclosure Statement contains adequate information

4    to allow claimants to make an informed decision as to whether to vote to accept or reject the Plan, and

5    the procedures proposed above are reasonable and appropriate and conform to the requirements of the

6    Bankruptcy Code and Bankruptcy Rules.

7    **WHEREFORE**, the Debtors request that this court enter an Order (a) approving the

8    Disclosure Statement; (b) approving the voting procedures as proposed; (c) approving the forms of

9    Notice and Ballots submitted herewith; (d) approving the manner of notice; (e) establishing the

10    relevant deadlines and dates requested herein; and (f) granting such other and further relief as may be

11    just and proper.

12

13    Dated:    October 21, 2021                PACHULSKI STANG ZIEHL & JONES LLP

14                                     By     */s/ Jason H. Rosell*

15                                            Ira D. Kharasch (CA Bar No. 109084)
                                             John W. Lucas (CA Bar No. 271038)
16                                           Jason H. Rosell (CA Bar No. 269126)
                                             Victoria A. Newmark (CA Bar No.
17                                           183581)

18                                           *Counsel to the Debtors and*
                                             *Debtors in Possession*

19

20

21

22

23

24

25

26

27

28

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

12

**<u>DECLARATION OF DAVID STAPLETON</u>**

I, David Stapleton, being duly sworn, says:

1.       I am the Chief Restructuring Officer of the above-captioned debtors (the "<u>Debtors</u>").  I am also President of Stapleton Group ("<u>SG</u>"), a consulting firm that provides services involving, among other things, interim and wind-down management, turnaround, crisis management and financial restructuring in chapter 11 cases. On February 2, 2021, the Court approved my engagement as CRO of the Debtors.  My responsibilities include the disposition of the Debtors' remaining assets and wind down of the estates.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Motion for Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date; (C) Approving Solicitation and Voting Procedures; (D) Approving Form of Solicitation Materials; and Setting Confirmation Hearing and Deadlines in Connection Therewith* (the "<u>Motion</u>").

2.       Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, information supplied by employees under my supervision, or my opinion based on experience, knowledge, and information concerning the operations of the Debtors.

3.       I participated in the preparation of the Disclosure Statement and Plan, reviewed these documents prior to their filing, and approved such filing.  All facts set forth in the Motion and the Disclosure Statement and Plan are true to the best of my knowledge.

4.       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 21, 2021
          Los Angeles, California

David Stapleton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

## Proposed Disclosure Statement Order

1  Ira D. Kharasch (CA Bar No. 109084)
   John W. Lucas (CA Bar No. 271038)
2  Jason H. Rosell (CA Bar No. 269126)
   Victoria A. Newmark (CA Bar No. 183581)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 277-6910
5  Facsimile:  (310) 201-0760
   E-mail:  ikharasch@pszjlaw.com
6          jlucas@pszjlaw.com
           jrosell@pszjlaw.com
7          vnewmark@pszjlaw.com

8  Counsel to Debtors and Debtors in Possession

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                   **SANTA ANA DIVISION**

12 | In re: | Case No.  8:20-bk-11507-ES |

13 | HCA WEST, INC., *et al.*, | Chapter 11 |

14 | Debtors and Debtors-in- Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |

15 | Affects: |  |

16 | ☒  All Debtors | **ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION AND VOTING PROCEDURES; (D) APPROVING FORM OF SOLICITATION MATERIALS; AND (E) SETTING CONFIRMATION HEARING AND DEADLINES IN CONNECTION THEREWITH** |

17 | ☐  HCA WEST, INC., ONLY |  |

18 | ☐  HAI EAST, INC., ONLY |  |

19 | ☐  HNA, INC., ONLY |  |

20

21

22

23          Upon the Motion of the above-captioned debtors and debtors in possession (collectively, the

24  "Debtors") seeking the entry of an order (a) approving the *First Amended Disclosure Statement in*

25  *Support of First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 566] (the "Disclosure

26  Statement") in connection with the *First Amended Joint Chapter 11 Plan of Liquidation* [Docket No.

27  563] (the "Plan"); (b) fixing a voting record date pursuant to Bankruptcy Rule 3018(c) for determining,

28  among other things, those creditors entitled to receive ballots and solicitation materials; (c) approving

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

solicitation and voting procedures; (d) approving the form of the solicitation package and notices to be distributed with respect thereto; and (e) setting plan confirmation-related deadlines and procedures (the "<u>Motion</u>");[4] and the Court having conducted a hearing on December 2, 2021 to consider the relief requested in the Motion (the "<u>Disclosure Statement Hearing</u>"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due, adequate, and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and appearances having been noted in the record; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all other parties-in-interest; and after due deliberation,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED.

