Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:  ikharasch@pszjlaw.com
         jlucas@pszjlaw.com
         jrosell@pszjlaw.com
         vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>               Debtors and Debtors-in<br>               Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ HCA WEST, INC., ONLY<br><br>☐ HAI EAST, INC., ONLY<br><br>☐ HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................... 1

SECTION 1.          RULES OF INTERPRETATION ........................................................ 1

SECTION 2.          PLAN OBJECTIVES ......................................................................... 1

SECTION 3.          METHOD OF CLASSIFICATION OF CLAIMS ............................... 2

3.1     General Rules of Classification .............................................. 2

3.2     Holders of Claims Entitled to Vote ........................................ 2

3.3     Administrative and Priority Claims ........................................ 2

SECTION 4.          TREATMENT OF CLAIMS AND INTERESTS ............................. 2

4.1     Summary of Claims' Treatment .............................................. 2

4.2     Postpetition Interest on Claims .............................................. 3

4.3     Insurance ............................................................................... 3

4.4     Full Satisfaction of Claims .................................................... 3

SECTION 5.          ADMINISTRATIVE AND PRIORITY TAX CLAIMS ................... 3

5.1     Administrative Expense Claims .............................................. 3

5.2     Professional Fee Claims ......................................................... 4

5.3     Priority Tax Claims ................................................................ 5

SECTION 6.          CLASSIFICATION AND TREATMENT OF CLAIMS ................... 5

6.1     Class 1:  Other Priority Claims ............................................. 5

6.2     Class 2:  Secured Tax Claims ................................................ 5

6.3     Class 3:  Secured Claims ....................................................... 6

6.4     Class 4:  Non-Motorola General Unsecured Claims .............. 6

6.5     Class 5:  Motorola General Unsecured Claims ...................... 7

6.6     Class 6:  Interests ................................................................. 7

SECTION 7.          ACCEPTANCE OR REJECTION OF THE PLAN ......................... 7

7.1     Administrative Expense Claims and Priority Tax Claims ....... 7

7.2     Class 1:  Other Priority Claims ............................................. 7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

i

7.3    Class 2:  Secured Tax Claims ............................................................... 8

7.4    Class 3:  Secured Claims ...................................................................... 8

7.5    Class 4: Non-Motorola General Unsecured Claims ............................ 8

7.6    Class 5: Motorola General Unsecured Claims .................................... 8

7.7    Class 6: Interests ................................................................................. 8

7.8    Ballots ................................................................................................. 8

7.9    Elimination of Vacant Classes ............................................................ 8

SECTION 8.    MEANS FOR IMPLEMENTATION OF THE PLAN ....................... 8

8.1    Substantive Consolidation .................................................................. 8

8.2    The Liquidation Trust ......................................................................... 9

8.3    The Source of Distributions .............................................................. 13

8.4    Claims Reconciliation Process ......................................................... 13

8.5    Preservation of Right to Conduct Investigations .............................. 13

8.6    Preservation of Privilege and Defenses ............................................ 13

8.7    Abandonment of Property ................................................................. 13

SECTION 9.    CLAIMS RECONCILIATION PROCESS ..................................... 14

9.1    Objections to, and Resolution, of Disputed Claims .......................... 14

9.2    [Reserved] ......................................................................................... 14

9.3    Claim Objections .............................................................................. 14

9.4    Estimation of Certain Claims ........................................................... 14

SECTION 10.    DISTRIBUTIONS ..................................................................... 14

10.1    Manner of Cash Payments .............................................................. 14

10.2    Setoff and Recoupment ................................................................... 15

10.3    No De Minimis Distributions ........................................................... 15

10.4    No Distributions With Respect to Disputed Claims ......................... 15

10.5    No Interim Distributions .................................................................. 15

10.6    Undeliverable or Unclaimed Distributions ...................................... 15

SECTION 11.    LITIGATION ............................................................................ 16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ii

DOCS_SF:104846.14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11.1    Preservation of Causes of Action.................................................................. 16

SECTION 12.    EXCULPATION AND INJUNCTION ........................................... 18

12.1    Term of Bankruptcy Injunction or Stay ...................................................... 18

12.2    Exculpation for Estate Fiduciaries ............................................................. 18

12.3    Injunction .................................................................................................... 18

12.4    Releases by the Debtors .............................................................................. 19

12.5    Satisfaction and Release of Insider Claims Against the Debtors................. 19

12.6    Reservation of Rights of Motorola and the Insiders ................................... 20

12.7    Preservation of Insurance............................................................................ 20

SECTION 13.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES........................ 20

13.1    Deemed Rejected ........................................................................................ 20

13.2    Bar Date for Rejection Damage Claims...................................................... 21

SECTION 14.    RETENTION OF JURISDICTION............................................... 21

14.2    Successors and Assigns............................................................................... 22

14.3    Saturday, Sunday, or Legal Holiday. .......................................................... 22

SECTION 15.    MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN ........... 23

15.1    Modification and Amendments.................................................................... 23

15.2    Effect of Confirmation on Modifications. .................................................. 23

15.3    Revocation or Withdrawal of this Plan. ...................................................... 23

SECTION 16.    MISCELLANEOUS PLAN PROVISIONS ................................... 23

16.1    Conditions Precedent to the Effective Date. ............................................... 23

16.2    Entire Agreement. ....................................................................................... 24

16.3    Binding Effect. ............................................................................................ 24

16.4    [Reserved] ................................................................................................... 24

16.5    Plan Supplement. ........................................................................................ 24

16.6    Dissolution of the Board of Directors. ....................................................... 24

16.7    Dissolution of Committee. .......................................................................... 25

16.8    Right to Convert or Dismiss any Chapter 11 Case. .................................... 25

16.9    Entry of a Final Decree. .................................................................. 25

16.10   U.S. Trustee Fees and Quarterly Reports. ....................................... 25

16.11   Post-Effective Date Effect of Evidences of Claims. ........................ 25

16.12   Cancellation of Interests. ................................................................. 26

16.13   Non-discharge of the Debtors' Debts. .............................................. 26

16.14   No Recourse. ..................................................................................... 26

16.15   No Admissions. .................................................................................. 26

16.16   Severability of Plan Provisions. ...................................................... 26

16.17   Governing Law. ................................................................................. 27

SECTION 17.    RECOMMENDATIONS AND CONCLUSION ........................... 27

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

# INTRODUCTION

On May 26, 2020, Hytera Communications America (West), Inc. ("Hytera West"), Hytera America Incorporated ("Hytera East"), and HYT North America, Inc. ("HYT North America"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Chapter 11 Cases").[1]  The Chapter 11 Cases are jointly administered.

The Debtors propose this *Second Amended Joint Chapter 11 Plan of Liquidation* (as it may be further amended, modified, or supplemented from time to time, together with any and all exhibits and schedules attached hereto or referenced herein, this "Plan") for the resolution and satisfaction of all Claims against and Interests in the Debtors.

Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Debtors reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation. Reference is made to the Disclosure Statement for a discussion of the Debtors' history and assets, a summary and analysis of this Plan, and certain related matters, including the distributions to be made under this Plan and the risk factors relating to the consummation of this Plan.  A capitalized term used but not defined herein shall have the meaning ascribed to it in Appendix 2.

# SECTION 1.  RULES OF INTERPRETATION

Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, this Plan, as the same may be amended, supplemented, waived, or modified from time to time.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to this Plan. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit or schedule as it may have been amended, restated, revised, supplemented or otherwise modified.  If a time or date is specified for any payments or other Distribution under this Plan, it shall mean on or as soon as reasonably practicable thereafter.  In the event of any ambiguity or conflict between this Plan and the Disclosure Statement, the provisions of this Plan shall control.

# SECTION 2.  PLAN OBJECTIVES

The Plan contemplates the substantive consolidation of the Estates into a single Estate for all purposes associated with Confirmation and Consummation.   The Plan also provides for the establishment of a Liquidation Trust on the Effective Date for the primary purpose of administering and liquidating the Liquidation Trust Assets and for the secondary purposes of, *inter alia*, (a) analyzing and pursuing Causes of Action, including collecting accounts receivable, (b) resolving all Administrative Expense Claims, Professional Fee Claims, and Claims, and (c) making all Distributions provided for under the terms of the Plan.  The Liquidation Trust shall be under the direction and control of the Liquidation Trustee, as trustee of the Liquidation Trust.  On the Effective Date, all of the Estates' Assets, which are principally Cash and the Causes of Action, shall vest in the Liquidation Trust.  The Plan contemplates monetization of these Assets and the distribution of the net proceeds thereof to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1]    A table identifying each Debtor, its chapter 11 bankruptcy case number, and the last four digits of its federal tax identification number is provided on Appendix 1.

Claims, and Allowed Claims in order of their payment priority as prescribed by the Plan in satisfaction of the Debtors' obligations hereunder.

## SECTION 3.   METHOD OF CLASSIFICATION OF CLAIMS

### 3.1      General Rules of Classification

The Plan divides Holders of Administrative Expense Claims, Professional Fee Claims, Claims, and Interests into different groups and Classes based on their legal rights and interests, and provides for the satisfaction from the Liquidation Trust Assets of Administrative Expense Claims, Professional Fee Claims, and Claims.  Section 5 of the Plan describes the categories of Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims, all of which are not classified.  Section 6 of the Plan classifies Claims and Interests, for all purposes, including voting, confirmation, and distributions under the Plan.  A Claim or Interest is classified in a particular Class only to the extent the Claim or Interest falls within the Class description.  To the extent part of the Claim or Interest falls within a different Class description, the Claim or Interest is classified in that different Class.  A Claim or Interest is in a particular Class only to the extent that such Claim or Interest is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date.

Pursuant to Section 8.1 below, and for the reasons set forth in the Disclosure Statement, the Plan provides for the substantive consolidation of the Estates into a single Estate for all purposes associated with Confirmation and Consummation.  As a result of the substantive consolidation of the Estates, each Class of Claims and Interests will be treated as against a single consolidated Estate without regard to the separate identification of the Debtors, and all Claims filed against more than one Debtor either on account of joint and several liability or on account of the same debt shall be deemed a single Claim against the consolidated Estates; *provided*, *however*, in the event the Bankruptcy Court does not approve the substantive consolidation of the Estates, each Class of Claims and Interests will be subdivided by Estate and each Estate's assets will be distributed to the holders of Allowed Claims in accordance with the absolute priority rule as set forth in this Plan.  The Solicitation Procedures Order shall provide that the Debtors will tabulate votes on both a consolidated and unconsolidated basis.

### 3.2      Holders of Claims Entitled to Vote

Each Holder of an Allowed Class 4 Claim (Non-Motorola General Unsecured Claims) or an Allowed Class 5 Claim (Motorola General Unsecured Claim), and each Holder of a Class 4 Claim or Class 5 Claim that has been temporarily allowed for voting purposes by an order under Bankruptcy Rule 3018(a) shall be entitled to vote separately to accept or reject the Plan as provided by the Solicitation Procedures Order.  Any Unimpaired Class of Claims shall be deemed to have accepted the Plan.

### 3.3      Administrative and Priority Claims

Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and are excluded from the Classes set forth in Section 6 of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

## SECTION 4.   TREATMENT OF CLAIMS AND INTERESTS

### 4.1      Summary of Claims' Treatment

The following table summarizes the classification and treatment of the Classes of Claims and Interests under the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:104846.14

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| **CLASS 1** | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| **CLASS 2** | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| **CLASS 3** | Secured Claims | Unimpaired | No - Deemed to Accept |
| **CLASS 4** | General Unsecured Claims | Impaired | Yes |
| **CLASS 5** | Motorola General Unsecured Claims | Impaired | Yes |
| **CLASS 6** | Interests | Impaired | No - Deemed to Reject |

4.2    Postpetition Interest on Claims

Except as required by applicable bankruptcy law, postpetition interest shall not accrue or be payable on account of any Claim.

