1  Ira D. Kharasch (CA Bar No. 109084)
   John W. Lucas (CA Bar No. 271038)
2  Jason H. Rosell (CA Bar No. 269126)
   Victoria A. Newmark (CA Bar No. 183581)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 277-6910
5  Facsimile:  (310) 201-0760
   E-mail:  ikharasch@pszjlaw.com
6           jlucas@pszjlaw.com
            jrosell@pszjlaw.com
7           vnewmark@pszjlaw.com

8  Counsel to Debtors and Debtors in Possession

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                 SANTA ANA DIVISION

12 | In re:                          | Case No.  8:20-bk-11507-ES

13 | HCA WEST, INC., *et al.*,       | Chapter 11

14 |              Debtors and Debtors-in- | Jointly Administered With Case Nos.:
   |              Possession.             | 8:20-BK-11508-ES and 8:20-BK-11509-ES

15 | Affects:                        |

16 |                                 | **NOTICE OF MOTION AND MOTION**
   | ☒ All Debtors                   | **PURSUANT TO BANKRUPTCY RULE**
17 |                                 | **9019(A) FOR APPROVAL OF**
   |                                 | **SETTLEMENT AND COMPROMISE**
18 | ☐ HCA WEST, INC., ONLY          | **REGARDING ALLOWANCE OF**
   |                                 | **GENERAL UNSECURED CLAIM OF**
19 | ☐ HAI EAST, INC., ONLY          | **FINNEGAN, HENDERSON, FARABOW,**
   |                                 | **GARRETT & DUNNER LLP IN**
20 | ☐ HNA, INC., ONLY               | **REDUCED AMOUNT AND RELEASING**
   |                                 | **CLAIMS; MEMORANDUM OF POINTS**
21 |                                 | **AND AUTHORITIES AND**
   |                                 | **DECLARATION OF DAVID**
22 |                                 | **STAPLETON IN SUPPORT THEREOF**

23 |                                 | Hearing Date:

24 |                                 | Date:      January 20, 2022
   |                                 | Time:      10:30 a.m. (Pacific Time)
25 |                                 | Place:     ZoomGov

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), hereby move (the "**Motion**") the Court for an order in the form attached hereto as **Exhibit A** , pursuant to Federal Rule of Bankruptcy Procedure 9019(a) ("**Rule 9019**") to approve the compromise with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("**Finnegan**") regarding the allowed amount of the proof of claim filed by Finnegan in the sum of $691,465.00, that was designated as Claim No. 34 in the claims register maintained by the Court (the "**Finnegan Claim**").  The terms of the compromise (the "**Settlement**") are specifically set forth in the stipulation (the "**Stipulation**") between the Debtors and Finnegan (collectively, the "**Parties**"), a copy of which is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon all pleadings and papers on file in these chapter 11 cases, the oral argument of counsel, and any evidence submitted to the Court prior to or during the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it on Debtors' counsel (at the address indicated above) and the Office of the United States Trustee no later than 14 days prior to the hearing.  The failure to timely respond in the manner set forth above may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Erithe A. Smith, United States Bankruptcy Judge, Central District of California, on **January 20, 2022 at 10:30 a.m. (Pacific Time)**.

**PLEASE TAKE FURTHER NOTICE that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.**  Information on how to participate in the hearing using ZoomGov is provided below.

**PLEASE TAKE FURTHER NOTICE** that video and audio connection information for the hearing will be provided on Judge Smith's publicly posted hearing calendar, which may be viewed online at:  https://www.cacb.uscourts.gov/judges/honorable-erithe-smith.    For more details on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:341045.2

appearing via ZoomGov, please see the "Notice of Video and Telephonic Appearance Procedures" in the Telephonic Instructions section of the referenced website.

**PLEASE TAKE FURTHER NOTICE** that the following is the unique ZoomGov connection information for the above-referenced hearing:

Video/audio web address:    **https://cacb.zoomgov.com/j/1619456442**

ZoomGov meeting number:    **161 945 6442**

Password:    **148283**

Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

**PLEASE TAKE FURTHER NOTICE** that more information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

Dated:    December 7, 2021                PACHULSKI STANG ZIEHL & JONES LLP


                                          By    */s/ Jason H. Rosell*
                                                Ira D. Kharasch (CA Bar No. 109084)
                                                John W. Lucas (CA Bar No. 271038)
                                                Jason H. Rosell (CA Bar No. 269126)
                                                Victoria A. Newmark (CA Bar No. 183581)