2.     The Disclosure Statement complies with section 1125 of the Bankruptcy Code and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

3.     <u>Solicitation</u>.

      a.     The Solicitation Procedures are hereby approved and the Debtors' rights are reserved, subject to Court approval, to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

      b.     The forms of Ballots and voting instructions, substantially in the form attached to the Motion as <u>Exhibit B-1</u> (Class 4 Ballot) and <u>Exhibit B-2</u> (Class 5 Ballot), are hereby approved.

      c.     The Confirmation Hearing Notice, substantially in the form attached to the Motion as <u>Exhibit C</u>, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

      d.     The Disclosure Statement, the Plan, the Confirmation Hearing Notice, and, if applicable, a Ballot, shall be mailed to all creditors, equity security holders, and

---

[4]    A capitalized term not defined herein shall have the meaning ascribed to it in the Motion or Plan, as applicable.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1      to the Office of the United States Trustee, pursuant to Bankruptcy Rule 3017(d)

2      on or before **December 7, 2021**.

3    4.    Voting.

4      a.    The Voting Record Date shall be **December 7, 2021**.

5      b.    The Voting Deadline, *i.e.*, the date by which Ballots must be received as set

6      forth in herein, shall be **December 28, 2021, at 5:00 p.m. (PT)**.

7      c.    All Ballots must be properly executed, completed, and delivered by (a) first-

8      class mail, in the return envelope provided with each Ballot; (b) overnight

9      courier; or (c) personal delivery, so that the Ballots are actually received, in any

10      case, no later than the Voting Deadline by the Voting Agent at the following

11      address:  HCA West, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955

12      De Soto Ave., Suite 100, Woodland Hills, CA 91367.

13    5.    Plan Confirmation.

14      a.    A hearing on confirmation of the Plan (the "Confirmation Hearing") shall be

15      held on **January 20, 2022 at 10:30 a.m. (Pacific Time)** or as soon thereafter

16      as counsel may be heard.  The Confirmation Hearing may be continued from

17      time to time by announcing such continuance in open court, and the Plan may

18      be further modified, if necessary, pursuant to section 1127 of the Bankruptcy

19      Code prior to, during, or as a result of the Confirmation Hearing, without further

20      notice to parties-in-interest.

21      b.    **January 13, 2022** is fixed as the last day on which the Debtors must file and

22      serve a brief in support of the Plan (the "Confirmation Brief"), including a

23      declaration (the "Voting Report") setting forth a tally of the Ballots cast with

24      respect to the Plan and attaching thereto the original Ballots, and setting forth

25      evidence that the Debtors have complied with all the requirements for

26      confirmation of the Plan as are set forth in Section 1129 of the Bankruptcy

27      Code.  The Confirmation Brief and Voting Report shall be served upon the

28      Office of the United States Trustee, counsel for the Official Committee of

Unsecured Creditors, any entity that filed a Plan Objection (defined below), and all parties who requested special notice pursuant to Federal Rule Bankruptcy Procedure 2002.

c.    Any objections to the Plan (the "<u>Plan Objections</u>") must be filed by **January 6, 2022** (the "<u>Confirmation Objection Deadline</u>"), and must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party against or in the Debtors, their estates, or their property, and (c) be filed, together with proof of service, with the Court and served so that they are received by counsel to the Debtors and counsel to the United States Trustee by the Confirmation Objection Deadline.

d.    Any reply to any Confirmation Objection must be filed no later than **January 13, 2022** and must be served upon the objecting party in accordance with the Local Rules.