4.3    Insurance

Notwithstanding anything to the contrary herein, if any Allowed Claim is covered by an insurance policy, such Claim shall first be paid from the proceeds of such insurance policy, with the balance, if any, treated in accordance with the provisions of this Plan governing the Class applicable to such Claim.

4.4    Full Satisfaction of Claims

The treatment in the Plan is in full and complete satisfaction of all of the legal, contractual, and equitable rights that each Holder of an Allowed Claim or an Allowed Interest may have in or against the Debtors or their property.  This treatment supersedes and replaces any agreements or rights those Holders have in or against the Debtors or their property.  All Distributions under the Plan will be tendered to the entity holding the Allowed Claim.

**EXCEPT AS SPECIFICALLY SET FORTH IN THE PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY ADMINISTRATIVE EXPENSE CLAIM, PROFESSIONAL FEE CLAIM, OR CLAIM THAT IS NOT ALLOWED.**

**SECTION 5.  ADMINISTRATIVE AND PRIORITY TAX CLAIMS**

5.1    Administrative Expense Claims

(a)    *Treatment*.  Except as otherwise provided in Section 5.1(b) of the Plan, or to the extent that a Holder of an Allowed Administrative Expense Claim agrees to different treatment with the Debtors or Liquidation Trustee, each Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to the unpaid amount of such Allowed Administrative Expense

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

Claim on the later of the Effective Date or the date on which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable; *provided*, *however*, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtors, as debtors in possession, or liabilities arising under obligations incurred by the Debtors, as debtors in possession, prior to the Effective Date, shall be paid by the Debtors, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions, including, but not limited to, any applicable orders of the Bankruptcy Court. In addition, Allowed Administrative Expense Claims of the United States Trustee for statutory fees under 28 U.S.C. § 1930 incurred prior to the Effective Date shall be paid on the Effective Date by the Debtors, and thereafter, as such fees may thereafter accrue and be due and payable, by the Liquidation Trustee in accordance with the applicable schedule for payment of such fees.

(b)    *Administrative Expense Claims Bar Date*.    To be eligible to receive Distributions under the Plan on account of an Administrative Expense Claim that is not otherwise Allowed by the Plan, a request for payment of an Administrative Expense Claim must have been or be filed with the Bankruptcy Court on or before the First Administrative Expense Claims Bar Date or the Second Administrative Expense Claims Bar Date, as applicable, or such other date as may be agreed to by the Liquidation Trustee. Any Administrative Expense Claims that are not asserted in accordance herewith and with Section 5.1(a) of the Plan shall be deemed disallowed under the Plan and shall be forever barred against the Debtors, their Estates, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

5.2    Professional Fee Claims

Each Professional requesting compensation for services rendered and reimbursement for expenses incurred during the period from the Petition Date through the Effective Date must (i) file and serve a properly noticed final fee application by no later than 45 days after the Effective Date and (ii) be paid (a) the full unpaid amount as is Allowed by the Bankruptcy Court within 7 days after the date that such Claim is Allowed by Order of the Bankruptcy Court, or (b) upon such other terms as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and the Liquidation Trustee. Any Professional Fee Claim that is not asserted in accordance with this Section 5.2 shall be deemed disallowed under this Plan and shall be forever barred against the Debtors, the Estates, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

(a)    *Professional Fee Estimate*.    Professionals shall estimate in good faith their unpaid Professional Fee Claims and other unpaid fees and expenses incurred in rendering services to the Debtors before and as of the Effective Date and shall deliver such reasonable, good faith estimate to the Debtors and the Committee no later than 7 days prior to the Effective Date; provided, that such estimate shall not be deemed to limit the amount of the fees and expenses that are the subject of the Professional's final request for payment of Professional Fee Claims. If a Professional does not provide an estimate, the Committee, in consultation with the Debtors, shall estimate in good faith the unpaid and unbilled fees and expenses of such Professional.

(b)    *Professional Fee Escrow*. If the Professional Fee Claims Estimate is greater than zero, as soon as reasonably practicable and no later than the Effective Date, the Debtors shall fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Claims Estimate, and no Liens, Claims, or Interests shall encumber the Professional Fee Escrow in any way. The Professional Fee Escrow Account (including funds held in the Professional Fee Escrow) (i) shall

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

not be and shall not be deemed property of the Debtors or the Liquidation Trust and (ii) shall be held in trust for the Professionals; provided that funds remaining in the Professional Fee Escrow Account after all Allowed Professional Fee Claims have been irrevocably paid in full shall revert to the Liquidation Trust.  Allowed Professional Fee Claims shall be paid in Cash to such Professionals from funds held in the Professional Fee Escrow Account when such Claims are Allowed by an order of the Bankruptcy Court; provided further that the Debtors' obligations with respect to Professional Fee Claims shall not be limited nor deemed to be limited in any way to the balance of funds held in the Professional Fee Escrow Account.

If the amount of funds in the Professional Fee Escrow Account is insufficient to fund payment in full of all Allowed Professional Fee Claims and any other Allowed amounts owed to Professionals, the deficiency shall be promptly funded to the Professional Fee Escrow Account from the Estates without any further action or order of the Bankruptcy Court.

### 5.3  Priority Tax Claims

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a different treatment of such Claim, each Holder of an Allowed Priority Tax Claim, if any such Claim exists, shall receive Cash in an amount equal to the unpaid portion of such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the date that is 90 calendar days after the Effective Date.

## SECTION 6.  CLASSIFICATION AND TREATMENT OF CLAIMS

### 6.1  Class 1:  Other Priority Claims

(a)    *Classification*.  Class 1 consists of all Allowed Other Priority Claims against any of the Debtors that are specified as having priority in section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)    *Treatment*.  Except to the extent that a Holder of an Allowed Other Priority Claim against any of the Debtors has agreed to a different treatment of such Claim, each such Holder shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Other Priority Claim, Cash in an amount equal to such Allowed Other Priority Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Other Priority Claim becomes an Allowed Claim, and (iii) the date for payment provided by any agreement or arrangement between the applicable Debtor or the Liquidation Trustee and the Holder of the Allowed Other Priority Claim against the applicable Debtor.

### 6.2  Class 2:  Secured Tax Claims

(a)    *Classification*.  Class 2 consists of all Allowed Secured Tax Claims against any of the Debtors that, absent the secured status of such Claim, would be entitled to priority in right of payment under section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)    *Treatment*.  Each Holder of an Allowed Secured Tax Claim against any of the Debtors shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Secured Tax Claim, Cash in an amount equal to such Allowed Secured Tax Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Secured Tax Claim becomes an Allowed Claim, and (iii) the date for payment provided by any

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

agreement or arrangement between the applicable Debtor or the Liquidation Trustee and the Holder of the Secured Tax Claim. The applicable Debtor and the Liquidation Trustee (after the Effective Date) specifically reserve the right to challenge the validity, nature, and perfection of, and to avoid, pursuant to the provisions of the Bankruptcy Code and other applicable law, any purported liens relating to the Secured Tax Claims.

6.3    Class 3:  Secured Claims

(a)    ***Classification***.  Class 3 consists of all Secured Claims.

(b)    ***Treatment***.  On the Effective Date, or as soon as reasonably practicable thereafter, each Holder of an Allowed Class 3 Secured Claim will receive, at the election of the Liquidation Trustee, one of the following treatments in full satisfaction of its Allowed Class 3 Claim:

(1)    The Liquidation Trustee will convey to the Holder of the Allowed Class 3 Claim the collateral in which such Holder has a security interest;

(2)    The Liquidation Trustee will pay to the Holder of the Allowed Class 3 Claim, up to the amount of such Allowed Class 3 Claim, any net proceeds actually received from the sale or disposition of the collateral in which such Holder has a security interest;

(3)    Provided there is Distributable Cash on hand, the Liquidation Trustee will pay Cash to the Holder of the Allowed Class 3 Claim in the amount of such Allowed Class 3 Claim;

(4)    Such other distributions or treatment that are necessary to leave the rights of the Holder of the Allowed Class 3 Claim unimpaired or that are necessary to otherwise satisfy the requirements of Chapter 11 of the Bankruptcy Code; or

(5)    Such other and less favorable distributions or treatments as may be agreed upon by and between the Holder of the Allowed Class 3 Claim and the Liquidation Trustee.

The Liquidation Trustee may, in his or her discretion, select which of these treatments each Holder of an Allowed Class 3 Claim will receive.  The Liquidation Trustee shall have until the later of (a) the Effective Date and (b) 90 days after a Class 3 Claim has become an Allowed Class 3 Claim to elect which treatment to provide to such Holder of an Allowed Class 3 Claim.

6.4    Class 4:  Non-Motorola General Unsecured Claims

(a)    ***Classification***.  Class 4 consists of all Non-Motorola General Unsecured Claims, including, for the avoidance of doubt, Insider Claims.  The Debtors will provide ballots to Holders of asserted Class 4 Non-Motorola General Unsecured Claims in each of the Cases.  To the extent the Court does not approve the substantive consolidation of the Debtors, the treatment described below will apply to each Class for each of the Debtors.

(b)    ***Treatment***.  Except to the extent that a Holder of an Allowed Class 4 Claim agrees to a different treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of the Allowed Class 4 Claims against each of the Debtors, each Holder of an Allowed Class 4 Claim will receive its Pro Rata share of the Class 4 Fund as soon as practicable as determined by the

6

DOCS_SF:104846.14

Liquidation Trustee in accordance with the Liquidation Trust Agreement; *provided*, *however*, the Liquidation Trustee shall distribute $2 million to Holders of Allowed Class 4 Claims no later than seven (7) calendar days after the Effective Date.  To the extent that a Holder of an Allowed Class 4 Claim holds such Claim against more than one Debtor, such Holder shall be entitled to a single distribution on account of each Claim that arises out of the same facts and circumstances regardless of the number of Debtors against which the Claim is asserted.  The Liquidation Trustee reserves its rights to dispute the validity of any Class 4 Claim, whether or not objected to prior to the Effective Date.  For the avoidance of doubt, pursuant to Section 12.5 of the Plan, the Insider Claims will be released on the Effective Date and the Insiders will not receive their Pro Rata share of the Class 4 Fund.

6.5     Class 5:  Motorola General Unsecured Claims

(a)     ***Classification***.  Class 5 consists of the Motorola General Unsecured Claims.  The Debtors will provide a ballot to the Holders of asserted Class 5 Claims in each of the Cases.  To the extent the Court does not approve the substantive consolidation of the Debtors, the treatment described below will apply to each Class for each of the Debtors.

(b)     ***Treatment***.  On the Effective Date, the Motorola General Unsecured Claims shall be Allowed in the amount of $596,613,891.00 (the "Allowed Class 5 Claims") against each Debtor.  Except to the extent that a Holder of an Allowed Class 5 Claim agrees to a different treatment of such Allowed Class 5 Claim, in full and final satisfaction, settlement, release, and discharge of the Allowed Class 5 Claims against the Debtors, each Holder of an Allowed Class 5 Claim will receive its Pro Rata share of the Distributable Cash as soon as practicable as determined by the Liquidation Trustee in accordance with the Liquidation Trust Agreement; *provided*, *however*, the Liquidation Trustee shall distribute at least $13 million to Holders of Allowed Class 5 Claims no later than seven (7) calendar days after the Effective Date.

6.6     Class 6:  Interests

(a)     ***Classification***.  Class 6 consists of all Interests in the Debtors.

(b)     ***Treatment***.  On the Effective Date, all Interests in the Debtors shall be canceled, and the Holders of Class 6 Interests shall not be entitled to, and shall not receive or retain, any property on account of such Interests under the Plan.

**SECTION 7.  ACCEPTANCE OR REJECTION OF THE PLAN**

7.1     Administrative Expense Claims and Priority Tax Claims

Holders of Administrative Expense Claims, including Professional Fee Claims, and Priority Tax Claims who do not object to confirmation of the Plan shall be deemed to have consented to treatment, as set forth in the Plan, that is or may be different from that set forth in section 1129(a)(9) of the Bankruptcy Code.