                                                *Counsel to the Debtors and*
                                                *Debtors in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

DOCS_LA:341045.2

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Debtors seek approval of a compromise memorialized in the Stipulation that would allow Finnegan's proof of claim in a reduced amount and resolve a dispute between Finnegan and the Debtors.  Finnegan is one of the Debtors' largest creditors, and the Stipulation reduces the amount of the Finnegan Claim by 55% (reduced from $1,536,588.89 to $691,465.00).  In addition, the Stipulation resolves all disputes between Finnegan and the Debtors without the cost of litigation.  The Debtors believe that the Stipulation is in the best interest of creditors because it reduces the amount of the Finnegan Claim and avoids the uncertainty, risk, expense, and delay associated with costs and risks of litigation related to the Finnegan Claim.

### A.    Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for proceedings on this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    General Background

On May 26, 2020 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").  On June 15, 2020, the United States Trustee for the Central District of California, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "**Committee**").

The factual background regarding the Debtors, including their historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Ni Huang, President and Chief Financial Officer in Support of Emergency First Day Motions* [Docket No. 17].

The Debtors have ceased business operations and have sold substantially all of their assets.  Pursuant to an order of the Court entered on February 2, 2021, David Stapleton (the "**CRO**") was appointed as CRO of the Debtors.  Since the CRO's appointment, he has been familiarizing himself with the Debtors' remaining assets for the purpose of making recommendations to the board on how to best dispose of the estates' remaining assets.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On December 17, 2020, the Court entered that certain *Order (A) Establishing the Procedures and Deadlines for Filing (I) Proofs of Claims and Interests and (II) Administrative Expense Claims Arising Between May 26, 2020 and December 31, 2020; (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief* [Docket No. 338] (the "**Bar Date Order**"), establishing February 19, 2021 as the general bar date for filing claims against the Debtors' estates..

Pursuant to the Bar Date Order, Finnegan timely filed a proof of claim on February 16, 2021 for prepetition legal services rendered to, among others, the Debtors, in the amount of $1,536,588.89 (Claim No. 34, the "**Finnegan Claim**").  A true and correct coy of the Finnegan Claim is attached hereto as **Exhibit C**.

On December 2, 2021, the Debtors filed their *Third Amended Joint Plan of Liquidation* [Docket No. 596] (the "**Plan**"). The Plan preserves the estates' causes of action against Finnegan.

The Debtors have informally raised certain objections, setoffs, and defenses to the Finnegan Claim.  Finnegan disputes that any basis to object to the Finnegan Claim exists.

In order to avoid the costs and risks of litigation related to the Finnegan Claim and any causes of action the estates may have with respect to Finnegan, the Parties have agreed to enter into this Stipulation.

## II.    **THE SETTLEMENT**

After extensive negotiations, the Debtors and Finnegan have reached the compromise memorialized in the Stipulation.  The salient terms of the Stipulation include the following:[1]

1.    <u>Effective Date</u>.  This Stipulation shall be effective upon the date the order approving the Stipulation becomes a final, non-appealable order (the "**Effective Date**").

2.    <u>Allowed General Unsecured Claim</u>.  Upon the Effective Date, Finnegan shall have an allowed Class 4 Non-Motorola General Unsecured Claim (as defined in the Plan) in the amount of $691,465.00 (the "**Allowed Claim**").

3.    <u>Rejection of Contracts</u>.  All contracts between the Debtors and Finnegan, and to the extent not already rejected pursuant to Bankruptcy Court order or stipulation, are hereby deemed rejected effective as of the Petition Date.

4.    <u>Mutual Release</u>.  Upon the Effective Date, the Parties, on behalf of themselves, and to the extent applicable, each of their estates, affiliates, predecessors, successors, assigns,

---

[1]    Parties in interest are encouraged to read the Stipulation in its entirety.  If there are any inconsistencies between the Stipulation and the summary provided herein, the Stipulation shall control.

DOCS_LA:341045.2

officers, directors, employees, shareholders, lenders, agents, attorneys, and insurers, past, present, and future, release each other and each other's estates, affiliates, predecessors, successors, assigns, officers, directors, employees, shareholders, lenders, agents, attorneys and insurers, past, present and future, from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative), promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities that the Parties have, had, or may have in the future against any such party, that arise from or relate in any way to the agreements among the Debtors and Finnegan, except that such releases shall not release any party from any Party's obligations under this Stipulation.