6.    Any alleged Creditor seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), whether because such alleged Creditor is not entitled to vote such Claim under the Solicitation Procedures, or because the alleged Creditor wishes to have its Claim allowed for purposes of voting in a manner that is inconsistent with the Ballot it received, or because the Debtors have filed an objection to such Claim, or for any other reason, such alleged Creditor must file and serve a motion for relief and notice of hearing on such motion for relief no later than **December 21, 2021 at 4:00 p.m. (Pacific Time)**.

7.    For the avoidance of doubt, Omni Agent Solutions is authorized to serve as the Debtors' balloting and tabulation agent on the terms and conditions set forth in its *Standard Services Agreement* dated June 6, 2020 [Docket No. 74].

8.    Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

###

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B-1

### Class 4 Ballot

### (Non-Motorola General Unsecured Claims)

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.  8:20-bk-11507-ES |
| HCA WEST, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| Affects: | |
| ☐  All Debtors | **CLASS 4 BALLOT  (NON-MOTOROLA GENERAL UNSECURED CLAIMS) FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION** |
| ☐  HCA WEST, INC., ONLY | |
| ☐  HAI EAST, INC., ONLY | |
| ☐  HNA, INC., ONLY | |

The *First Amended Joint Chapter 11 Plan of Liquidation* (as amended or supplemented and including all exhibits and supplements thereto, the "Plan"), can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan.  In the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete and return this Ballot as directed below.

The undersigned, a holder of a **Class 4 Claim (Non-Motorola General Unsecured Claim)** against the above-named Debtors in the unpaid principal amount of $_____

☐          Accepts the Plan

☐          Rejects the Plan

Dated:      _____

_____
[Signature of person executing ballot]

_____
[print or type name and title (if any) of person signing]

_____
[print or type name of claimant]

_____
[print of type address]

_____
[city, state, zip]

TO BE COUNTED, THIS BALLOT MUST BE RECEIVED BY THE VOTING AGENT AT HCA WEST, INC. BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367, NO LATER THAN **5:00 P.M. (PACIFIC TIME) ON DECEMBER 28, 2021**.  THE BALLOT WILL NOT BE ACCEPTED BY EMAIL OR FACSIMILE.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B-2

### Class 5 Ballot

### (Motorola General Unsecured Claims)

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.  8:20-bk-11507-ES |
| HCA WEST, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| Affects: | **CLASS 5 BALLOT  (MOTOROLA GENERAL UNSECURED CLAIMS) FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION** |

☐ All Debtors

☐ HCA WEST, INC., ONLY

☐ HAI EAST, INC., ONLY

☐ HNA, INC., ONLY

The *First Amended Joint Chapter 11 Plan of Liquidation* (as amended or supplemented and including all exhibits and supplements thereto, the "Plan"), can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan.  In the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete and return this Ballot as directed below.

The undersigned, a holder of a **Class 5 Claim (Motorola General Unsecured Claim)** against the above-named Debtors in the unpaid principal amount of \$_____

☐              Accepts the Plan

☐              Rejects the Plan

Dated:    _____              _____
                                                   [Signature of person executing ballot]

                                                   _____
                                                   [print or type name and title (if any) of person signing]

                                                   _____
                                                   [print or type name of claimant]

                                                   _____
                                                   [print of type address]

                                                   _____
                                                   [city, state, zip]

TO BE COUNTED, THIS BALLOT MUST BE RECEIVED BY THE VOTING AGENT AT HCA WEST, INC. BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367, NO LATER THAN **5:00 P.M. (PACIFIC TIME) ON DECEMBER 28, 2021**.  THE BALLOT WILL NOT BE ACCEPTED BY EMAIL OR FACSIMILE.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT C