7.2     Class 1:  Other Priority Claims

Class 1 is an unimpaired Class.  Holders of Class 1 Other Priority Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

DOCS_SF:104846.14

### 7.3    Class 2:  Secured Tax Claims

Class 2 is an unimpaired Class.  Holders of Class 2 Secured Tax Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

### 7.4    Class 3:  Secured Claims

Class 3 is an unimpaired Class.  Holders of Class 3 Secured Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

### 7.5    Class 4: Non-Motorola General Unsecured Claims

Each Holder of a Class 4 Non-Motorola General Unsecured Claim that is not a Disallowed Claim and is not subject to a pending claim objection as of the deadline to submit Ballots shall be entitled to vote to accept or reject the Plan.

### 7.6    Class 5: Motorola General Unsecured Claims

Each Holder of a Class 5 Claim that is not a Disallowed Claim and is not subject to a pending claim objection as of the deadline to submit Ballots shall be entitled to vote to accept or reject the Plan.

### 7.7    Class 6: Interests

Holders of Class 6 Interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote.

### 7.8    Ballots

Each Holder of a Claim or Interest entitled to vote on this Plan will be asked to complete and return a Ballot, which will be tabulated together with other Ballots so received.

### 7.9    Elimination of Vacant Classes

To the extent applicable, any Class that does not contain any allowed Claims or Claims temporarily allowed for voting purposes under Bankruptcy Rule 3018 for all Debtors or with respect to any particular Debtor, shall be deemed to have been eliminated from the Plan for all Debtors or for such particular Debtor, as applicable, for purposes of (a) voting to accept or reject the Plan and (b) determining whether such Class has accepted or rejected the Plan pursuant to Bankruptcy Code section 1129(a)(8).

## SECTION 8.  MEANS FOR IMPLEMENTATION OF THE PLAN

### 8.1    Substantive Consolidation

The Debtors seek entry, pursuant to section 105 of the Bankruptcy Code, of a Bankruptcy Court order that, upon the Effective Date, substantively consolidates the Estates into a single consolidated Estate and consolidates all of the debts of all of the Debtors, for all purposes associated with Confirmation and Consummation. However, in the event that the Court does not approve the substantive consolidation of the Debtors there will be deemed to be a sub-class (*e.g.*, Class 4.01, Class 4.02, etc.) corresponding to each of the Debtors and the Holders of Allowed Class 4 Non-Motorola General Unsecured Claims and Holders of Allowed Class 5 Motorola General Unsecured Claims will receive the same treatment on a per Debtor basis, as is proposed on a consolidated basis.

On and after the Effective Date, all Assets and liabilities of each of the Debtors shall be treated as though they were merged into the Estate of HCA West, Inc. for all purposes associated with Confirmation and Consummation, and all guarantees by any Debtor of the obligations of any other

8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Debtor shall be eliminated so that any Claim and any guarantee thereof by any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor shall be treated as one collective obligation of the Debtors, subject to all rights, claims, defenses, and arguments available to the Debtors or the Liquidation Trust.

Substantive consolidation will not (i) alter the state of incorporation or state of formation of any Debtor for purposes of determining the applicable law for any of the Causes of Action, (ii) alter or impair the legal and equitable rights of the Liquidation Trustee to prosecute any of the Causes of Action, or (iii) otherwise impair, release, discharge, extinguish or affect any of the Causes of Action or issues raised as a part thereof.

Notwithstanding anything in the Plan or in the Confirmation Order to the contrary, the entry of the Confirmation Order ordering substantive consolidation of the Estates shall not have any effect upon the separate and distinct legal entities as they existed at the time of any prepetition transaction that is the subject of any litigation; *provided*, *however*, that the foregoing provision shall not serve to prejudice or compromise whatever rights, if any, the Debtors or the Liquidation Trustee, as applicable, may have to contend in any pending or future adversary proceeding or other lawsuit that the Debtors or the Liquidation Trustee, as applicable, may prosecute claims for fraudulent conveyance or fraudulent transfer arising from transfers made by one or more of the Debtors based on any theory or doctrine, including any federal, state, or common law alter-ego, veil-piercing, or any other theory or doctrine that would permit or require the disregard of corporate separateness or facts as they existed at the time of the transaction in question. Moreover, substantive consolidation shall not affect the obligation of each Debtor or the Liquidation Trustee to pay quarterly fees to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930 until the earlier of the time that a particular Case has been closed, dismissed, or converted.

Notwithstanding anything to the contrary herein, on the Effective Date, all Claims by a Debtor against any other Debtor will be extinguished without any distributions being made on account of such Claims.

8.2    The Liquidation Trust

(a)    *Formation of the Liquidation Trust*.  On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement for the purpose of administering and liquidating the Liquidation Trust Assets, prosecuting and resolving the Causes of Action, objecting to all Claims, and effectuating the Distributions to be made under the Plan to the Holders of Allowed Claims in accordance with the terms of the Plan.

(b)    *Federal Income Tax Treatment of the Liquidation Trust*.  For federal income tax purposes, it is intended that the Liquidation Trust be classified as a "grantor trust" for federal income tax purposes, pursuant to sections 671-677 of the Internal Revenue Code of 1986, as amended, and that the Liquidation Trust be owned by the Beneficiaries.  Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution from the Estates of an undivided interest in each of the Liquidation Trust Assets and then contributed such interest to the Liquidation Trust.

(c)    *Funding the Liquidation Trust*.  On the Effective Date, all of the Assets of the substantively consolidated Estate, including all Causes of Action, as well as the rights and powers of the Debtors, the consolidated Estate, and the Committee shall automatically vest in the Liquidation Trust.  Specifically, and without limitation, the Liquidation Trust, through the Liquidation Trustee, shall have the right to prosecute all Causes of Action, and receive all accounts receivable and the proceeds related thereto.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

(d)      ***Termination of Liquidation Trust***.  The duties, responsibilities, and powers of the Liquidation Trustee shall terminate in accordance with the terms of the Plan and the Liquidation Trust Agreement after (a) all the Liquidation Trust Assets have been fully administered, (b) all reasonably possible Distributions have been made in accordance with the terms of the Plan, and (c) all Disputed Claims have been resolved.

Upon the termination of the Liquidation Trust, the Liquidation Trustee shall file with the Bankruptcy Court a report thereof, seeking an order discharging the Liquidation Trustee and a final decree closing any open Chapter 11 Cases.  The Liquidation Trustee shall not unduly prolong the duration of the Liquidation Trust.  As efficiently and expeditiously as possible, the Liquidation Trustee shall endeavor to resolve, settle or otherwise dispose of all Liquidation Trust Assets, effect the distribution of the Liquidation Trust Assets in accordance with the terms of the Plan, and terminate the Liquidation Trust as soon as practicable.

(e)      ***Vesting and Transfer of Assets to the Liquidation Trust***.  Pursuant to section 1141(b) of the Bankruptcy Code, the Assets of the Estates shall vest in the Liquidation Trust; *provided, however*, that the Liquidation Trustee may seek Bankruptcy Court approval to abandon or otherwise not accept any Assets that the Liquidation Trustee believes, in good faith, have no meaningful value to the Liquidation Trust, provided that at least 14 days' notice of any such request is provided to parties to pending litigation in which the Debtors, or their former officers and directors, are parties.  Any Assets the Liquidation Trustee so abandons or otherwise does not accept shall not vest in the Liquidation Trust and shall re-vest in the Debtors; *provided, further*, that pursuant to an order of the Bankruptcy Court following proper notice, the Liquidation Trustee may abandon any Assets to any Person.  For the avoidance of doubt, the Liquidation Trustee may not abandon, destroy, or otherwise dispose of the Debtors' books and records without a further order of the Bankruptcy Court upon at least 14 days' notice of any such request to parties to pending litigation in which the Debtors, or their former officers and directors, are parties.

On the Effective Date, the Liquidation Trustee shall (i) take possession, custody, and control of all books, records, and files of the Debtors and their Estates; and (ii) provide for the retention and storage of such books, records, and files until such time as the Liquidation Trustee determines, in accordance with the Liquidation Trust Agreement, that retention of same is no longer necessary or required.  Nothing herein shall be construed to deem the Liquidation Trustee to have possession, custody, or control of the books, records, and files of the Debtors and their Estates not actually in the possession, custody, or control of the Liquidation Trustee on the Effective Date.

As of the Effective Date, all Assets vested in the Liquidation Trust and all Assets dealt with in the Plan, shall be free and clear of all Claims, Liens, and Interests except as otherwise specifically provided in the Plan or in the Confirmation Order.  The Liquidation Trustee shall make distributions in accordance with the Plan and the Liquidation Trust Agreement.

The Liquidation Trustee shall respond, within a reasonable period of time, to all reasonable requests for information received from any Holder of a Claim, Administrative Expense Claim, or Professional Fee Claim.

(f)      ***Appointment and Powers of the Liquidation Trustee***.  On or before the Effective Date, the Liquidation Trustee shall be appointed pursuant to the Confirmation Order, as of the Effective Date.  The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3) as well as the representative of the Estates appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.  The powers, rights, and responsibilities of the Liquidation Trustee shall be specified

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10

in and subject to the terms of the Liquidation Trust Agreement and shall include the authority and responsibility to: (i) receive, manage, invest, supervise and protect the Liquidation Trust Assets; (ii) pay taxes and other obligations incurred by the Liquidation Trust; (iii) retain and compensate, without further order of the Bankruptcy Court, the services of professionals (the "Liquidation Trust Professionals") to advise and assist in the administration, prosecution and Distribution of Liquidation Trust Assets; (iv) calculate and implement Distributions of Distributable Cash (v) prosecute, compromise and settle all Disputed Claims and all claims and Causes of Action vested in the Liquidation Trust; (vi) provide reasonable access to the Debtors' books and records upon request from any Holder of a Claim, Administrative Expense Claim, or Professional Fee Claim; and (vii) pay Professional Fees of professionals retained in the Chapter 11 Cases which are Allowed pursuant to any order of the Bankruptcy Court, whether such Professional Fees were incurred before or after the Effective Date. Other rights and duties of the Liquidation Trustee shall be set forth in the Liquidation Trust Agreement.

The Liquidation Trustee shall have all of the rights and powers of a trustee in bankruptcy, a chapter 11 trustee and/or a debtor in possession to the same extent as would be held by those officers if this plan had not been confirmed, and shall have the benefit of all time frames that would be applicable to actions by such officers, including without limitation pursuant to section 108 of the Bankruptcy Code

(g)    ***Compensation of Liquidation Trustee***. The Liquidation Trustee shall be reasonably compensated out of the Liquidation Trust Assets for his or her services and reimbursed out of the Liquidation Trust for his or her reasonable expenses in accordance with the Liquidation Trust Agreement.

(h)    ***Resignation of Liquidation Trustee***. The Liquidation Trustee may resign at any time. The Liquidation Trustee shall file such written resignation with the Bankruptcy Court. Any party in interest may request a hearing before the Bankruptcy Court regarding the Liquidation Trustee's resignation. If no such hearing is requested, the resignation shall take effect 30 days after the filing of the notice of resignation with the Bankruptcy Court. The resigning Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in the possession of the resigning Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(i)    ***Removal of Liquidation Trustee***. The Bankruptcy Court may remove a Liquidation Trustee for good cause shown on a motion submitted by a Beneficiary of the Liquidation Trust or the U.S. Trustee following notice to parties in interest, including without limitation, the Liquidation Trustee. The removal will take effect upon the date the Bankruptcy Court specifies. Any removed Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in the possession of the removed Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(j)    ***Successor Liquidation Trustee***. Any vacancy in the office of Liquidation Trustee shall be appointed by the Bankruptcy Court after notice and a hearing.

Any successor Liquidation Trustee's acceptance of appointment as a successor Liquidation Trustee shall be in writing and shall be filed with the Bankruptcy Court. The acceptance shall become effective when filed with the Bankruptcy Court. The successor Liquidation Trustee shall thereupon be considered a Liquidation Trustee of the Liquidation Trust without the necessity of any conveyance

11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

or instrument.  Each successor Liquidation Trustee shall have all of the rights, powers, duties, authority, and privileges as if named as the initial Liquidation Trustee hereunder.  Each successor Liquidation Trustee shall be exempt from any liability related to the acts or omissions of any prior Liquidation Trustee.