## III.    BASIS FOR RELIEF REQUESTED

### A.    Standard of Review

"The law favors compromise and not litigation for its own sake. . . ." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *see also Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (noting that compromises are favored in bankruptcy).  Rule 9019(a) provides in relevant part that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement."  Rule 9019(a) commits the approval or denial of a settlement to the sound discretion of the bankruptcy court.  *See In re Stein,* 236 B.R. 34, 37 (D. Or. 1999).  The bankruptcy court, however, should not substitute its own judgment for the judgment of a trustee or a debtor.  *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate.  *See A & C Props.*, 784 F.2d at 1381.  The court is neither required to conduct a mini-trial on the merits of the settlement, *Port O'Call Invest. Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976), nor determine that the settlement amount is the amount that would have been paid had the matter been tried.  The court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972)); In re *Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N. D. Cal. 2004); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The U.S. Supreme Court stated in *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968), that in order to approve a proposed settlement under the then-extant Bankruptcy Act, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."  The Ninth Circuit Court of Appeals has reiterated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the "**Woodson Factors**").  *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380).  It is not necessary that the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See Pacific Gas*, 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)).

### B.    The Stipulation Satisfies the Rule 9019 Standard

As discussed below, the Woodson Factors favor approval of the proposed Settlement.

### 1.    Probability of Success / Complexity of Litigation

The Debtors have informally raised certain objections, setoffs, and defenses to the Finnegan Claim.  Finnegan disputes that any such objections, setoffs, and defenses exist against it.  The Debtors evaluated the costs associated with respect to litigating a contested matter in the Court challenging the Finnegan Claim and have concluded that it would be improbable that the Debtors could secure more in litigation than the 55% reduction that the Parties achieved through negotiation.

### 2.    Interests of Creditors

The Settlement serves the best interests of creditors.  The Settlement would resolve the ongoing dispute between the Debtors and Finnegan, one of the Debtors' largest creditors.  Finality with respect to the dispute and the amount of the Finnegan Proof of Claim assists the Debtors in effectuating their

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

1    Plan.  The Debtors, based on their business judgment, believe that the reduced allowed amount of the

2    Finnegan Claim is fair and reasonable.

3         Based upon the foregoing, the Debtors submit that the proposed compromise satisfies the

4    Woodson Factors and is well within the range of reasonableness.  Accordingly, the Stipulation is in

5    the best interest of the Debtors' creditors and should be approved.

6    **C.    Adequate Notice of the Motion Has Been Given**

7         Notice of the filing of this Motion has been given to Finnegan and to all other interested

8    parties of the Debtors' estates.  Accordingly, adequate notice has been given.

9    **IV.    CONCLUSION**

10        **WHEREFORE** the Debtors respectfully request that this Court enter an order (i) approving

11   the Stipulation with Finnegan; (ii) authorizing the Debtors and Finnegan to enter into and take any and

12   all actions reasonably necessary to effectuate the Stipulation; (iii) ruling that the allowed compromised

13   amount of the Finnegan Claim shall not be subject to reconsideration under section 502(j) of the

14   Bankruptcy Code and/or Bankruptcy Rule 3008; (iv) retaining exclusive jurisdiction to resolve any

15   disputes or controversies arising from or related to the Stipulation; and (v) granting such other and

16   further relief as the Court deems just and proper.

17

18   Dated:    December 7, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

19

20                                     By    */s/ Jason H. Rosell*
                                             Ira D. Kharasch (CA Bar No. 109084)
21                                           John W. Lucas (CA Bar No. 271038)
                                             Jason H. Rosell (CA Bar No. 269126)
22                                           Victoria A. Newmark (CA Bar No. 183581)

23                                           *Counsel to the Debtors and*
                                             *Debtors in Possession*

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:341045.2

## DECLARATION OF DAVID STAPLETON

I, David Stapleton, declare:

1.      I am the Chief Restructuring Officer of the above-captioned debtors (the "**Debtors**"). I am also President of Stapleton Group, a consulting firm that provides services involving, among other things, interim and wind-down management, turnaround, crisis management and financial restructuring in chapter 11 cases.  On February 2, 2021, the Court approved my engagement as CRO of the Debtors.  My responsibilities include the disposition of the Debtors' remaining assets and wind down of the estates.