## Confirmation Hearing Notice

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
Los Angeles, California

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:   ikharasch@pszjlaw.com
          jlucas@pszjlaw.com
          jrosell@pszjlaw.com
          vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>      Debtors and Debtors-in Possession.<br><br>Affects:<br><br>☒  All Debtors<br><br>☐  HCA WEST, INC., ONLY<br><br>☐  HAI EAST, INC., ONLY<br><br>☐  HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**NOTICE OF (1) APPROVAL OF DISCLOSURE STATEMENT; (2) PLAN CONFIRMATION HEARING; AND (3) DATES AND DEADLINES RELATING TO PLAN CONFIRMATION HEARING**<br>**Confirmation Hearing:**<br><br>Date:    January 20, 2022<br>Time:    10:30 a.m. (Pacific Time)<br>Place:   ZoomGov |

**TO ALL CREDITORS OF DEBTORS AND THE UNITED STATES TRUSTEE**:

      **PLEASE TAKE NOTICE** that the Court has approved the *First Amended Disclosure Statement* (the "Disclosure Statement") in support of the *First Amended Joint Chapter 11 Plan of Liquidation* (the "Plan"), filed in the above-captioned chapter 11 cases.  The Court has set a hearing to consider confirmation of the Plan (the "Confirmation Hearing").  The Confirmation Hearing will be held before the Honorable Erithe A. Smith, United States Bankruptcy Judge, Central District of

California, on **January 20, 2022 at 10:30 a.m. (Pacific Time)**.

      **PLEASE TAKE FURTHER NOTICE that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided below.

      **PLEASE TAKE FURTHER NOTICE** that video and audio connection information for the hearing will be provided on Judge Smith's publicly posted hearing calendar, which may be viewed online at: https://www.cacb.uscourts.gov/judges/honorable-erithe-smith. For more details on appearing via ZoomGov, please see the "Notice of Video and Telephonic Appearance Procedures" in the Telephonic Instructions section of the referenced website.

      **PLEASE TAKE FURTHER NOTICE** that the following is the unique ZoomGov connection information for the above-referenced hearing:

Meeting URL:          [●]

Meeting ID:           [●]

Password:            [●]

Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

      **PLEASE TAKE FURTHER NOTICE** that more information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

      The Court has fixed **January 13, 2022** as the last day for the Debtors to file and serve their brief in support of confirmation of the Plan. The Court has fixed **January 6, 2022**, as the last day for any interested party to file and serve any opposition to confirmation of the Plan. The Court has fixed **January 13, 2022** as the last day for any interested party to file and serve a reply to any opposition to confirmation of the Plan. Any Plan objections must be set forth in a written statement and be accompanied by a memorandum of points and authorities and any supporting evidence and must be timely filed and served or be deemed waived. Any objections to confirmation of the Plan must be served on the Debtors' counsel. Failure to timely file and serve an opposition may be deemed by the Court to be consent to confirmation of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**THE PLAN CONTAINS EXCULPATION, RELEASE, AND RELATED PROVISIONS**

In accordance with Bankruptcy Rule 3016(c), the Debtors note that the following provisions are included in Section 12 of the Plan and Article VII(E) of the Disclosure Statement.

**Section 12.2 of the Plan - Exculpation for Estate Fiduciaries**

**Upon the occurrence of the Effective Date, except as otherwise specifically provided herein or any Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from any claim, obligation, cause of action, or liability for any Exculpated Claim, except for gross negligence, willful misconduct, fraud, or criminal conduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon confirmation of the Plan, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

**Section 12.3 of the Plan - Injunction**

**The Plan provides, and the Confirmation Order shall provide, among other things, that any Person (other than the Debtors, the Committee, the Debtors' Estates or the Liquidation Trustee) who has held, holds, or may hold a claim against, interest in, or right with respect to the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, or any claim against or interest in the Debtors, the Debtors' Estates or the Liquidation Trust for which the Debtors' Estates or the Liquidation Trust are or may be liable is, with respect to any such claim, interest, or right, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Chapter 11 Cases to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim), absent further order of the Bankruptcy Court: (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting any of the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, on account of any claim for which the Debtors or Liquidation Trustee are directly or indirectly liable, including without limitation, by way of contribution, indemnity or otherwise; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (v) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan against the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; and (vi) acting to obtain possession of the Liquidation Trust Assets or to exercise control over the Liquidation Trust Assets or any rights or interests of the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustee with respect to the Assets or the Liquidation Trust Assets. If the Liquidation Trustee, the Liquidation Trust Assets or the Debtors' Estates are injured by any willful violation of such injunction, the Liquidation Trustee shall be entitled to seek actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive**