(k)     ***Records***.  The Liquidation Trustee shall maintain good and sufficient books and records relating to the Liquidation Trust Assets, Cash, Distributable Cash, Liquidation Trust Reserve, the management thereof, all post-Confirmation transactions undertaken by the Liquidation Trustee, all expenses incurred by or on behalf of the Liquidation Trustee after the Effective Date, and all distributions contemplated or effectuated under the Plan.  Subject to further order of the Court, such records shall be maintained and preserved by the Liquidation Trustee until the earlier to occur of (i) entry of the final decree closing the Chapter 11 Cases and (ii) termination of the Liquidation Trust.

(l)     ***Liability of the Liquidation Trustee***.  The Liquidation Trustee shall not be personally liable for any claim asserted against the Liquidation Trust or the Liquidation Trustee, except as set forth below.  The Liquidation Trustee shall not be liable for any error of judgment made in good faith or with respect to any action taken or omitted to be taken in good faith, unless with respect to the Liquidation Trustee's own respective fraud, gross negligence or willful misconduct.  Notwithstanding anything to the contrary set forth herein or in the Liquidation Trust Agreement, no provision of the Plan or the Liquidation Trust Agreement shall be construed to relieve the Liquidation Trustee from liability for gross negligence, fraud or willful misconduct.

(m)     ***Indemnification***.  From and after the Effective Date, the Liquidation Trustee and the independent contractors, employees, and/or professionals employed by the Liquidation Trust (collectively, the "Indemnified Parties" and each an "Indemnified Party") shall be, and hereby are, indemnified by the Liquidation Trust, to the fullest extent permitted under applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees and defense costs, and other assertions of liability arising out of any such Indemnified Parties' good faith exercise of what such Indemnified Party reasonably understands to be its powers or the discharge of what such Indemnified Party reasonably understands to be its duties conferred by the Plan, the Liquidation Trust Agreement, or by any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order of a court of competent jurisdiction to be due to such Indemnified Party's own respective fraud, gross negligence or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing any Causes of Action or objections to Claims, on and after the Effective Date.  The foregoing indemnification shall also extend to matters directly or indirectly, in connection with, arising out of, based on, or in any way related to (i) the Plan; (ii) the services to be rendered pursuant to the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Liquidation Trustee; or (iv) proceedings by or on behalf of any claimant or Creditor.  Subject to the terms of the Plan and the Liquidation Trust Agreement, the Liquidation Trust shall, on demand, advance or pay promptly, in either case from the Liquidation Trust Reserve, on behalf of each Indemnified Party, reasonable attorneys' fees and other expenses and disbursements which such Indemnified Party would be entitled to receive pursuant to the foregoing indemnification obligation; provided, however, that any Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance amounts if a court of

12

competent jurisdiction ultimately determines that such Indemnified Party is not entitled to indemnification hereunder due to the gross negligence, fraud, or willful misconduct of such Indemnified Party.   Any person entitled to indemnification hereunder shall have the right to employ such person's own separate counsel in any such action, payable solely from the Liquidation Trust Reserve, subject to the terms and conditions of the Plan.

The Liquidation Trustee is authorized, but not required, to obtain and purchase (solely from funds in the Liquidation Trust Reserve) insurance coverage with respect to the responsibilities, liabilities, and obligations of the Indemnified Parties under the Plan.

8.3     The Source of Distributions

The sources of all distributions and payments under the Plan are the Liquidation Trust Assets (or proceeds of any Liquidation Trust Assets), including without limitation Cash and Distributable Cash, proceeds of all Causes of Action, and proceeds of or recoveries from any other remaining property of the Debtors and their Estates.

8.4     Claims Reconciliation Process

From and after the Effective Date, the Liquidation Trust shall be solely responsible for objecting to Claims which are not otherwise Allowed.

8.5     Preservation of Right to Conduct Investigations

Any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtors or the Committee prior to the Effective Date shall vest with the Liquidation Trust upon the Effective Date and shall continue in effect until dissolution or termination of the Liquidation Trust.

8.6     Preservation of Privilege and Defenses

No action taken by the Debtors in connection with this Plan shall be (or be deemed to be) a waiver of any privilege or immunity of the Debtors, as applicable, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral) (collectively, the "Transferred Privileges"). The Confirmation Order shall provide that, notwithstanding the Debtors providing any Transferred Privileges to the Liquidation Trustee, the Liquidation Trust, or any party or Person associated with the Liquidation Trust, such Transferred Privileges shall be without waiver in recognition of the joint and/or successorship interest in prosecuting any Claim or Cause of Action on behalf of the Estates and shall remain privileged and shall vest in the Liquidation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trustee and the Liquidation Trust beneficiaries; *provided*, *however*, the Liquidation Trustee shall not share information protected by any Transferred Privilege with a holder of a general unsecured claim to the extent that such protected information implicates the claims the creditors have against the Liquidating Trust or claims the Liquidating Trust has against the holder of a general unsecured claim; *provided further*, *however*, that the Liquidation Trustee shall not waive any Transferred Privilege, or otherwise disclose any material subject to a Transferred Privilege, to the extent such Transferred Privilege is held jointly with a third party, without the express written consent of such third party.

8.7     Abandonment of Property

If and to the extent the Liquidation Trustee determines to abandon any Liquidation Trust Assets, then the Liquidation Trustee may abandon such assets in accordance with the Plan or any further order of the Bankruptcy Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:104846.14

**SECTION 9.  CLAIMS RECONCILIATION PROCESS**

    9.1    <u>Objections to, and Resolution, of Disputed Claims</u>

    From and after the Effective Date, the Liquidation Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, subject to the Liquidation Trust Agreement, and any agreement entered into by the Liquidation Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Disputed Claims will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order.

    9.2    <u>[Reserved]</u>

    9.3    <u>Claim Objections</u>

    All objections to Claims (other than Professional Fee Claims) shall be filed by the Liquidation Trust on or before the Claim Objection Deadline, which date may be extended by filing a motion on or before the then Claim Objection Deadline.  If a timely objection has not been filed to a proof of claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtors but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of claim or Scheduled Claim relates will be treated as an Allowed Claim.

    9.4    <u>Estimation of Certain Claims</u>

    The Liquidation Trust may, at any time, move for a Bankruptcy Court order estimating any contingent Claim, Disputed Claim, or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction and power to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. The estimated amount of any Claim so determined by the Bankruptcy Court shall constitute the maximum recovery that the Holder thereof may recover after the ultimate liquidation of its Claim, irrespective of the actual amount that is ultimately Allowed.  All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another.

**SECTION 10.**        **DISTRIBUTIONS**

    10.1    <u>Manner of Cash Payments</u>

    Cash payments to domestic Holders of Allowed Claims will be denominated in U.S. dollars and will be made by checks drawn on a domestic bank selected by the Liquidation Trustee or, at the Liquidation Trustee's option, by wire transfer from a domestic bank.  Cash payments to foreign Holders of Allowed Claims may be paid, at the Liquidation Trustee's option, either in the same manner as payments to domestic entities or in any funds and by any means that are necessary or customary in the particular foreign jurisdiction.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10.2    Setoff and Recoupment

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, THE LIQUIDATION TRUSTEE, ON BEHALF OF THE LIQUIDATION TRUST, MAY SETOFF, RECOUP, OR WITHHOLD AGAINST DISTRIBUTIONS ON ACCOUNT OF ANY CLAIM OR ANY ADMINISTRATIVE EXPENSE CLAIM, ANY CLAIMS THAT A DEBTOR, THE ESTATES, OR THE LIQUIDATION TRUST MAY HAVE AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.  THE LIQUIDATION TRUST AND THE LIQUIDATION TRUSTEE WILL NOT BE DEEMED TO WAIVE OR RELEASE ANY CLAIM AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM BY FAILING TO EFFECT SUCH A SETOFF OR RECOUPMENT; BY ALLOWING ANY CLAIM OR ADMINISTRATIVE EXPENSE CLAIM, AS APPLICABLE, AGAINST THE DEBTORS OR THE LIQUIDATION TRUST; OR BY MAKING A DISTRIBUTION ON ACCOUNT OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.**

10.3    No De Minimis Distributions

Notwithstanding anything to the contrary in the Plan, no Cash payment of less than $100 will be made by the Liquidation Trustee to any Holder of an Allowed Claim.  No consideration will be provided in lieu of the de minimis distributions that are not made under this section.

If the amount of any Distribution to be made pursuant to the Plan on account of an Allowed Claim would be less than $100, the Liquidation Trustee will not pay such Distribution and will hold such Distribution for the benefit of the Holder of such Allowed Claim.  When and if the aggregate amount of Distributions on account of such Allowed Claim totals at least $100, the Liquidation Trustee will distribute such Distributions to the Holder of such Allowed Claim in accordance with the terms of the Plan.

If, at the time a final Distribution is to be made under the Plan, the aggregate amount of Distributions held by the Liquidation Trustee for the benefit of a Holder of an Allowed Claim total less than $100, then (i) such Distributions shall not be paid to such Holder and such Distributions shall vest in the Liquidation Trust and be distributed to other Holders of Allowed Claims in accordance with the terms of the Plan, and (ii) the Holder of such Allowed Claim will be forever barred from receiving such Distribution or asserting any claim against the Liquidation Trust, the Liquidation Trust Assets, or the Liquidation Trustee on account of such Allowed Claim.

10.4    No Distributions With Respect to Disputed Claims

Notwithstanding any other Plan provision, Distributions will be made on account of a Disputed Claim only after, and only to the extent that, the Disputed Claim becomes an Allowed Claim or is deemed to be an Allowed Claim for Distribution purposes.

10.5    No Interim Distributions

Notwithstanding any other Plan provision, the Liquidation Trustee shall not make any interim Distributions absent further order of the Bankruptcy Court; *provided*, *however*, that any such order shall require the Liquidation Trustee to reserve the full amount of any Disputed Claim unless otherwise authorized by the Bankruptcy Court for cause.

10.6    Undeliverable or Unclaimed Distributions

Distributions to Holders of Allowed Claims will initially be made by U.S. mail as follows:

(a)    Distributions will be sent to the address, if any, (i) set forth on a filed Proof of Claim, as amended by any written notice of address change filed on the docket

15

1  for these Chapter 11 Cases no later than 14 days prior to the date of any
   Distribution, or (ii) such other address as the Beneficiary provides to the
2  Liquidation Trustee in writing (including via email) at least 30 days prior to the
   date of such Distribution; or

3
        (b)    If no such address is available, distributions will be sent to the address set forth
4              on the Schedules.

5        If no address is available as set forth above, the Distribution will be deemed to be
   undeliverable. If a Distribution is returned to the Liquidation Trustee as an undeliverable Distribution,
6  or is deemed to be an undeliverable Distribution, the Liquidation Trustee shall make no further
   Distribution to the entity holding the Allowed Claim on which the Distribution is being made unless
7  and until the Liquidation Trustee is timely notified in writing of that entity's current address.

8        If at the time a final Distribution is to be made under the Plan, the Liquidation Trustee is
   holding an undeliverable Distribution for any Allowed Claim for which the Liquidation Trustee has
9  not received written notice of the current address of the entity holding such Allowed Claim, then (i)
   such Distribution shall vest in the Liquidation Trust and be distributed to other Holders of Allowed
10 Claims in accordance with the terms of the Plan and (ii) the entity holding such Allowed Claim will
   be forever barred from receiving such undeliverable Distribution or asserting any claim against the
11 Liquidation Trust, the Liquidation Trust Assets, or the Liquidation Trustee. Nothing contained in the
   Plan shall be deemed to require the Liquidation Trustee to attempt to locate any entity holding an
12 Allowed Claim whose Distribution is undeliverable.