2.      I make this Declaration in support of the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise Regarding Allowance of General Unsecured Claim of Finnegan, Henderson, Farabow, Garrett & Dunner LLP in Reduced Amount and Releasing Claims* (the "**Motion**").  Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

3.      The compromise memorialized in the Stipulation was reach after extensive negotiations between the Parties.

4.      If approved, the Stipulation would reduce the amount of the Finnegan Claim by 55% (reduced from $1,536,588.89 to $691,465.00).   I evaluated the likelihood of success with respect to litigating a contested matter in the Court challenging the Finnegan Claim and I have concluded, in consultation with my advisors, that it would be improbable that the Debtors could secure more in litigation than the 55% reduction that the Parties achieved through negotiation.

5.      Finality with respect to the dispute and the amount of the Finnegan Claim assists the Debtors in effectuating their Plan.  The Debtors, based on their business judgment, believe that the reduced allowed amount of the Finnegan Claim is fair and reasonable.

6.       Based on the foregoing, I am informed and believe that the Settlement is fair and reasonable and serves the best interests of creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 7th day of December, 2021 at Los Angeles, California.

David Stapleton

# EXHIBIT A

## Proposed Order

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:341045.2

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:  ikharasch@pszjlaw.com
          jlucas@pszjlaw.com
          jrosell@pszjlaw.com
          vnewmark@pszjlaw.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.  8:20-bk-11507-ES |
| HCA WEST, INC., *et al.*, | Chapter 11 |
|             Debtors and Debtors-in Possession. | Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES |
| Affects: | **ORDER AUTHORIZING APPROVAL OF SETTLEMENT AND COMPROMISE REGARDING ALLOWANCE OF GENERAL UNSECURED CLAIM OF FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP IN REDUCED AMOUNT AND RELEASING CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(A)** |
| ☒  All Debtors | |
| ☐  HCA WEST, INC., ONLY | |
| ☐  HAI EAST, INC., ONLY | Date:        January 20, 2022 |
| ☐  HNA, INC., ONLY | Time:        10:30 a.m. (Pacific Time) |
|         . | Place:       ZoomGov |

Upon the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise Regarding Allowance of General Unsecured Claim of Finnegan, Henderson, Farabow, Garrett & Dunner LLP in Reduced Amount and Releasing Claims* (the "**Motion**");[1] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding

---

[1]  Capitalized terms not defined herein shall have the meanings used in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion, and the arguments of counsel and evidence proffered at the hearing on the Motion; after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Debtor and Finnegan are authorized to enter into and take any and all actions reasonably necessary to effectuate the Stipulation.

3.      The compromised amount of the Finnegan Proof of Claim shall not be subject to reconsideration under section 502(j) of the Bankruptcy Code and/or Bankruptcy Rule 3008.

4.      The Court retains exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Order**.**

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **<u>EXHIBIT B</u>**

## **Stipulation**

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:   ikharasch@pszjlaw.com
            jlucas@pszjlaw.com
            jrosell@pszjlaw.com
            vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>                Debtors and Debtors-in Possession.<br><br>Affects:<br><br>☒  All Debtors<br><br>☐  HCA WEST, INC., ONLY<br><br>☐  HAI EAST, INC., ONLY<br><br>☐  HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**STIPULATION ALLOWING GENERAL UNSECURED CLAIM OF FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP IN REDUCED AMOUNT AND RELEASING CLAIMS** |

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Finnegan, Henderson, Farabow, Garrett, & Dunner LLP ("Finnegan" and, together with the Debtors, the "Parties," and each a "Party"), enter into this *Stipulation Allowing General Unsecured Claim of Finnegan, Farabow, Garrett & Dunner, LLP in Reduced Amount and Releasing Claims* (the "Stipulation"). This Stipulation is made with reference to the following facts:

## RECITALS

A.      On May 26, 2020, the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

B.      On December 17, 2020, the Court entered that certain *Order (A) Establishing the Procedures and Deadlines for Filing (I) Proofs of Claims and Interests and (II) Administrative Expense Claims Arising Between May 26, 2020 and December 31, 2020; (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief* [Docket No. 338] (the "Bar Date Order"), establishing February 19, 2021 as the general bar date for filing claims against the Debtors' estates.

C.      Pursuant to the Bar Date Order, Finnegan timely filed a proof of claim on February 16, 2021 for prepetition legal services rendered to, among others, the Debtors, in the amount of $1,536,588.89 (Claim No. 34, the "Finnegan Claim").