damages, from the willful violator(s).  Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable.  Nothing herein shall impair or delay any rights of any Holder of a Claim against the Debtors, their Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, to pursue any action against any third party who may be directly liable to such Holder.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the Liquidation Trustee's rights, power, and authority under the Plan and the Liquidation Trust Agreement.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the ability of a party that was granted relief from the automatic stay during the Cases to liquidate its claims, from continuing to liquidate such claims in the applicable court.

### Section 12.4 of the Plan - Releases by the Debtors

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of these Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements, or documents executed and delivered in connection with the Plan, including the Insider Contribution, the Released Parties are deemed forever released and discharged by the Debtors and Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other entity, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, these Chapter 11 Cases, the Plan, the Disclosure Statement, or related agreements, instruments or other documents, including any rights or remedies under section 506 of the Bankruptcy Code, other than Claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, actual fraud or willful misconduct, as determined by a Final Order.

For the avoidance of doubt, the foregoing releases include the release of any Claims of the Debtors and the Estates relating to, arising from, or in connection with the Antitrust Action; *provided*, *however*, nothing in this Plan, the Disclosure Statement, or the Confirmation Order shall be deemed to amend, limit, modify, or otherwise affect any obligation, requirement, defense or claim or remedy or relief for Motorola or the Insiders (or any person or entity claiming by or through the Insiders) in any dispute, action, or matter between Motorola and the Insiders (or any person or entity claiming by or through the Insiders), including the Antitrust Action, Patent Action, or Trade Secret Action.

Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the releases herein which include by reference each of the related provisions and definitions contained herein.

### Section 12.5 of the Plan - Satisfaction and Release of Insider Claims

As of the Effective Date, for good and valuable consideration, including the releases set forth in Section 12.4 of this Plan, the Insiders have agreed to forego any distribution from the Debtors and the Estates on account of the Insiders' Claims, including the Insider Proofs of Claims, and compromise and settle such Claims in this Plan.  As of the Effective Date, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Debtors and the Estates are deemed forever released and discharged by the Insiders from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Insiders, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Insiders would have been legally entitled to assert based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, these Chapter 11 Cases, the Plan, the Disclosure Statement, or related agreements, including, but not limited to, the Insider Claims; *provided, however*, nothing in this Section 12.5, this Plan, the Disclosure Statement, or the Confirmation Order shall be deemed to amend, limit, modify, or otherwise affect any right, obligation, requirement, defense or claim or remedy or relief for the Insiders (or any person or entity claiming by or through the Insiders) against Motorola, including in the Antitrust Action, Patent Action, or Trade Secret Action.**

**For the avoidance of doubt, upon the Effective Date, the Insider Proofs of Claim and any amounts identified on the Debtors' Schedules of Assets and Liabilities as being owed to the Insiders are deemed satisfied by the terms of this Plan.**

## COPIES OF SOLICITATION PACKAGE MATERIALS

In order to be counted, all Ballots with respect to the Plan must be received by the Voting Agent at HCA West, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, no later than **5:00 p.m. (Pacific Time) on December 28, 2021**.  Ballots may be sent to the Voting Agent by mail, overnight or hand delivery.  Ballots will not be accepted by email or facsimile.

If you are entitled to vote on the Plan, you are being sent a Ballot and a copy of the Disclosure Statement and the Plan.  If you are not entitled to vote, but would like to receive a copy of any document, please contact Debtors' counsel below.

Dated:    December __, 2021            PACHULSKI STANG ZIEHL & JONES LLP


By      */s/ DRAFT*
        Ira D. Kharasch (CA Bar No. 109084)
        John W. Lucas (CA Bar No. 271038)
        Jason H. Rosell (CA Bar No. 269126)
        Victoria A. Newmark (CA Bar No. 183581)

        *Counsel to the Debtors and*
        *Debtors in Possession*