13       If an instrument delivered as a Distribution to a Beneficiary is not negotiated within 180 days
   after such instrument was sent to the Beneficiary, then the instrument shall be null and void and
14 payment thereon shall be stopped, the Beneficiary shall be deemed to have waived any right to receive
   such Distribution on account of its Allowed Claim, and the applicable funds shall be used otherwise
15 by the Liquidation Trustee in accordance with the terms of the Plan.

16 **SECTION 11.         LITIGATION**

17       11.1    <u>Preservation of Causes of Action</u>

18       The Liquidation Trustee, on behalf of the Debtors, their Estates and/or the Liquidation Trust,
   shall retain, and may exclusively enforce, any and all claims, rights, or Causes of Action (including,
19 without limitation, Avoidance Actions), whether arising before or after the Petition Date, in any court
   or other tribunal, including, without limitation, an adversary proceeding filed in these Chapter 11
20 Cases. Subject to this Plan and the Liquidation Trust Agreement, the Liquidation Trustee, on behalf
   of the Debtors, their Estates and the Liquidation Trust, shall have the exclusive right, authority, and
21 discretion to institute, prosecute, abandon, settle, or compromise on any reasonable terms any and all
   claims, rights and Causes of Action, and shall not be required to seek prior approval from the
22 Bankruptcy Court to do so, except as otherwise provided in the Plan, and shall have the full rights and
   powers to commence and pursue any such Causes of Action (including, without limitation, any
23 Avoidance Actions), on or after the Effective Date to at least the same extent as a trustee or debtor in
   possession could commence such actions prior to the Effective Date. With respect to any matter
24 affecting Liquidation Trust Assets, the Liquidation Trustee stands in the shoes of the Debtors as
   debtors in possession, the Estates, the Committee, and/or the Liquidation Trust and may take such
25 actions in their name without the need to intervene in, amend any pending matters, proceedings, or
   actions, or obtain any further order of the Bankruptcy Court.

26
         The Liquidation Trustee is authorized to exercise and perform the rights, powers, and duties
27 held by the Debtors, their Estates and/or the Liquidation Trust, including without limitation the
   authority under section 1123(b)(3) of the Bankruptcy Code to provide for the settlement, adjustment,
28 retention and enforcement of claims and interests of the Debtors, their Estates, or the Liquidation

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16

Trust, including, but not limited to all Causes of Action (including, without limitation, Avoidance Actions).

Unless a claim or Cause of Action is expressly waived, relinquished, released, compromised, or settled in the Plan or in any Final Order, the Liquidation Trustee, on behalf of the Debtors, their Estates and/or the Liquidation Trust, expressly reserves such claim or Cause of Action for later adjudication (including without limitation, claims and Causes of Action which the Liquidation Trustee, the Debtors or the Committee may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown at this time, or facts or circumstances which may change or be different from those now believed to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such claims or Causes of Action upon, or after, the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except where such claims or Causes of Action have been released in the Plan or other Final Order.

Any Person to whom the Debtors have incurred an obligation (whether on account of the provision of goods, services or otherwise), or who has received goods or services from the Debtors or a transfer of money or property of the Debtors, or who has transacted business with the Debtors, or leased equipment or property from the Debtors, should assume that such obligation, transfer, or transaction may be reviewed by the Liquidation Trustee on behalf of the Liquidation Trust, subsequent to the Effective Date and may, if appropriate, be the subject of a filed action or other proceeding after the Effective Date, regardless of whether (i) such Person or entity has filed a Proof of Claim against the Debtors in these Chapter 11 Cases; (ii) such Person's or entity's Proof of Claim has been objected to; (iii) such Person's or entity's Claim was included in the Schedules; or (iv) such Person's or entity's scheduled Claims have been objected to or have been identified as disputed, contingent, or unliquidated.

**SUBJECT TO THIS PLAN AND THE LIQUIDATION TRUST AGREEMENT, THE LIQUIDATION TRUSTEE WILL MAKE THE DECISION OF WHETHER OR NOT TO PURSUE ANY CAUSES OF ACTION AND TO SETTLE OR NOT SETTLE CAUSES OF ACTION.  THIS DECISION WILL BE BASED UPON THE LIQUIDATION TRUSTEE'S REVIEW OF THE MERITS OF THE VARIOUS CAUSES OF ACTION AS WELL AS THE COSTS REQUIRED TO PROSECUTE SUCH CAUSES OF ACTION IN LIGHT OF THE LIMITED RESOURCES AVAILABLE FOR DISTRIBUTION TO CREDITORS.  THE LIQUIDATION TRUSTEE (I) MAY SEEK TO RETAIN COUNSEL ON ANY REASONABLE TERMS, INCLUDING ON A CONTINGENCY BASIS, TO PROSECUTE SOME OR ALL CAUSES OF ACTION, (II) SEEK TO FINANCE ANY COSTS RELATING TO THE PROSECUTION OF SUCH LITIGATION, OR (III) DECIDE NOT TO PURSUE SUCH CAUSES OF ACTION AT ALL. THE LIQUIDATION TRUSTEE AND HIS OR HER FIRMS, PARTNERS, MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, PROFESSIONALS, SUCCESSORS AND ASSIGNS SHALL HAVE NO LIABILITY ARISING OUT OF THE GOOD FAITH DETERMINATIONS OF THE LIQUIDATION TRUSTEE OF WHETHER OR NOT TO PURSUE PROSECUTION OF AND/OR THE SETTLEMENT OF ANY CAUSES OF ACTION PURSUANT TO THE TERMS OF THE PLAN.**

The Plan preserves all claims and Causes of Action against any and all third parties, including, but not limited to, all creditors and interest holders, and others.  Nothing contained in this Plan shall be construed as an acknowledgment or concession regarding the existence or validity of any claim or Cause of Action.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## SECTION 12.    EXCULPATION AND INJUNCTION

### 12.1    Term of Bankruptcy Injunction or Stay

Except as otherwise expressly provided in the Plan or the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and which are in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 12.2    Exculpation for Estate Fiduciaries

**Upon the occurrence of the Effective Date, except as otherwise specifically provided herein or any Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from any claim, obligation, cause of action, or liability for any Exculpated Claim, except for gross negligence, willful misconduct, fraud, or criminal conduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon confirmation of the Plan, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

### 12.3    Injunction

**The Plan provides, and the Confirmation Order shall provide, among other things, that any Person (other than the Debtors, the Committee, the Debtors' Estates or the Liquidation Trustee) who has held, holds, or may hold a claim against, interest in, or right with respect to the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, or any claim against or interest in the Debtors, the Debtors' Estates or the Liquidation Trust for which the Debtors' Estates or the Liquidation Trust are or may be liable is, with respect to any such claim, interest, or right, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Chapter 11 Cases to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim), absent further order of the Bankruptcy Court: (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting any of the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, on account of any claim for which the Debtors or Liquidation Trustee are directly or indirectly liable, including without limitation, by way of contribution, indemnity or otherwise; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (v) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan against the Debtors' Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; and (vi) acting to obtain possession of the Liquidation Trust Assets or to exercise control over the Liquidation Trust Assets or any rights or interests of the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustee with respect to the Assets or the Liquidation Trust Assets.  If the Liquidation Trustee, the Liquidation Trust Assets or the Debtors' Estates are injured by any**

18

willful violation of such injunction, the Liquidation Trustee shall be entitled to seek actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages, from the willful violator(s). Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable. Nothing herein shall impair or delay any rights of any Holder of a Claim against the Debtors, their Estates, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, to pursue any action against any third party who may be directly liable to such Holder.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the Liquidation Trustee's rights, power, and authority under the Plan and the Liquidation Trust Agreement.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the ability of a party that was granted relief from the automatic stay during the Cases to liquidate its claims, from continuing to liquidate such claims in the applicable court.

12.4    Releases by the Debtors

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of these Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements, or documents executed and delivered in connection with the Plan, including the Insider Contribution, the Released Parties are deemed forever released and discharged by the Debtors and Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other entity, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, these Chapter 11 Cases, the Plan, the Disclosure Statement, or related agreements, instruments or other documents, including any rights or remedies under section 506 of the Bankruptcy Code, other than Claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, actual fraud or willful misconduct, as determined by a Final Order.

For the avoidance of doubt, the foregoing releases include the release of any Claims of the Debtors and the Estates relating to, arising from, or in connection with the Antitrust Action; *provided, however,* nothing in this Plan, the Disclosure Statement, or the Confirmation Order shall be deemed to amend, limit, modify, or otherwise affect any obligation, requirement, defense or claim or remedy or relief for Motorola or the Insiders (or any person or entity claiming by or through the Insiders) in any dispute, action, or matter between Motorola and the Insiders (or any person or entity claiming by or through the Insiders), including the Antitrust Action, Patent Action, or Trade Secret Action.

Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the releases contained herein, which include by reference each of the related provisions and definitions contained herein.

12.5    Satisfaction and Release of Insider Claims Against the Debtors

As of the Effective Date, for good and valuable consideration, including the releases set forth in Section 12.4 of this Plan, the Insiders have agreed to forego any distribution from the

19

DOCS_SF:104846.14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Debtors and the Estates on account of any Claims of the Insiders, including the Insider Proofs of Claims, and compromise and settle such Claims in this Plan.  As of the Effective Date, the Debtors and the Estates are deemed forever released and discharged by the Insiders from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Insiders, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Insiders would have been legally entitled to assert based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, these Chapter 11 Cases, the Plan, the Disclosure Statement, or related agreements, including, but not limited to, the Insider Claims; *provided*, *however*, nothing in this Section 12.5, this Plan, the Disclosure Statement, or the Confirmation Order shall be deemed to amend, limit, modify, or otherwise affect any right, obligation, requirement, defense or claim or remedy or relief for the Insiders (or any person or entity claiming by or through the Insiders) against Motorola, including in the Antitrust Action, Patent Action, or Trade Secret Action.**

**For the avoidance of doubt, upon the Effective Date, the Insider Proofs of Claim and any amounts identified on the Debtors' Schedules of Assets and Liabilities as being owed to the Insiders are deemed satisfied by the terms of this Plan.**

12.6    Reservation of Rights of Motorola and the Insiders

For the avoidance of doubt, and notwithstanding anything to the contrary contained in this Plan, the Disclosure Statement, or the Confirmation Order, nothing in this Plan, any of the releases contained herein, the Disclosure Statement, or the Confirmation Order shall (a) be deemed to amend, limit, modify, or otherwise affect any right, obligation, requirement, defense, claim, remedy, or relief for Motorola against an Insider (or any person or entity claiming by or through an Insider), including in the Antitrust Action, Patent Action, or Trade Secret Action, or (b) grant, or be construed as granting, any license to or release under (i) any intellectual property of Motorola to any Debtor or Insider or (ii) any claim and/or cause of action held by Motorola against an Insider.  Similarly, for the avoidance of doubt, and notwithstanding anything to the contrary contained in this Plan, the Disclosure Statement, or the Confirmation Order, nothing in this Plan, any of the releases contained herein, the Disclosure Statement, or the Confirmation Order shall (a) be deemed to amend, limit, modify, or otherwise affect any right, obligation, requirement, defense, claim, remedy, or relief for any Insider, including Hytera Communications Corporation Limited and PowerTrunk Inc., against Motorola or (b) grant, or be construed as granting, any release under any claim and/or cause of action held by any of the Insiders against Motorola, including any claim and/or cause of action that relates to the Debtors or in which the Debtors were parties.

12.7    Preservation of Insurance

The provisions of the Plan and the Confirmation Order shall not diminish or impair the enforceability of any insurance policies that may cover claims against any Debtor or any other Person or prevent any Person from seeking or enforcing coverage with respect to any claim under any applicable insurance policies of the Debtors.  The Liquidation Trustee shall be authorized, in his sole discretion, to pay from the Liquidation Trust Reserve any fees, expenses, or premiums necessary to maintain such insurance coverage.