D.      On December 2, 2021, the Debtors filed their *Third Amended Joint Plan of Liquidation* [Docket No. 596] (the "Plan"). The Plan preserves the estates' causes of action against Finnegan.

E.      The Debtors have informally raised certain objections, setoffs, and defenses to the Finnegan Claim.  Finnegan disputes that any basis to object to the Finnegan Claim exists.

F.      In order to avoid the costs and risks of litigation related to the Finnegan Claim and any causes of action the estates may have with respect to Finnegan, the Parties have agreed to enter into this Stipulation.

## STIPULATION

**NOW, THEREFORE**, based on the above recitals and subject to Court approval of the Stipulation, the Parties hereby stipulate and agree as follows:

DOCS_SF:106477.2

1.    <u>Incorporation of Recitals</u>.  The recitals set forth above are incorporated herein by reference as if fully set forth herein.

2.    <u>Effective Date</u>.  This Stipulation shall be effective upon the date the order approving this Stipulation becomes a final, non-appealable order (the "<u>Effective Date</u>").

3.    <u>Allowed General Unsecured Claim</u>.  Upon the Effective Date, Finnegan shall have an allowed Class 4 Non-Motorola General Unsecured Claim (as defined in the Plan) in the amount of $691,465.00 (the "<u>Allowed Claim</u>").

4.    <u>Claims Register</u>.  Upon the Effective Date, the Clerk of the Court shall be authorized and directed to reflect the terms of this Stipulation on the Claims Register for the Chapter 11 Cases, including the amount of the Allowed Claim.  For the avoidance of doubt, Claim No. 34 shall be allowed in the reduced amount of $691,465.00.

5.    <u>Rejection of Contracts</u>.  All contracts between the Debtors and Finnegan, and to the extent not already rejected pursuant to Bankruptcy Court order or stipulation, are hereby deemed rejected effective as of the Petition Date.

6.    <u>Mutual Release</u>.  Upon the Effective Date, the Parties, on behalf of themselves, and to the extent applicable, each of their estates, affiliates, predecessors, successors, assigns, officers, directors, employees, shareholders, lenders, agents, attorneys, and insurers, past, present, and future, release each other and each other's estates, affiliates, predecessors, successors, assigns, officers, directors, employees, shareholders, lenders, agents, attorneys and insurers, past, present and future, from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative), promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities that the Parties have, had, or may have in the future against any such party, that arise from or relate in any way to the agreements among the Debtors and Finnegan, except that such releases shall not release any party from any Party's obligations under this Stipulation.

7.    <u>Waiver of Section 1542</u>.  The Parties recognize, acknowledge, and waive the provisions of California Civil Code Section 1542, which provides:

3

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

In waiving the provisions of Section 1542 of the California Civil Code, each Party acknowledges that it may discover facts in addition to or different than those which it now believes to be true with respect to the matters released in this Stipulation, but agree that it has taken that possibility into account in reaching this settlement, and the releases given in this Stipulation shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which each Party expressly assumes the risk.

8.    <u>Authority</u>.  Each person who executes this Stipulation represents and warrants that he or she is duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulation.

9.    <u>Jurisdiction</u>.  Each Party submits to the jurisdiction of this Court for any action to enforce or interpret this Stipulation.

10.    <u>Modification</u>.  This Stipulation shall not be modified, altered, or amended without the proper written consent of all Parties hereto.

11.    <u>Binding</u>.  This Stipulation shall be binding upon all successors and assigns of all of the Parties hereto.

Dated:    December 7, 2021                  PACHULSKI STANG ZIEHL & JONES LLP

                                           By    */s/ Jason H. Rosell*
                                                 Ira D. Kharasch (CA Bar No. 109084)
                                                 John W. Lucas (CA Bar No. 271038)
                                                 Jason H. Rosell (CA Bar No. 269126)
                                                 Victoria A. Newmark (CA Bar No. 183581)

                                                 *Counsel to the Debtors and*
                                                 *Debtors in Possession*

4

1
2    Dated: December 7, 2021              FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT, & DUNNER LLP
3

4                                         By:  */s/ Christopher J. Giaimo*
5                                              Christopher J. Giaimo
                                               SQUIRE PATTON BOGGS (US) LLP
6                                              2550 M Street NW
                                               Washington, D.C. 20037
7                                              Telephone:        202.457.6461
                                               Facsimile:        202.457.6315
8                                              E-mail:           christopher.giaimo@squirepb.com