**SECTION 13.            EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

13.1    Deemed Rejected

Subject to Section 12.4 of the Plan, upon the Effective Date, all agreements executed by the Debtors before the Effective Date, other than agreements that were previously either assumed and assigned or rejected by a Final Order, to the extent that these agreements constitute executory contracts

20

or unexpired leases under section 365 of the Bankruptcy Code, shall be rejected.  The Confirmation Order shall constitute a Final Order under section 365 of the Bankruptcy Code approving such rejection.

13.2   Bar Date for Rejection Damage Claims

Any Rejection Damage Claims arising from rejection under the Plan of an executory contract or unexpired lease must be filed with the Bankruptcy Court and served on the Liquidation Trustee and his or her counsel within 30 days after the Effective Date.  Any Rejection Damage Claims that are not timely filed and served will be forever barred and unenforceable against the Debtors, the Estates, the Liquidation Trust, and the Liquidation Trustee, and their property, and the entities holding these Claims will be barred from receiving any Distributions under the Plan on account of their Rejection Damage Claims.  The Liquidation Trustee shall have the right to object to any such Rejection Damage Claims; *provided*, *however*, that any such objections must be served and filed not later than 180 days after the Effective Date, absent further order of the Bankruptcy Court.

**SECTION 14.        RETENTION OF JURISDICTION.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and this Plan, including, but not limited to, jurisdiction to:

(a)   hear and determine objections to Claims, Administrative Expense Claims, and Professional Fee Claims;

(b)   hear and determine any dispute arising under the Plan or the Liquidation Trust Agreement, including the implementation and execution of any necessary documents thereunder, and any requests to amend, modify, or correct the Plan or the Liquidation Trust Agreement;

(c)   grant extensions of any deadlines set forth in the Confirmation Order or the Plan as may be appropriate;

(d)   hear and determine any matter regarding the existence, nature, scope, and enforceability of any exculpation, stay, release, or injunction provided for under the Plan;

(e)   hear and determine all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that are instituted by the Liquidation Trustee or the Liquidation Trust after the Effective Date, including without limitation all Causes of Action (including, without limitation, Avoidance Actions);

(f)   hear and determine motions for or objections to the assumption or rejection of executory contracts or unexpired leases pending on the Confirmation Date, and the allowance of claims resulting from the assumption or rejection of an executory contract or lease;

(g)   ensure that Distributions to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims are accomplished as provided herein;

(h)   resolve disputes as to the ownership of any Claim, Administrative Expense Claim, or Professional Fee Claim;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(i)  hear and determine any disputes relating to or in connection with the retention, employment, compensation, liability, indemnification, resignation, removal, or nomination of the Liquidation Trustee;

(j)  hear and determine any disputes relating to or in connection with the employment, compensation, liability, indemnification, resignation, or termination of an independent contractor, employee, or professional employed by the Liquidation Trustee or the Liquidation Trust;

(k)  enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(l)  issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(m)  consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

(n)  hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

(o)  hear and determine any issue for which the Plan requires a Final Order of the Court;

(p)  hear and determine matters concerning state, local, or federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(q)  hear and determine all Causes of Action preserved under the Plan, including, without limitation, all Causes of Action under sections 541, 542, 544, 547, 548, 549, 550, 551, 553, and 1123(b)(3) of the Bankruptcy Code brought within the time frames applicable to a trustee in bankruptcy, a debtor in possession or a chapter 11 trustee, including without limitation those time frames established under section 108 of the Bankruptcy Code; and

(r)  enter a final decree closing one or more of the Chapter 11 Cases.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this section shall not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.  The principal objective of the Plan is to maximize the recovery to the Beneficiaries, and the retention of jurisdiction by the Bankruptcy Court shall be interpreted in a manner to accomplish that objective.

14.2  Successors and Assigns.

Unless otherwise specified in the Plan, the rights, benefits, and obligations of any entity referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that entity.

14.3  Saturday, Sunday, or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

22

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECTION 15.                MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN

15.1    Modification and Amendments.

This Plan or any exhibits thereto may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code. In addition, after the Confirmation Date, the Debtors or Liquidation Trustee may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of this Plan.

15.2    Effect of Confirmation on Modifications.

Entry of a Confirmation Order shall mean that all modifications or amendments to this Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

15.3    Revocation or Withdrawal of this Plan.

The Debtors reserve the right to, consistent with their fiduciary duties, revoke or withdraw this Plan before the Effective Date. If the Debtors revoke or withdraw this Plan, or if the Confirmation Date does not occur, then: (a) this Plan shall be null and void in all respects; (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by this Plan, and any document or agreement executed pursuant to this Plan, shall be deemed null and void; and (c) nothing contained in this Plan shall: (i) constitute a waiver or release of any Claims or Interests; (ii) prejudice in any manner the rights of the Debtors or any other Person; or (iii) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other Person.

SECTION 16.                MISCELLANEOUS PLAN PROVISIONS

16.1    Conditions Precedent to the Effective Date.

The Plan will not be consummated or become binding unless and until the Effective Date occurs.  The Effective Date will be the first Business Day after the following conditions have been satisfied: (i) the Confirmation Order, in a form reasonably acceptable to the Debtors and to the Committee, shall have been entered by the Bankruptcy Court; (ii) the Confirmation Order is not stayed; (iii) the Liquidation Trustee and the Debtors shall have signed the Liquidation Trust Agreement;  (iv) the funding of the Professional Fee Escrow Account shall have occurred; (v) the funding of the Insider Contribution shall have occurred; (vi) the Debtors, the Committee, and Motorola file a joint notice of consent to the effectiveness of the Plan (the "Consent Notice"); and (vi) no material adverse effect has occurred in respect of the Assets.  Each of these conditions precedent, other than the filing of the Consent Notice, may be waived in whole or in part by the Debtors without further notice or order of the Bankruptcy Court.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

Subject to further order of the Court, if the Effective Date does not occur within ninety (90) days after entry of a Final Order confirming the Plan, the Debtors reserve the right, in their sole and absolute discretion, to determine jointly that the Plan shall have become null and void.  A joint notice shall be filed with the Court within three (3) Business Days after the occurrence of the Effective Date or any event that renders the Plan null and void.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23

16.2    <u>Entire Agreement.</u>

On the Effective Date, this Plan, supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

16.3    <u>Binding Effect.</u>

Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim, Administrative Expense Claim, or Professional Fee Claim against, or Interest in, the Debtors and their respective successors and assigns, whether or not the Claim, Administrative Expense Claim, Professional Fee Claim, or Interest of such holder is Impaired under the Plan and whether or not such holder has accepted the Plan.

16.4    [Reserved]

16.5    <u>Plan Supplement.</u>

Any exhibits or schedules not filed with this Plan may be contained in the Plan Supplement, if any, and the Debtors hereby reserve the right to file such exhibits or schedules as a Plan Supplement.

16.6    <u>Dissolution of the Board of Directors.</u>

Upon the Effective Date, the existing board of directors of any Debtor shall be deemed dissolved, and any remaining director, officer, employee, or independent contractor of any Debtor shall be dismissed, and each of the Debtors' directors, officers, employees, independent contractors, members, designated representatives, agents, and Professionals employed pursuant to a Bankruptcy Court order shall, subject to those matters set forth below, be released and discharged from any further authority, duties, responsibilities and obligations relating to, arising from, or in connection with the Debtors or the Chapter 11 Cases.

Each of the matters provided for under the Plan involving any corporate action to be taken by the Debtors shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved without any requirement of further action by the Debtors, the Debtors' shareholders (or members) or the respective Debtor's board of directors or managers. Without limiting the foregoing, including, without limitation, this Section 16.6, the Liquidation Trustee is hereby authorized in his or her sole discretion, to dissolve or otherwise terminate on or after the Effective Date (i) a Debtor's existence, by filing a certificate of dissolution and a copy of the Confirmation Order with the secretary of state of its state of incorporation or state of formation, or (ii) any remaining health, welfare or benefit plans. As of the Effective Date, neither the Debtors nor the Liquidation Trustee shall be required to file any document, or take any other action, to withdraw any Debtor's business operation from any state in which it previously conducted business operations. The Confirmation Order shall contain language addressed to the appropriate Governmental Units to such effect.

From and after the Effective Date, the Debtors and their counsel are authorized, but not directed, to act on behalf of the Estates solely with respect to (i) all the applications filed pursuant to section 330 of the Bankruptcy Code seeking payment of fees and expenses incurred by any Professional, (ii) any post-confirmation modifications to, or motions seeking the enforcement of, the provisions of the Plan or the Confirmation Order, and (iii) providing such information, books and records as may be reasonably requested by the Liquidation Trustee on behalf of the Liquidation Trust. The Debtors, their employees, officers, directors, and their respective counsel shall not be entitled to any compensation from the Liquidation Trust Assets for any actions taken pursuant to this paragraph, except for reasonable out-of-pocket expenses (but not professional fees).

24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16.7    Dissolution of Committee.

Upon the Effective Date, the Committee shall cease to exist and its members, designated representatives, agents, and Professionals employed pursuant to a Bankruptcy Court order shall, subject to those matters set forth below, be released and discharged from any further authority, duties, responsibilities, and obligations relating to, arising from, or in connection with the Committee or the Chapter 11 Cases.  The Committee shall continue to exist after such date solely with respect to (i) all the applications filed pursuant to section 330 of the Bankruptcy Code seeking payment of fees and expenses incurred by any Professional, (ii) any post-confirmation modifications to, or motions seeking the enforcement of, the provisions of the Plan or the Confirmation Order, and (iii) providing such information, books and records as may be reasonably requested by the Liquidation Trustee on behalf of the Liquidation Trust or holder of a Claim. The Committee and its Professionals shall not be entitled to any compensation from the Liquidation Trust Assets for any actions taken pursuant to this paragraph, except for reasonable out-of-pocket expenses (but not professional fees).

The Debtors, the Committee and the Liquidation Trustee shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and take such other action as may be necessary to effectuate and further evidence the terms and provisions of the Plan.

16.8    Right to Convert or Dismiss any Chapter 11 Case.

Prior to Confirmation of the Plan, the Debtors reserve the right to sever any Debtor from substantive consolidation with the other Debtors and to thereafter dismiss or convert any non-substantively consolidated Debtor's Chapter 11 Case and/or to liquidate any non-substantively consolidated Debtor under applicable non-bankruptcy law or chapter 7 of the Bankruptcy Code.

16.9    Entry of a Final Decree.

To the extent that the Bankruptcy Court approves the substantive consolidation of the Debtors and their Estates, the Confirmation Order shall serve as an order of the Bankruptcy Court closing each of the Debtor's Chapter 11 cases, except for HCA West, Inc.'s Chapter 11 Case, which, for the avoidance of doubt, will remain open until such time that the Liquidation Trustee seeks the entry of a final decree with respect to HCA West, Inc.'s Chapter 11 Case and the Bankruptcy Court enters an order approving the closing of HCA West, Inc.'s Chapter 11 Case.

16.10    U.S. Trustee Fees and Quarterly Reports.

From and after the Effective Date, pursuant to section 1129(a)(12) of the Bankruptcy Code, any outstanding quarterly fees due and owing to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) and any applicable interest pursuant to 31 U.S.C. § 3717 shall be paid by the Liquidation Trustee from the Liquidation Trust Reserve.  After the Effective Date, the Liquidation Trustee shall (i) file post-confirmation quarterly disbursement reports and quarterly status reports of funds on hand, distributions made since the previous report and a brief description of any pending litigation, and (ii) pay from the Liquidation Trust Reserve all quarterly fees to the U.S. Trustee which are required by applicable law. The Liquidation Trustee shall include in the Liquidation Trust Reserve reasonably sufficient monies to cover the quarterly fees of the U.S. Trustee incurred, or to be incurred, after the Effective Date.

16.11    Post-Effective Date Effect of Evidences of Claims.

Commencing on the Effective Date, notes and other evidence of Allowed Claims will represent only the right to receive the Distributions contemplated under the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

25

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16.12   Cancellation of Interests.