9                                              *Counsel for Finnegan, Henderson,*
                                               *Farabow, Garrett & Dunner, LLP*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               5

# <u>EXHIBIT C</u>

## Finnegan Proof of Claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Hytera Communications America (West) Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:20-bk-11507-ES |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

Finnegan, Henderson, Farabow, Garret & Dunner, LLP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Christopher J. Giaimo, Esq.<br>Name | Alison Kaytes, Accounts Receivable Manager<br>Name |
| 2550 M Street, N.W.<br>Number    Street | 901 New York Avenue, NW,<br>Number    Street |
| Washington         DC         20037<br>City         State         ZIP Code | Washington         DC         20001<br>City         State         ZIP Code |
| Contact phone (202) 457-6461 | Contact phone (202) 216-5445 |
| Contact email christopher.giaimo@squirepb.com | Contact email alison.kaytes@finnegan.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ — __ __ __ __ __ __ — __ __ __ __ __ __ — __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
MM   /   DD   /   YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $ _____1,536,588.89_____ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Legal services - see attached

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    02/16/2021
    MM / DD / YYYY

/s/ Diana K. Ashton
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Diana K. Ashton | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | General Counsel | | |
| Company | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 901 New York Avenue, NW, | | |
| | Number          Street | | |
| | Washington | DC | 20001 |
| | City | State | ZIP Code |
| Contact phone | 202 408 6050 | Email | diana.ashton@finnegan.com |

**Attachment to Proof of Claim of**
**Finnegan, Henderson, Farabow, Garret & Dunner, LLP**

*HYTERA COMMUNICATIONS AMERICA (WEST), INC.*

Bankr. Central D. Cal. No. 20-10507

     Finnegan, Henderson, Farabow, Garret & Dunner, LLP ("Finnegan") asserts a claim against Hytera Communications America (West) Inc. (the "Debtor"), on a joint and several basis, for unpaid amounts totaling $1,536,588.89 as of May 26, 2020 (the "Petition Date") for prepetition legal services performed for the Debtor by Finnegan in representing the Debtor on a variety of intellectual property matters (the "Prepetition Claim").

     A schedule of the unpaid amounts supporting the Prepetition Claim, including invoiced but unpaid amounts and amounts unbilled as of the Petition Date, is as follows:

| Invoice | Date | Fees | Cost | Total |
|---------|------|------|------|-------|
| 1702595 | 5/17/2018 | 15,869.70 | 52.41 | 15,922.11 |
| 1702596 | 5/17/2018 | 1,660.25 | - | 1,660.25 |
| 17025931 | 5/17/2018 | 188,798.40 | 6,138.09 | 194,936.49 |
| 1708120 | 6/25/2018 | 210.00 | - | 210.00 |
| 1708122 | 6/25/2018 | 31,360.36 | 111.38 | 31,471.74 |
| 1708125 | 6/25/2018 | 1,140.25 | - | 1,140.25 |
| 1708126 | 6/25/2018 | 441.90 | 1.59 | 443.49 |
| 1708127 | 6/25/2018 | 3,765.15 | 5.85 | 3,771.00 |
| 1708128 | 6/25/2018 | 693.90 | 1.86 | 695.76 |
| 1708129 | 6/25/2018 | 964.65 | - | 964.65 |
| 17110891 | 7/10/2018 | 261,310.95 | 3,756.02 | 265,066.97 |
| 1714860 | 7/31/2018 | 756.00 | - | 756.00 |
| 1714861 | 7/31/2018 | 715.60 | - | 715.60 |
| 1714862 | 7/31/2018 | 49,360.05 | - | 49,360.05 |
| 1714863 | 7/31/2018 | 116.10 | - | 116.10 |
| 1714864 | 7/31/2018 | 1,730.85 | - | 1,730.85 |
| 1714866 | 7/31/2018 | 619.65 | - | 619.65 |
| 1714867 | 7/31/2018 | 786.50 | - | 786.50 |
| 1720532 | 9/10/2018 | 705.00 | - | 705.00 |
| 1720533 | 9/10/2018 | 170.40 | - | 170.40 |
| 1720534 | 9/10/2018 | 28,097.10 | - | 28,097.10 |