On the Effective Date, all Interests in the Debtors will be canceled, annulled, and extinguished, and any issued and outstanding shares of common stock, preferred stock, stock options, warrants, membership interests, or other evidence of Interests (excluding those held by a Debtor) will be deemed canceled and of no further force or effect without any further action by the Debtors or any other entity. Persons holding Interests will retain no rights and receive no consideration or Distribution under the Plan on account of their Interests, and entities holding any evidence of Interests (excluding those held by a Debtor) will have no rights arising from or relating to such evidence of their Interests or their cancellation.

16.13   Non-discharge of the Debtors' Debts.

(a)   *Non-discharge of the Debtors*.  In accordance with section 1141(d)(3) of the Bankruptcy Code, the Confirmation Order will not discharge Claims as against the Debtors.

(b)   *Prohibition from Taking Certain Actions*.  Notwithstanding Section 16.13(a) above, no Person or entity holding a Claim may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Plan other than Assets required to be distributed to that Person or entity under the Plan unless otherwise ordered by the Court.  As of the Confirmation Date, all Persons and entities are precluded from asserting against any property that is to be distributed under the Plan any Claims, rights, causes of action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Confirmation Date except as expressly provided in the Plan or the Confirmation Order or other Court order.

16.14   No Recourse.

No Person entitled to receive a payment or Distribution under the Plan will have any recourse against the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, the Debtors or their Estates in connection with such Person's Administrative Expense Claim, Professional Fee Claim, or Claim, other than the right to receive Distributions in accordance with the terms of the Plan.

16.15   No Admissions.

Notwithstanding anything to the contrary contained in the Plan, if the Plan is not confirmed, is revoked or otherwise the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan or the Disclosure Statement will: (1) be deemed an admission by any of the Debtors with respect to any matter discussed in the Plan, including liability on any Claim, Administrative Expense Claim, or Professional Fee Claim, or the propriety of any classification or treatment of same contained in the Plan; (2) constitute a waiver, acknowledgement, or release of any claims, Interests, or Causes of Action of the Debtors, their Estates, and/or the Liquidation Trust; or (3) prejudice in any manner the rights of the Debtors or any other Person in any further proceedings.

16.16   Severability of Plan Provisions.

If, before confirmation, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision.  That term or provision will then be applicable as altered or interpreted, except if such term or provision is inconsistent with the intent of any of the Debtors, in which case the Plan may be unilaterally withdrawn by such Plan Proponent.  Notwithstanding any such holding, alteration, or interpretation, and unless the Plan has been withdrawn, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated.  The

26

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2

Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section 16.16, is valid and enforceable under its terms.

3

16.17   Governing Law.

4
5
6
7

The rights and obligations arising under the Plan and any agreements, contracts, documents, or instruments executed in connection with the Plan will be governed by, and construed and enforced in accordance with, California law without giving effect to California's conflicts of law principles, unless a rule of law or procedure is supplied by: (1) federal law (including the Bankruptcy Code and the Bankruptcy Rules); or (2) an enforceable, express choice-of-law provision in any document provided for, or executed under or in connection with, the Plan terms.

**SECTION 17.         RECOMMENDATIONS AND CONCLUSION**

8
9
10

The Debtors strongly believe that Plan confirmation and implementation are preferable to any feasible alternative because the Plan will provide Claimants and Creditors holding Claims with significantly greater opportunities for recoveries than any available alternatives.   The Debtors recommend that Holders of Allowed Claims in Class 4 (Non-Motorola General Unsecured Claims) and Class 5 (Motorola General Unsecured Claims) vote to accept the Plan.

11
12
13

November 30, 2021                    HCA WEST, INC.

HAI EAST, INC.

HNA, INC.

14
15
16
17

*David Stapleton*
Chief Restructuring Officer of
Debtors and Debtors in Possession

18
19

Submitted by:

20

November 30, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

21
22
23

By     */s/ Jason H. Rosell*
          Ira D. Kharasch (CA Bar No. 109084)
          John W. Lucas (CA Bar No. 271038)
          Jason H. Rosell (CA Bar No. 269126)
          Victoria A. Newmark (CA Bar No. 183581)

24
25

*Counsel to the Debtors and
Debtors in Possession*

26
27
28

27

# <u>APPENDIX 1</u>

## **List of Debtors**

| **Debtor** | **Case No.** | **Prior Name** |
|---|---|---|
| HCA West, Inc. | 8:20-bk-11507-ES | Hytera Communications (West), Inc. |
| HAI East, Inc. | 8:20-bk-11508-ES | Hytera America Incorporated |
| HNA, Inc. | 8:20-bk-11509-ES | HYT North America, Inc. |

# **APPENDIX 2**

## **Definitions**

**"Administrative Expense Claim"** means any claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Estates or any actual and necessary expenses of operating the business of the Debtors, but use of such term in the Plan shall exclude Professional Fee Claims.

**"Affiliate"** has the meaning ascribed to it in section 101 of the Bankruptcy Code.

**"Allowed"** means a Claim, Administrative Expense Claim, Professional Fee Claim, or Interest or portion thereof (i) for which proof thereof was filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), and as to which no objection to the allowance thereof, or action to equitably subordinate or otherwise limit recovery with respect thereto, shall have been interposed within the applicable limitations period fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or a Final Order, (ii) for which no proof thereof was filed, to the extent that such Claim has been listed by the Debtors in the Schedules as liquidated in amount and not disputed or contingent, and as to which the Schedules have not been amended with respect to the listing of such Claim, (iii) which arises from the recovery of property under section 550 or section 553 of the Bankruptcy Code, (iv) which is allowed under the Plan, (v) which is allowed as set forth in any contract, instrument, or agreement entered into or assumed by the Debtors in connection with the Plan, or (vi) which is allowed by a Final Order; *provided*, *however*, that Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed" hereunder. Unless otherwise specified herein or by order of the Bankruptcy Court, "Allowed Administrative Expense Claim," "Allowed Professional Fee Claim," or "Allowed Claim" shall not, for any purpose under the Plan, include interest on such Administrative Expense Claim, Professional Fee Claim, or Claim from and after the Petition Date.  For the avoidance of doubt, to the extent that either the current Holder of a Claim or the original claimant is or becomes subject to an Avoidance Action, such Claim shall not be Allowed until such Avoidance Action has been finally resolved.

**"Allowed Class [*] Claim"** means an Allowed Claim in the particular class described.

**"Antitrust Action"** means that action styled as *Hytera Communications Corporation Ltd., Hytera America, Inc., Hytera Communications America (West), Inc., and PowerTrunk, Inc. v. Motorola Solutions, Inc.*, Case No. 1:19-cv-00176 pending in the United States District Court for the Northern District of Illinois (Eastern Division).

**"Assets"** means (i) all real or personal property of the Debtors (including as debtors in possession) of any nature, including, without limitation, any Cash, real property, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures, equipment, works in process, accounts receivable, tax refunds, chattel paper, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, claims, Causes of Action (including Avoidance Actions), and any other general intangibles of any nature whatsoever, including, without limitation, "property of the estate" pursuant to section 541 of the Bankruptcy Code; and (ii) proceeds, products, rents and profits of all of the foregoing.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"Avoidance Action"** means any claim, Cause of Action, or right against any Person under any of the following:  Sections 542, 543, 544, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code; all fraudulent conveyance and fraudulent transfer laws; all non-bankruptcy laws vesting in creditors rights to avoid, rescind, or recover on account of transfers, including but not limited to, claims relating to illegal dividends or distributions; all preference laws; the Uniform Fraudulent Transfer Act (as it may have been codified in any particular jurisdiction); the Uniform Fraudulent Conveyance Act (as it may have been codified in any particular jurisdiction); and all similar federal and state laws and statutes.

**"Ballot"** means a ballot for accepting or rejecting the Plan.

**"Bankruptcy Code"** means Title 11 of the United States Code.

**"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Central District of California, Santa Ana Division, or such other court having jurisdiction over the Chapter 11 Cases or any matter or proceeding within, or over any appeal of an order entered in the Chapter 11 Cases.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

**"Beneficiaries"** means the beneficiaries of the Liquidation Trust, including Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims and the Holders of Allowed Claims in Classes 1 through 4 entitled to receive distributions under the Plan.

**"Business Day"** means any day other than a Saturday, Sunday or a legal holiday (as defined in Bankruptcy Rule 9006(a)) or day on which banks are required or authorized by law to be closed in the City of Santa Ana, California.

**"Cash"** means legal tender of the United States of America and cash equivalents, including, but not limited to, bank deposits, checks or other similar items.

**"Causes of Action"** means all claims, demands, rights, actions, causes of action and suits by or on behalf of the Debtors, their Estates, or the Liquidation Trust, whether pursuant to section 541 of the Bankruptcy Code or otherwise, of any kind or character whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any other theory of law, including but not limited to (1) rights of setoff, counterclaim or recoupment, and claims for breach of contract or for breaches of duties imposed by law; (2) the right to object to claims or interests; (3) claims pursuant to section 362 of the Bankruptcy Code; (4) claims for fraud, negligence, breach of fiduciary duty, corporate waste, unlawful dividends, mistake, duress, or usury; (5) all Avoidance Actions; (6) claims for tax refunds; (7) claims related to accounts receivable; and (8) any other claims which may be asserted against third parties. For the avoidance of doubt, "Causes of Action" includes any and all claims, demands, rights, actions, causes of action, and defenses the Debtors' may hold against Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, including any malpractice claims.

**"Chapter 11 Cases"** or **"Cases"** means the cases under chapter 11 of the Bankruptcy Code pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and bearing the case numbers set forth on <u>Appendix 1</u>.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

**"Claim"** means a claim as that term is defined in section 101(5) of the Bankruptcy Code and includes Priority Tax Claims, Secured Claims, and General Unsecured Claims.

**"Claims Bar Date"** means February 19, 2021 at 5:00 p.m. (Pacific Time).

**"Claim Objection Deadline"** means the date that is one hundred and eighty days (180) days after the Effective Date.

**"Class"** means a group of Claims or Interests as classified in Section 6 of the Plan.

**"Class 4 Fund"** means $1.8 million plus the Insider Contribution.

**"Committee"** means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee in the Chapter 11 Cases.

**"Confirmation"** means the entry of an order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

**"Confirmation Hearing"** means the hearing held to consider Confirmation of the Plan.

**"Confirmation Order"** means the order entered by the Bankruptcy Court confirming the Plan under section 1129 of the Bankruptcy Code.

**"Consummation"** means the occurrence of the Effective Date.

**"Creditor"** has the meaning ascribed to the term in section 101(10) of the Bankruptcy Code.

**"Debtors"** means, collectively, the entities identified on <u>Appendix 1</u>.

**"Disallowed"** means (i) a Claim, an Administrative Expense Claim, a Professional Fee Claim, or any portion thereof, that has been disallowed by a Final Order; (ii) a Claim that has been listed in the Schedules at zero or as contingent, disputed, or unliquidated and as to which no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law; or (iii) a Claim that has not been listed in the Schedules and as to which no Proof of Claim has been timely filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), or which has not been deemed timely filed by the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law.

**"Disclosure Statement"** means the *Second Amended Disclosure Statement in Support of Second Amended Joint Chapter 11 Plan of Liquidation* dated November 30, 2021, as the same may be amended, modified, or supplemented from time to time, including all exhibits thereto.

**"Disputed"** means a Claim, Administrative Expense Claim, Professional Fee Claim, or an Interest:

(a)     as to which a Proof of Claim is filed or is deemed filed under Bankruptcy Rule 3003(b)(1), a motion or application for allowance or payment has been filed

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

with the Bankruptcy Court, or a proof of Interest was filed or deemed filed under Bankruptcy Rule 3003(b)(2); and

(b)    as to which an objection: (1) has been timely filed; and (2) has neither been overruled nor been denied by a Final Order and has not been withdrawn.