| | | | | |
|---|---|---|---|---|
| 1720535 | 9/10/2018 | 252,262.35 | 78.89 | 252,341.24 |
| 1720536 | 9/10/2018 | 174.70 | - | 174.70 |
| 1720537 | 9/10/2018 | 446.85 | - | 446.85 |
| 1720538 | 9/10/2018 | 410.40 | - | 410.40 |
| 1720539 | 9/10/2018 | 7,939.35 | - | 7,939.35 |
| 1724249 | 9/30/2018 | 1,485.00 | - | 1,485.00 |
| 1724272 | 9/30/2018 | 1,625.40 | - | 1,625.40 |
| 1724273 | 9/30/2018 | 177,472.35 | - | 177,472.35 |
| 1724274 | 9/30/2018 | 80,181.90 | 145.07 | 80,326.97 |
| 1724275 | 9/30/2018 | 5,468.40 | - | 5,468.40 |
| 1724276 | 9/30/2018 | 44,557.20 | 1,216.49 | 45,773.69 |
| 1727459 | 10/18/2018 | 103,828.05 | 1,113.90 | 104,941.95 |
| 1727460 | 10/18/2018 | 103,542.30 | (13,955.50) | 89,586.80 |
| 1727461 | 10/18/2018 | 1,128.60 | - | 1,128.60 |
| 1727462 | 10/18/2018 | 139.50 | - | 139.50 |
| 1727463 | 10/18/2018 | 10,887.75 | 2,871.26 | 13,759.01 |
| 1734943 | 11/30/2018 | 117.00 | - | 117.00 |
| 1734944 | 11/30/2018 | 9,302.85 | 580.03 | 9,882.88 |
| 1734945 | 11/30/2018 | 29,954.70 | 15.09 | 29,969.79 |
| 1734946 | 11/30/2018 | 6,007.50 | - | 6,007.50 |
| 1739927 | 12/31/2018 | 204.75 | - | 204.75 |
| 1739928 | 12/31/2018 | 8,229.60 | - | 8,229.60 |
| 1739929 | 12/31/2018 | 1,029.60 | - | 1,029.60 |
| 1744426 | 1/31/2019 | 264.60 | - | 264.60 |
| 1846297 | 8/25/2020 | 98,523.00 | - | 98,523.00 |
| | | **$1,534,456.46** | **$2,132.43** | **$1,536,588.89** |

To maintain the attorney-client privilege and all other applicable privileges, Finnegan has not attached copies of any invoices or time records supporting the Prepetition Claim. To the extent the Debtor does not already have such invoices and time records in its possession, such documentation is available upon request by the Debtor and by other parties upon proper redaction. Additionally, a copy of the Debtor's engagement letter, which provides for joint and several liability between the Debtors, is available upon request.

Notwithstanding the foregoing, Finnegan reserves the right to collect the full amount of the Prepetition Claim (including, without limitation, any amounts rejected or otherwise not paid by any of the Debtor's insurers) directly from the Debtor.

Finnegan does not waive, and expressly reserves, all rights, remedies, and defenses at law, in equity, or otherwise that Finnegan has or may have against the Debtor or any other person or entity, including, without limitation, all rights of setoff and recoupment and the right to claim all amounts due in respect of any interest, fees, costs, expenses, or legal fees and expense.

The execution and filing of this Proof of Claim is not and shall not be deemed or construed as (a) a waiver or release of Finnegan's rights against any person, entity, or property, which may be liable for all or any part of the claims asserted herein; (b) a consent by Finnegan to the jurisdiction of the Bankruptcy Court with respect to proceedings, if any, commenced in the Debtor's chapter 11 case against or otherwise involving Finnegan; (c) a waiver or release of Finnegan's right to trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a waiver or release of Finnegan's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Judge; (e) a waiver of the right to move or to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in the Debtor's chapter 11 case against or otherwise involving Finnegan; (f) an election of remedies; (g) a consent to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (h) a waiver of any right to any security held by or for Finnegan, or any right to claim specific assets or any right or rights of action that Finnegan has or may have against any of the Debtors or any other entity or individuals, (i) a waiver of any right of subordination in favor Finnegan of indebtedness or liens held by creditors of the Debtor, or (j) a waiver or limitation of any procedural or substantive rights or defense to any claim that may be asserted against Finnegan by the Debtor, any official committee of unsecured creditors, trustee or examiner appointed in this case or any subsequent case, or any other party.

Finnegan reserves the right to amend, update, and/or supplement this proof of claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail regarding the claims set forth herein, to fix the amount of any contingent or unliquidated claim, or to assert any alternative theories or basis for recovery, including any and all rights to any claims arising after the Petition Date.