**"Distributable Cash"** means any Cash transferred to the Liquidation Trust, other than the Class 4 Fund, and any other Assets of the Liquidation Trust reduced to Cash net of all expenses and costs of operating or effectuating the duties of the Liquidation Trust and establishing any reserves as the Liquidation Trustee may determine is necessary pursuant to the terms of this Plan and the Liquidation Trust Agreement, including the Liquidation Trust Reserve. For the avoidance of doubt, "Distributable Cash" does not include the Class 4 Fund, which is for the sole benefit of Holders of Allowed Class 4 Non-Motorola General Unsecured Claims.

**"Distribution"** means any transfer of Cash or other property or instruments under the Plan to a Holder of an Allowed Claim, an Allowed Administrative Expense Claim, or an Allowed Professional Fee Claim.

**"Effective Date"** has the meaning set forth in Section 16.1 of the Plan.

**"Entity"** shall have the meaning ascribed to such term in section 101(15) of the Bankruptcy Code.

**"Estates"** means the bankruptcy estates created in each Chapter 11 Case under section 541 of the Bankruptcy Code and any other applicable law.

**"Exculpated Claims"** means any Claim related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, including the sale process, the formulation, preparation, dissemination, negotiation, or filing of the disclosure statement, the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the disclosure statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation, the pursuit of consummation, and the administration and implementation of the Plan, including the distribution of property under the Plan or any other agreement.

**"Exculpated Parties"** means collectively: (a) the Debtors; (b) directors and officers of the Debtors who are not directors, officers, or employees of Hytera Communications Corporation Limited or any of its non-Debtor affiliates; (c) Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors; (d) Craig A. Barbarosh as Independent Director of the Debtors; (e) Omni Agent Solutions as Claims and Noticing Agent of the Debtors; (f) Imperial Capital, LLC as Investment Banker and Financial Advisor to the Debtors; (g) Steptoe & Johnson LLP as special counsel to the Debtors; (h) the Committee, its members in their capacity as Committee members, counsel for the Committee, and the advisors of the Committee; (i) Motorola; (j) David Stapleton and Stapleton Group Inc. in their capacity as Director and CRO for the Debtors respectively; and (k) Kirkland & Ellis LLP as counsel to Motorola. For the avoidance of doubt, Hytera Communications Corporation Limited, its non-Debtor affiliates, and such entities' current and former directors, officers, and employees are not Exculpated Parties.

**"Final Order"** means an order or judgment of a court of competent jurisdiction entered on such court's official docket:

4

(a)    that has not been reversed, rescinded, stayed, modified, or amended;

(b)    that is in full force and effect; and

(c)    with respect to which: (1) the time to appeal or to seek review, remand, rehearing, or a *writ of certiorari* has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or *writ of certiorari* is pending; or (2) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a *writ of certiorari* was sought.

**"First Administrative Expense Claims Bar Date"** means February 19, 2021 at 5:00 p.m. (Pacific Time), the deadline set by the Court by which Persons must file a request seeking allowance of an Administrative Expense Claim (subject to certain exclusions) that arose between the Petition Date and December 31, 2020.

**"Non-Motorola General Unsecured Claim"** means a Claim that is not a Priority Tax Claim, Other Priority Claim, Administrative Expense Claim, Professional Fee Claim, Secured Claim, Motorola General Unsecured Claim, or an Interest.

**"Governmental Unit"** has the meaning set forth in section 101(27) of the Bankruptcy Code.

**"Holder"** means the holder of a Claim against the Debtors or the holder of an Interest in the Debtors.

**"Indemnified Party"** or **"Indemnified Parties"** has the meaning set forth in Section 8.2(n) of the Plan.

**"Insider"** means any non-debtor Affiliate of the Debtors, including, but not limited to (i) Hytera Communications (Hong Kong) Co. Ltd., (ii) Hytera Communications (Canada), Inc., (iii) Hytera Communications Co. Ltd., (iv) Hytera Mobilfunk GmbH, (v) HYTERA Comunicacoes do Brasil Ltda, and (vi) Hytera-America Latina.

**"Insider Claim"** means any Claim held or otherwise asserted by an Insider against the Debtors or otherwise set forth on the Schedules, including, but not limited to the Insider Proofs of Claim.

**"Insider Contribution"** means an aggregate amount of $200,000 to be funded from the Insiders to a segregated trust account identified by the Debtors on or prior to the Effective Date.

**"Insider Proofs of Claim"** means proofs of claim filed in these Chapter 11 Cases and assigned claim numbers 13, 15, 16, 17, and 18.

**"Interest"** means the interest of any Holder in an equity security of any Debtor, within the meaning of section 101(16) of the Bankruptcy Code represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership or membership interest in any of the Debtors, whether or not transferable, or any option, warrant, or right, contractual, or otherwise, to acquire any such interest, including a partnership, limited liability company, or similar interest in a Debtor.

**"Lien"** means any charge against or interest in property to secure payment or performance of a Claim, debt or obligation.

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"Liquidation Trustee"** means an individual to be selected by the Committee prior to the entry of the Confirmation Order, or any successor Liquidation Trustee, who is appointed as trustee of the Liquidation Trust pursuant to the terms of the Plan and the Liquidation Trust Agreement, as applicable.

**"Liquidation Trust"** means the Liquidation Trust described in Section 8.2 of the Plan that will (i) succeed to all of the Assets and (ii) be responsible for paying Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims against the Debtors, in accordance with the terms of the Plan.

**"Liquidation Trust Agreement"** means the agreement establishing and delineating the terms and provisions of the Liquidation Trust.

"**Liquidation Trust Assets"** means all Assets vested in the Liquidation Trust pursuant to Section 8.2(e) of the Plan, including without limitation all Assets.

"**Liquidation Trust Reserve**" means an amount sufficient to fund the accrued and estimated expenses and costs of operating or effectuating the duties of the Liquidation Trust, as may be incurred from time to time by the Liquidation Trustee pursuant to the Liquidation Trust Agreement.

**"Local Rules"** means the Local Bankruptcy Rules for the Central District of California, as now in effect or hereafter amended and applicable to the Chapter 11 Cases.

**"Motorola"** means Motorola Solutions, Inc.

**"Motorola General Unsecured Claims"** means any Claim held by Motorola.

**"Other Priority Claim"** means any Claim entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

**"Patent Action"** means that action styled as *Motorola Solutions, Inc. v. Hytera Communications Corporation Ltd.*, Case No. 1:17-cv-01972 pending in the United States District Court for the Northern District of Illinois (Eastern Division).

**"Person"** has the meaning set forth in section 101(41) of the Bankruptcy Code.

**"Petition Date"** means May 26, 2020.

**"Plan"** means the *Joint Chapter 11 Plan of Liquidation,* as it may be amended, modified, or supplemented from time to time by unanimous consent of the Debtors or modified and/or confirmed by Final Order of the Bankruptcy Court.

**"Postpetition"** means any time after the Petition Date.

**"Priority Tax Claim"** means a Claim against the Estates entitled to priority under section 507(a)(8) of the Bankruptcy Code.

 **"Proof of Claim"** means a proof of Claim or Interest filed against any Debtor in the Chapter 11 Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"Pro Rata"** means proportionately so that the ratio of (a) the amount of consideration distributed on account of an Allowed Claim to (b) the amount of the Allowed Claim is the same as the ratio of (x) the amount of consideration available for distribution on account of all Allowed Claims in the Class in which that Allowed Claim is included to (y) the amount of all Allowed Claims in that Class.

**"Professionals"** means the professionals employed by the Debtors or the Committee at the expense of the Estates pursuant to sections 327, 328, 363, 1103, or 1104 of the Bankruptcy Code.

**"Professional Fee Claim"** means (a) a claim under sections 326, 327, 328, 330, 331, 503(b), 1103, or 1104 of the Bankruptcy Code for compensation for services rendered or reimbursement for expenses incurred by any of the Professionals and (b) any claim of a professional engaged by a member of the Committee for substantial contribution under section 503(b)(3)(D) of the Bankruptcy Code.

**"Professional Fee Claims Estimate"** means the aggregate estimates of Professional Fee Claims received by the Debtors and the Committee pursuant to Section 5.2(a) of the Plan.

**"Professional Fee Escrow Account"** means an escrow account established by the Committee and funded pursuant to Section 5.2 of the Plan.

**"Released Parties"** shall mean each of the following in their respective capacity as such: (i) the Debtors, (ii) the Estates, (iii) Motorola, (iv) the Insiders; and with respect to each of the foregoing Persons in clauses (i)-(iv), such Person's Representatives, each in their capacities as such.

**"Representatives"** shall mean with respect to an Entity, all of that Entity's current and former managed and controlled affiliates, subsidiaries, officers, directors, managers, managing members, principals, shareholders, members, partners, employees, agents, advisors, attorneys, professionals, accountants, investment bankers, consultants and other representatives and such Person's respective heirs, executors, estates, servants and nominees, in each case in their capacity as such.

**"Rejection Damage Claim"** means a Claim for future rent, other obligations, or damages arising under an unexpired real property or personal property lease or executory contract that the Debtors have rejected pursuant to a Bankruptcy Court order, pursuant to the terms of the Bankruptcy Code, or pursuant to the terms of the Plan.

**"Schedules"** means the Schedules of Assets and Liabilities and Statement of Financial Affairs of each of the Debtors filed pursuant to section 521 of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, including any supplements or amendments thereto.

**"Second Administrative Expense Claims Bar Date"** means the date that is 30 calendar days after the Effective Date, or the first Business Day thereafter, and by which any Person requesting (i) allowance of an Administrative Expense Claim arising between January 1, 2021 and the Effective Date, or (ii) allowance of any other administrative expense pursuant to section 503 of the Bankruptcy Code (other than a Professional Fee Claim or an administrative expense that is subject to the First Administrative Expense Claims Bar Date) must file a request for allowance of such claim; *provided*, that such Second Administrative Expense Claims Bar Date shall not apply to (y) any fees payable either to the U.S. Trustee or the Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 1930, or (z) any claim by a Governmental Unit that is subject to section 503(b)(1)(D) of the Bankruptcy Code.

7

**"Secured Claim"** means, pursuant to section 506 of the Bankruptcy Code, that portion of a Claim that is secured by a lien against property in which an Estate has an interest or that is subject to setoff under section 553 of the Bankruptcy Code.  A Claim is a Secured Claim only to the extent of the value of the claimholder's interest in the collateral securing the Claim or to the extent of the amount subject to setoff, whichever is applicable, and as determined under section 506(a) of the Bankruptcy Code.

**"Secured Tax Claim"** means any Secured Claim that, absent its secured status, would be entitled to priority in right of payment under section 507(a)(8) of the Bankruptcy Code.

**"Solicitation Procedures Order"** means an order of the Bankruptcy Court that, among other things, (i) approves certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, and (ii) approves on an interim basis the adequacy of the Disclosure Statement.

**"Trade Secret Action"** means that action styled as Motorola Solutions, Inc. and Motorola Solutions Malaysia v. Hytera Communications Corporation Limited of Shenzhen, China, Hytera America, Inc. and Hytera Communications America (West), Inc., Case No. 1:17-cv-1973 pending in the United States District Court for the Northern District of Illinois (Eastern Division).

**"Trust Expenses"** means the expenses incurred by the Liquidation Trust following the Effective Date (including the fees and costs of attorneys and other professionals) for the purpose of, without limitation, (i) prosecuting or otherwise attempting to collect or realize upon the Causes of Action; (ii) selling or collecting upon any of the Liquidation Trust Assets; (iii) resolving Disputed Claims, Disputed Administrative Expense Claims, and Disputed Professional Fee Claims and effectuating Distributions in accordance with the terms of the Plan; and (iv) implementing the Plan and closing the Chapter 11 Cases, including, but not limited to payment of post-Effective Date taxes, quarterly fees payable to the U.S. Trustee, and wind-down expenses (such as document storage).  Trust Expenses shall also include compensation and reimbursement of reasonable expenses of independent contractors, employees and professionals employed by the Liquidation Trust or otherwise incurred in the administration of the Liquidation Trust.

**"U.S. Trustee"** means the Office of the United States Trustee for Region 16.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8