Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:   ikharasch@pszjlaw.com
          jlucas@pszjlaw.com
          jrosell@pszjlaw.com
          vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>              Debtors and Debtors-in Possession.<br><br>Affects:<br><br>☒  All Debtors<br><br>☐  HCA WEST, INC., ONLY<br><br>☐  HAI EAST, INC., ONLY<br><br>☐  HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**PLAN SUPPLEMENT RELATING TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION** |

*(Left margin, vertical text)* PACHULSKI STANG ZIEHL & JONES LLP — ATTORNEYS AT LAW — LOS ANGELES, CALIFORNIA

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this plan supplement (the "Plan Supplement") in support of the *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 596] (the "Plan").[1]  The document contained this Plan Supplement is integral to, part of, and incorporated by reference into the Plan.  The document has not yet been approved by the Court.  If the Plan is approved, the document contained in the Plan Supplement will be approved by the Court pursuant to the Confirmation Order.

## **CONTENTS**

The Plan Supplement contains the following document, as may be amended, modified, or supplemented from time to time by the Debtors in accordance with the Plan:

| Exhibit | Description |
|---------|-------------|
| A | Liquidation Trust Agreement |

The document, or portions thereof, contained in this Plan Supplement remain subject to continuing negotiations among the Debtors and interested parties with respect thereto.  The Debtors reserve all rights to amend, revise, or supplement this Plan Supplement, the document and designation contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

December 21, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

                              By    */s/ Jason H. Rosell*
                                    Ira D. Kharasch (CA Bar No. 109084)
                                    John W. Lucas (CA Bar No. 271038)
                                    Jason H. Rosell (CA Bar No. 269126)
                                    Victoria A. Newmark (CA Bar No. 183581)

                                    *Counsel to the Debtors and
                                    Debtors in Possession*

---

[1]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

DOCS_SF:104846.15

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## Exhibit A

2

**Liquidation Trust Agreement**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# LIQUIDATION TRUST AGREEMENT

## PREAMBLE

This Liquidation Trust Agreement, dated as of February __, 2022 (the "**Agreement**"), which pertains to the administration of this HCA Liquidation Trust (the "**Liquidation Trust**"), is made effective as of the Effective Date[1] of the Plan, by and among HCA West, Inc., and its affiliated debtors and debtors-in-possession (together, the "**Debtors**") and Stapleton Group, solely in its capacity as trustee (the "**Liquidation Trustee**" and together with the Debtors, the "**Parties**") in accordance with the *Third Amended Joint Chapter 11 Plan of Liquidation* (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "**Plan**") filed by the Debtors, and such Plan having been confirmed pursuant to the entry of the Confirmation Order.

## RECITALS

A.    On May 26, 2020 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "**Bankruptcy Court**"), thereby commencing their chapter 11 cases (together, the "**Chapter 11 Cases**").

B.    On December 2, 2021, the Debtors filed the Plan.

C.    Among other things, the Plan provides for the creation of a post-confirmation Liquidation Trust to hold and administer certain Liquidation Trust Assets and distribute the proceeds therefrom to the Holders of certain Allowed Claims, in accordance with the terms of this Agreement and the Plan.  This Agreement is executed to establish the Liquidation Trust and to facilitate the implementation of the Plan.

D.    The Liquidation Trust is created on behalf of, and for the benefit of, the Liquidation Trust Beneficiaries.

E.    The respective powers, authority, responsibilities, and duties of the Liquidation Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court and, with respect to the Liquidation Trustee only, any obligations under California law.

F.    This Agreement is intended to supplement, complement, and implement the Plan. If any of the terms and/or provisions of this Agreement are inconsistent with the terms and/or provisions of the Plan, then the Plan shall govern except for inconsistencies or clarifications in furtherance of the Liquidation Trust as a liquidating trust for federal income tax purposes, in which case the terms and/or provisions of this Liquidation Trust shall govern.

G.    The Liquidation Trust is intended to qualify as a "liquidating trust" under the United States Internal Revenue Code of 1986 and the Treasury Regulations promulgated thereunder,

---

[1]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

specifically Treasury Regulation section 301.7701-4(d), and as such is a "grantor trust" for federal income tax purposes with the Liquidation Trust Beneficiaries treated as the grantors and owners of the Liquidation Trust. In particular, as specified in Revenue Procedure 94-95, 1994-2 C.B. 684 (July 11, 1994):

(a)     The Liquidation Trust is organized for the primary purpose of liquidating the Liquidation Trust Assets, with no objective to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidation Trust. The Liquidation Trust shall not be deemed a successor of the Debtors or their Estates;

(b)     This Agreement provides that the Liquidation Trust Beneficiaries will be treated as the grantors of the Liquidation Trust and deemed owners of the Liquidation Trust Assets, and further, requires the Liquidation Trustee to file returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a);

(c)     This Agreement provides for consistent valuations of the transferred property by the Liquidation Trustee and the Liquidation Trust Beneficiaries, and those valuations shall be used for all federal income tax purposes;

(d)     All of the Liquidation Trust's income is to be and will be treated as subject to tax on a current basis to the Liquidation Trust Beneficiaries who will be responsible for payment of any tax due;

(e)     This Liquidation Trust contains a fixed or determinable termination date in that it will terminate as soon as practicable at such time as (i) all Disputed Claims have been resolved, (ii) all of the Liquidation Trust Assets have been liquidated, (iii) all duties and obligations of the Liquidation Trustee under the Liquidation Trust Agreement have been fulfilled, (iv) all Distributions required to be made by the Liquidation Trust under the Plan and the Liquidation Trust Agreement have been made, and (v) the Chapter 11 Cases have been closed; *provided*, *however*, that, notwithstanding the foregoing, the Liquidation Trust shall be dissolved no later than two (2) years from the Effective Date unless the Bankruptcy Court, upon a motion filed prior to the second anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the Liquidation Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed one (1) year, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidation Trust as a Liquidation trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidation Trust Assets;

2

(f)     The investment powers of the Liquidation Trustee, other than those reasonably necessary to maintain the value of the Liquidation Trust Assets and to further the liquidating purpose of the Liquidation Trust, are limited to powers to invest in Permissible Investments (as defined herein); and

(g)     The Liquidation Trustee is required to distribute, within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, to the Liquidation Trust Beneficiaries the Liquidation Trust's net income plus all net proceeds from the sale, realization, settlement or liquidation of the Liquidation Trust Assets, except that the Liquidation Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidation Trust Assets, to satisfy current and projected expenses of the Liquidation Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

## **DEFINITIONS**

"Affiliates" means parents, subsidiaries, members, managers, limited partners, and general partners.

"Agreement" has the meaning specified in the Preamble to this Agreement.

"Bankruptcy Court" has the meaning specified in the Preamble to this Agreement.

"Causes of Action" means all Causes of Action (as defined in the Plan) that are Liquidation Trust Assets.

"Confidential Party" has the meaning specified in Article 16.4.

"Debtors" has the meaning specified in the Preamble to this Agreement.

"IRS" means the Internal Revenue Service of the United States of America.

"Liquidation Trust" has the meaning specified in the Preamble to this Agreement.

"Liquidation Trust Asset Proceeds" means any and all proceeds from the Liquidation Trust Assets, including, without limitation, any cash or other property received from or in connection with the Liquidation Trust Assets or the prosecution, settlement, or adjudication of any related Causes of Action that are Liquidation Trust Assets.

"Liquidation Trust Beneficiaries" means the Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims and the Holders of Allowed Claims in Classes 1 through 5 entitled to receive distributions under the Plan.

3

"Liquidation Trustee" has the meaning specified in the Preamble to this Agreement and includes any successor Liquidation Trustee appointed pursuant to Article 10.1.

"Liquidation Trustee Non-Professionals" has the meaning specified in Article 13.1(b).

"Liquidation Trustee Professionals" has the meaning specified in Article 13.1(a).

"Parties" has the meaning specified in the Preamble to this Agreement.

"Person" means any individual, corporation, partnership, joint venture, association, trust, unincorporated organization, or other legal entity, or any governmental authority, entity, or political subdivision thereof.

"Petition Date" has the meaning specified in the Preamble to this Agreement.

"Plan" has the meaning specified in the Preamble to this Agreement.

"Undeliverable Distributions" has the meaning specified in Article 4.3.

## ARTICLE 1
## NAME OF TRUST AND LIQUIDATION TRUSTEE

The name of the Liquidation Trust is the "HCA Liquidation Trust."

Stapleton Group is hereby appointed to serve as the initial Liquidation Trustee under the Plan, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement.  A successor Liquidation Trustee shall be appointed as set forth in Article 10.1 in the event the Liquidation Trustee is removed or resigns pursuant to this Agreement, or if the Liquidation Trustee otherwise vacates the position.

## ARTICLE 2
## DUTIES AND POWERS OF THE LIQUIDATION TRUSTEE

2.1    Generally

The Liquidation Trustee shall be responsible for liquidating and administering (or abandoning, as the case may be) the Liquidation Trust Assets, including the Causes of Action, and taking actions on behalf of, and representing, the Liquidation Trust.  The Liquidation Trustee shall have the authority to bind the Liquidation Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Liquidation Trustee and not individually.

2.2    Scope of Authority of Liquidation Trustee

Within the limitations set forth herein, the responsibilities and authority of the Liquidation Trustee shall include, without limitation: (i) holding and administering the Liquidation Trust Assets, (ii) evaluating and determining strategy with respect to the Causes of Action and litigating Causes of Action, or settling, transferring, releasing, or abandoning any and all Causes of Action

on behalf of the Liquidation Trust, (iii) facilitating the prosecution or settlement of objections to, or estimations of, Claims asserted against the Liquidation Trust or the Liquidation Trust Assets, (iv) calculating and implementing distributions to the Liquidation Trust Beneficiaries in accordance with the Plan and this Agreement, (v) filing all required tax returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a), (vi) retaining Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals as provided in the Plan or this Agreement, (vii) receiving reasonable compensation for performing services as Liquidation Trustee in accordance with this Agreement and paying the reasonable fees, costs, and expenses of any Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals in accordance with the applicable provisions of this Agreement, (viii) filing all required reports with the Bankruptcy Court regarding the status of the administration of the Liquidation Trust Assets and the assets, liabilities, and transfers of the Liquidation Trust, and (ix) carrying out such other responsibilities not specifically set forth herein as may be vested in the Liquidation Trustee pursuant to the Plan, this Agreement, Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.3     Obligations to Liquidation Trust and Beneficiaries

The Liquidation Trustee's actions as Liquidation Trustee will be held to standards required under California law.

2.4     Additional Powers of Liquidation Trustee

In connection with the administration of the Liquidation Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Liquidation Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Liquidation Trust.  Without limiting, but subject to, the foregoing, the Liquidation Trustee shall, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Plan:

(a)     be expressly authorized and required to hold legal title (on behalf of the Liquidation Trust as Liquidation Trustee, but not individually) to the Liquidation Trust Assets, including, but not limited to, the Causes of Action, and be expressly authorized to vote any Claim held by the Liquidation Trust in any case or proceeding under the Bankruptcy Code or otherwise and to receive any distribution therein;

(b)     be expressly authorized and required to protect and enforce the rights to the Liquidation Trust Assets vested in the Liquidation Trust by the Plan by any method deemed appropriate in its discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(c)     be expressly authorized to invest funds (in the manner set forth in Section 2.8), make distributions, and pay any other obligations owed by the Liquidation Trust from the Liquidation Trust Assets as provided herein and in the Plan;

(d)     be expressly authorized and required to prosecute, defend, compromise, adjust, analyze, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms set forth in Article 5 hereof, Claims against the Liquidation Trust or the Liquidation Trust Assets;

5

(e)     be expressly authorized and required to pay expenses and make disbursements necessary to preserve and liquidate the Liquidation Trust Assets;

(f)     be expressly authorized and required to make the Distributions as contemplated in the Plan and this Agreement;

(g)     be expressly authorized and required to file appropriate tax returns with respect to the Liquidation Trust and the Debtors, and pay taxes properly payable by the Liquidation Trust, if any, in the exercise of its fiduciary obligations;

(h)     be expressly authorized and required to take such actions as are necessary and reasonable to carry out the purposes of the Liquidation Trust;

(i)     be expressly authorized to purchase insurance coverage as the Liquidation Trustee, in its sole discretion, deems necessary and appropriate with respect to the assets, liabilities, and obligations of the Liquidation Trust;

(j)     be expressly authorized to retain and pay, as applicable, the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(k)     be expressly authorized to incur any reasonable and necessary expenses in liquidating and converting the Liquidation Trust Assets to Cash, or otherwise administering the Liquidation Trust, as set forth in the Plan or this Agreement;

(l)     be expressly authorized to terminate the Liquidation Trust and seek to close the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and

(m)     be expressly authorized and required to assume such other powers as may be vested in or assumed by the Liquidation Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.5     <u>General Authority of the Liquidation Trustee</u>

Unless specifically stated otherwise herein, the Liquidation Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement, or (b) specifically contemplated in the Plan.

2.6     <u>Limitation of Liquidation Trustee's Authority; No On-Going Business</u>

(a)     The Liquidation Trustee shall have no power or authority except as set forth in this Agreement or in the Plan.

(b)     For federal income tax purposes, the Liquidation Trustee shall not be authorized to engage in any trade or business with respect to the Liquidation Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidation Trust. The Liquidation Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidation Trust Assets as required by

6

applicable law and consistent with the treatment of the Liquidation Trust as a liquidation trust under Treasury Regulation section 301.7701-4(d), to the extent such actions are permitted by this Agreement.

2.7    Other Activities

The Liquidation Trustee shall be entitled to retain Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals in accordance with the terms of this Agreement and to assist with the administration of the Liquidation Trust. The Liquidation Trustee, the Liquidation Trustee Professionals, and the Liquidation Trustee Non-Professionals may be retained in matters that are unrelated to the Liquidation Trust by banks, bank groups or other institutional lenders or debt holders who are, or whose Affiliates are, Liquidation Trust Beneficiaries or Affiliates of the Liquidation Trust, so long as such other retention does not involve holding or representing any interest adverse to the interests of the Liquidation Trust, or otherwise preclude or impair the Liquidation Trustee from performing its duties under this Agreement.

2.8    Investment and Safekeeping of Liquidation Trust Assets

All monies and other assets received by the Liquidation Trustee shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidation Trustee, and further, shall be held in trust for the benefit of the Liquidation Trust Beneficiaries, but need not be segregated from other Liquidation Trust Assets, unless and to the extent required by the Plan and this Agreement. The Liquidation Trustee shall promptly invest any such monies in the manner set forth in this Article 2.8, but shall otherwise be under no liability for interest or income on any monies received by the Liquidation Trust hereunder and held for distribution or payment to the Liquidation Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidation Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidation Trustee to invest the Liquidation Trust Assets, the proceeds thereof, or any income earned by the Liquidation Trust, shall be limited to the right and power to (i) invest such Liquidation Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof; or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "**Permissible Investments**") *provided*, *however*, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.9    Establishment of Reserves

On the Effective Date, the Liquidation Trustee shall establish and maintain a Reserve of Cash from the Liquidation Trust Assets as the Liquidation Trustee deems reasonably necessary to satisfy Disputed Administrative Claims, Disputed Priority Tax Claims, Disputed Priority Non-Tax

7

Claims, and Disputed Secured Claims, and for the Liquidation Trust Reserve. Further, upon the Professional Fee Bar Date, the Liquidation Trustee shall establish a Reserve of Cash from the Liquidation Trust Assets in an amount that the Liquidation Trustee deems reasonably necessary to satisfy all Professional Fee Claims.

## ARTICLE 3
## TERM AND COMPENSATION FOR LIQUIDATION TRUSTEE

3.1     <u>Compensation</u>

(a)     The Liquidation Trustee shall be entitled to receive compensation for services rendered on behalf of the Liquidation Trust according to the following hourly fee schedule, payable on the fifteenth (15th) Business Day following the end of each month, plus reimbursement of all reasonable, out-of-pocket expenses, until the date the Liquidation Trust is dissolved and terminated pursuant to Article 14.1, or by an order of the Bankruptcy Court.

| | |
|---|---|
| Principal (DS, NG, MB) | $ 425 |
| Managing Director (DK, JD) | $ 375 |
| Director, Financial Advisory | $ 350 |
| Senior Financial Analyst | $ 295 |
| Controller | $ 275 |
| Junior Analyst | $ 225 |
| Paralegal / Administrative / Clerical | $ 100 |

(b)     All compensation and other amounts payable to the Liquidation Trustee shall be paid out of the Liquidation Trust Reserve.

3.2     <u>Termination</u>

The duties, responsibilities, and powers of the Liquidation Trustee will terminate on the date the Liquidation Trust is dissolved and terminated pursuant to Article 14.1, or by an order of the Bankruptcy Court.

3.3     <u>Bond</u>

The Liquidation Trustee shall post an appropriate bond with respect to the performance of the obligations and liabilities of the Liquidation Trustee under the Plan and this Agreement (the "<u>Liquidation Trust Bond</u>").  The cost of the Liquidation Trust Bond shall be an expense of the Liquidation Trust and paid from the Liquidation Trust Assets.

3.4     <u>Removal</u>

The Liquidation Trustee may be removed only for cause by a Final Order of the Bankruptcy Court, after notice and a hearing; *provided*, *however*, that the Liquidation Trustee may not be removed until a successor Liquidation Trustee has been named or is capable of being named immediately upon such removal.  For purposes of removing the Liquidation Trustee, "cause" shall mean gross negligence, breach of fiduciary duty, breach of trust, and reckless or willful mishandling of the Liquidation Trust Assets.  Any fees and unreimbursed expenses that have been

8

properly incurred by the Liquidation Trustee in accordance with the terms of this Agreement that are owing to the Liquidation Trustee as of the date of the Liquidation Trustee's removal shall be paid to the Liquidation Trustee, as applicable, within seven (7) calendar days of the removal date.

3.5    <u>Resignation</u>

The Liquidation Trustee may resign by giving not less than sixty (60) calendar days' prior written notice thereof to the Bankruptcy Court and the Liquidation Trust Beneficiaries.

## ARTICLE 4
## PROVISIONS REGARDING DISTRIBUTIONS

4.1    <u>Priority and Method of Distributions</u>

(a)    <u>Generally</u>.  The Liquidation Trustee, on behalf of the Liquidation Trust, or such other Person as may be designated in accordance with this Agreement, will make distributions to the Liquidation Trust Beneficiaries in accordance with this Agreement and in accordance with the priorities set forth in, and the other provisions of, the Plan.  Whenever any distribution to be made under the Plan or this Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due.

(b)    <u>Distribution of Liquidation Trust Assets and Proceeds Thereof</u>.  All Liquidation Trust Assets and all Liquidation Trust Asset Proceeds shall be distributed in accordance with the terms of this Agreement, the Plan, and Confirmation Order.

(c)    <u>Timing of Distributions</u>.  Except as specifically set forth in the Plan, the Liquidation Trustee may determine, in its discretion, the appropriate timing, amount, and cadence for distributions.

(d)    <u>Periodic Distribution Requirement</u>.  Subject to the provisions of this Article 4 and to the extent required to maintain grantor trust tax status, the Liquidation Trustee is required to distribute within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, to the Liquidation Trust Beneficiaries the Liquidation Trust's net income plus all net proceeds from the sale, realization, settlement, or liquidation of the Liquidation Trust Assets, except that the Liquidation Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidation Trust Assets, to satisfy current and projected expenses of the Liquidation Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

(e)    <u>Withholding</u>.  When making a Distribution, the Liquidation Trustee may retain an amount of Liquidation Trustee Assets reasonably necessary to satisfy current and projected expenses of the Liquidation Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims). The Liquidation Trustee may also withhold from amounts distributable to any Person any and all amounts, to be determined in the Liquidation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof.  To the extent

9

that amounts are so withheld and paid over to the appropriate governmental entity, such amounts shall be treated for all purposes of this Agreement as having been paid to the Person in respect of whom such deduction and withholding was made.

(f)    Tax Identification Numbers.  The Liquidation Trustee is authorized to request and obtain from the Liquidation Trust Beneficiaries or any other Person Forms W-8 and/or W-9 or such other forms or information relating to the Liquidation Trustee's obligations to withhold as the Liquidation Trustee may reasonably request, and the Liquidation Trustee may condition any distribution to any Liquidation Trust Beneficiary or other distributee upon receipt of such forms or information.

4.2    Delivery of Distributions.

Subject to the provisions of Federal Rule of Bankruptcy Procedure 2002(g), and except as otherwise provided herein, Distributions to the Liquidation Trust Beneficiaries shall be made: (i) at the addresses set forth on the respective proofs of Claim Filed by such Holders; (ii) at the addresses set forth in any written notices of address changes delivered to the Liquidation Trustee after the date of any related proof of Claim; or (iii) at the address reflected in the Schedules if no proof of Claim is Filed and the Liquidation Trustee has not received a written notice of a change of address.

4.3    [Reserved]

4.4    [Reserved]

4.5    Remainder Amounts After Final Distribution

After final Distributions have been made in accordance with the terms of the Plan, if the aggregate amount of Unclaimed Distributions and Undeliverable Distributions is less than $5,000, the Liquidation Trustee may donate such amount to a charitable organization as determined by the Liquidation Trustee in its sole discretion.

4.6    [Reserved]

**ARTICLE 5**
**PROCEDURES FOR RESOLUTION OF DISPUTED,**
**CONTINGENT, AND UNLIQUIDATED CLAIMS OR EQUITY INTERESTS**

5.1    Objections to Claims; Prosecution of Disputed Claims

Except insofar as a Claim is Allowed under the Plan on and after the Effective Date, the Liquidation Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims or Interests: (1) file, withdraw, or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order, or approval by, the Bankruptcy Court. The Liquidation Trustee shall succeed to any pending objections to Claims filed by the Debtors prior to the Effective Date, and shall have and

10

retain any and all rights and defenses the Debtors had immediately prior to the Effective Date with respect to any Disputed Claim. The Liquidation Trustee shall not be obligated to object to any Claim.

5.2    Estimation of Claims

The Liquidation Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Liquidation Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidation Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.3    Payments and Distributions on Disputed Claims

(a)    Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim (as applicable), and (b) unless agreed otherwise by the Liquidation Trustee no distribution shall be made to any Person that holds both an Allowed Claim and a Disputed Claim until such Person's Disputed Claims have been resolved by settlement or Final Order.

(b)    Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims, if any, that become Allowed, shall be made by the Liquidation Trustee at such periodic intervals as the Liquidation Trustee determines to be reasonably prudent. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a Holder.

**ARTICLE 6**
**LIABILITY AND EXCULPATION PROVISIONS**

6.1    Standard of Liability

In no event shall the Liquidation Trustee or the Liquidation Trustee Professionals, Liquidation Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals be held personally liable for any claim, expense, liability or other obligation asserted against the Liquidation Trust. The Liquidation Trustee, the Liquidation Trustee Professionals, the Liquidation Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals shall not be liable for any negligence or any error of judgment made in good faith with respect to any action taken or omitted to be taken in good faith, except to the extent that the action taken or omitted to be taken by each of the same or their respective

DOCS_LA:340784.3

Liquidation Trustee Professionals, Liquidation Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals is determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud or, solely in the case of the Liquidation Trustee, breach of fiduciary duty. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence or willful misconduct.

6.2    Reliance by Liquidation Trustee

Except as otherwise provided herein:

(a)    the Liquidation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties;

(b)    the Liquidation Trustee shall not be liable for any action reasonably taken or not taken in accordance with the advice of a Liquidation Trustee Professional; and

(c)    persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such person in carrying out the terms of this Agreement, and the Liquidation Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidation Trustee are determined by a Final Order to be solely due to the Liquidation Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

6.3    Exculpation; Indemnification

(a)    [Reserved]

(b)    No Holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Liquidation Trustee, the Liquidation Trustee Professionals, the Liquidation Trustee Non-Professionals, or any of their representatives, employees, directors, officers or principals for making payments in accordance with the Plan or this Agreement or for implementing the provisions of the Plan or this Agreement.  Any act taken or not taken, in the case of the Liquidation Trustee, with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

(c)    Indemnification.  The Liquidation Trust shall indemnify, defend and hold harmless the Liquidation Trustee, the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, solely from Liquidation Trust Assets, from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date, other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, or, solely in the case of the Liquidation Trustee, breach of fiduciary duty, to the fullest extent permitted by applicable law.  Satisfaction of any obligation of the Liquidation Trust arising pursuant to the terms of this

12

Article shall be payable only from the Liquidation Trust Assets, may be advanced (from insurance or Liquidation Trust Assets) prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Liquidation Trust Assets.

## ARTICLE 7
## ESTABLISHMENT OF THE LIQUIDATION TRUST

7.1     Transfer of Assets to Liquidation Trust; Assumption of Liabilities

Pursuant to the Plan, the Debtors and the Liquidation Trustee hereby establish the Liquidation Trust on behalf of the Liquidation Trust Beneficiaries, to be treated as the grantors and deemed owners of the Liquidation Trust Assets and the Debtors hereby transfer, assign, and deliver to the Liquidation Trust, on behalf of the Liquidation Trust Beneficiaries, all of their right, title, and interest in the Liquidation Trust Assets, including the related claims and Causes of Action of the Debtors, other than Causes of Action that have been released in accordance with the provisions of the Plan, notwithstanding any prohibition of assignability under applicable non-bankruptcy law.  Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors.  The Liquidation Trustee agrees to accept and hold the Liquidation Trust Assets in the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

7.2     Title to Assets

(a)     On the Effective Date, the Debtors shall transfer the Liquidation Trust Assets to the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all assets and properties encompassed by the Plan shall vest in the Liquidation Trust in accordance with section 1141 of the Bankruptcy Code.  Upon the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Debtors shall have no interest in or with respect to such Liquidation Trust Assets or the Liquidation Trust.

(b)     For all federal income tax purposes, all Parties and Liquidation Trust Beneficiaries shall treat the transfer of the Liquidation Trust Assets by the Debtors to the Liquidation Trust, as set forth in this Article 7 and in the Plan, as a transfer of such assets by the Debtors to the Liquidation Trust Beneficiaries entitled to distributions under this Agreement followed by a transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust.  Thus, the Liquidation Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

7.3     Valuation of Assets

As soon as practicable after the Effective Date, the Liquidation Trustee (to the extent that the Liquidation Trustee deems it necessary or appropriate in its discretion), shall value the Liquidation Trust Assets based on the good faith determination of the Liquidation Trustee.  The valuation shall be used consistently by all Parties and the Liquidation Trust Beneficiaries for all federal income tax purposes.  The Bankruptcy Court shall resolve any dispute regarding the valuation of the Liquidation Trust Assets.

13

## ARTICLE 8
## LIQUIDATION TRUST BENEFICIARIES

8.1     Identification of Liquidation Trust Beneficiaries

In order to determine the actual names and addresses of the Liquidation Trust Beneficiaries, the Liquidation Trustee shall be entitled to conclusively rely on the names and addresses set forth in the Debtors' Schedules or filed proofs of claim, unless the Liquidation Trustee receives timely notice of a Liquidation Trust Beneficiary's change of address.   Each Liquidation Trust Beneficiary's right to distribution from the Liquidation Trust, which is dependent upon such Liquidation Trust Beneficiary's classification under the Plan, shall be that accorded to such Liquidation Trust Beneficiary under the Plan.

## ARTICLE 9
## ADMINISTRATION

9.1     Purpose of the Liquidation Trust

The Liquidation Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidation Trust.   Accordingly, the Liquidation Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries and not unduly prolong its duration, and shall take or refrain from taking such other actions as may be necessary, in the Liquidation Trustee's reasonable judgment, to preserve and maintain the status of the Liquidation Trust as a "liquidation trust" and as a "grantor trust" within the meaning of Treasury Regulation sections 301.7701-4(d) and 1.671-4(a).   The Liquidation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

9.2     Books and Records

The Liquidation Trustee shall maintain books and records relating to the administration of the Liquidation Trust Assets and the distribution by the Liquidation Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.   The Liquidation Trustee shall also maintain books and records relating to the administration of the Liquidation Trust Assets (including the Causes of Action), the income and expenses of the Liquidation Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Liquidation Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.   Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Liquidation Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust, or as a condition for making any payment or distribution out of the Liquidation Trust Assets.

9.3     Compliance with Laws

Any and all distributions of Liquidation Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

## ARTICLE 10
## SUCCESSOR LIQUIDATION TRUSTEE

10.1    Successor Liquidation Trustee

In the event the Liquidation Trustee is removed pursuant to this Agreement, resigns pursuant to this Agreement, or otherwise vacates its position, the Bankruptcy Court shall appoint a successor in accordance with the best interests of the Liquidation Trust Beneficiaries.  Any successor Liquidation Trustee appointed hereunder shall execute an instrument accepting such appointment.  Thereupon, such successor Liquidation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidation Trust with like effect as if originally named herein; *provided*, *however*, that a removed or resigning Liquidation Trustee shall, nevertheless, when requested in writing by the successor Liquidation Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidation Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Liquidation Trustee.

## ARTICLE 11
## REPORTING

11.1    Quarterly and Final Reports

As soon as practicable but in no event later than thirty (30) calendar days after the end of the first full quarter following the Effective Date and on a quarterly basis thereafter until all Cash in the Liquidation Trust has been distributed or otherwise paid out in accordance with the Plan and this Agreement, the Liquidation Trustee shall File a report with the Bankruptcy Court setting forth the amounts, recipients, and dates of all Distributions made by the Liquidation Trustee through each applicable reporting period.

11.2    Federal Income Tax

(a)     Grantor Trust Status.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), the Liquidation Trustee shall file tax returns for the Liquidation Trustee as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)     Allocations of Liquidation Trust Taxable Income.  Subject to the provisions of Article 11.2(a) hereof, allocations of Liquidation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its other assets

15

(valued for this purpose at their tax book value) to the Liquidation Trust Beneficiaries (treating any Holder of a Disputed Claim, for this purpose, as a current Liquidation Trust Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Liquidation Trust (including any distributions held in reserve pending the resolution of Disputed Claims).  Similarly, taxable losses of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Liquidation Trust Assets.  The tax book value of the Liquidation Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidation Trust, adjusted in either case in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the Treasury Regulations and any other applicable administrative and judicial authorities and pronouncements.

(c)    Tax Reporting Duties of Liquidation Trustee.  Within sixty (60) calendar days following the end of each calendar year, the Liquidation Trustee shall prepare and distribute a statement setting forth the information necessary for each Liquidation Trust Beneficiary to determine its share of items of income, gain, loss, deduction or credit for United States federal income tax purposes.

11.3    Other

The Liquidation Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Liquidation Trust or the Liquidation Trust Assets, that are required by the IRS or any other Governmental Unit.

## ARTICLE 12
## TRANSFERABILITY OF LIQUIDATION TRUST BENEFICIARIES' INTERESTS

12.1    Transferability of Liquidation Trust Beneficiaries' Interests

The beneficial interests that are owned by the Liquidation Trust Beneficiaries, which shall be reflected only on the records of the Liquidation Trust maintained by the Liquidation Trustee, shall be uncertificated, are not negotiable, and shall not be assignable or transferable voluntarily. In the case of a deceased individual Liquidation Trust Beneficiary, its executor or administrator shall succeed to such decedent's beneficial interest upon notice to the Liquidation Trustee.

## ARTICLE 13
## LIQUIDATION TRUSTEE PROFESSIONALS
## AND NON-PROFESSIONALS

13.1    Retention of Liquidation Trustee Professionals and Non-Professionals

(a)    The Liquidation Trustee shall have the right to retain its own professionals including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors, as the Liquidation Trustee deems appropriate (the "**Liquidation Trustee Professionals**") and on such terms as the Liquidation Trustee deems appropriate.  The Liquidation Trustee Professionals shall be compensated in accordance with Article 13.2 hereof.  The Liquidation Trustee Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code.

16

(b)    The Liquidation Trustee shall have the right to retain non-professionals including, without limitation, employees, independent contractors or other agents as the Liquidation Trustee deems appropriate (the "**Liquidation Trustee Non-Professionals**") and on such terms as the Liquidation Trustee deems appropriate.  Such Liquidation Trustee Non-Professionals shall be compensated in accordance with Article 13.2 hereof.  The Liquidation Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, employees, independent contractors or agents of the Committee.

13.2    <u>Payment to Liquidation Trustee Professionals and Non-Professionals</u>

(a)    After the Effective Date, Liquidation Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidation Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses.  The Liquidation Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidation Trustee, without Bankruptcy Court approval, unless the Liquidation Trustee objects.  If there is a dispute as to a part of an invoice, the Liquidation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(b)    After the Effective Date, Liquidation Trustee Non-Professionals shall be required to submit to the Liquidation Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges.  The Liquidation Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidation Trustee, without Bankruptcy Court approval, unless the Liquidation Trustee objects.  If there is a dispute as to a part of an invoice, the Liquidation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(c)    All payments to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals shall be paid out of the Liquidation Trust Assets.

## ARTICLE 14
## TERMINATION OF LIQUIDATION TRUST

14.1    <u>Duration and Extension</u>

Notwithstanding any provision of the Plan to the contrary, the Liquidation Trust shall be dissolved no later than two (2) years from the Effective Date unless the Bankruptcy Court, upon a motion filed prior to the second anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the Liquidation Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed one (1) year, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidation Trust as a Liquidation trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidation Trust Assets; *provided*, *however*, that adequate funding exists for such extension period as determined by the Bankruptcy Court; provided, further, that each request for an extension shall be

17

approved by the Bankruptcy Court within six months prior to the conclusion of the extended term. After (a) the final Distribution of the balance of the assets or proceeds of the Liquidation Trust pursuant to the Plan, (b) the filing by or on behalf of the Liquidation Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan, and (c) any other action deemed appropriate by the Liquidation Trustee, the Liquidation Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

14.2    Diligent Administration

The Liquidation Trustee shall, as applicable, (i) not unduly prolong the duration of the Liquidation Trust; (ii) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidation Trust Assets; (iii) effect the liquidation and distribution of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in accordance with the terms hereof; and (iv) endeavor to terminate the Liquidation Trust as soon as reasonably practicable.

## ARTICLE 15
## AMENDMENT AND WAIVER

15.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived only with the written consent of the Liquidation Trustee or by order of the Bankruptcy Court if necessary to implement the Plan; *provided, however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Liquidation Trust as a "grantor trust." Technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Liquidation Trust to effectuate the terms of this Agreement, with the consent of the Liquidation Trustee.

## ARTICLE 16
## MISCELLANEOUS PROVISIONS

16.1    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

16.2    Preservation of Privilege

In connection with the vesting and transfer of the Liquidation Trust Assets, including rights and Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors shall be transferred to the Liquidation Trust and shall vest in the Liquidation Trust. Accordingly, in connection with the prosecution and/or investigation of the Causes of Action by the Liquidation Trustee, any and all directors, officers, employees, counsel, agents, or attorneys-in-fact, of the Debtors, cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held

18

by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Liquidation Trustee in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews). The Debtors and the Liquidation Trustee shall take all necessary actions to protect the transfer of such privileges, protections and immunities.

### 16.3    Prevailing Party

Subject to Article 6.3(c) hereof, if the Liquidation Trustee or the Liquidation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof, then such prevailing party shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.

### 16.4    Confidentiality

The Liquidation Trustee, and each of its employees, members, agents, professionals and advisors, including the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals (each a "**Confidential Party**" and collectively the "**Confidential Parties**") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Liquidation Trust Assets relates; *provided*, *however*, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidation Trustee to allow him sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidation Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

### 16.5    Laws as to Construction

This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to rules governing the conflict of law.

### 16.6    Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

16.7    <u>Notices</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered by facsimile (at the numbers set forth below) and deposited, postage prepaid, in a post office or letter box addressed to the person (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

> Liquidation Trustee:
>
> Stapleton Group
> Attention: David Stapleton
> 515 South Flower Street, 18th Floor
> Los Angeles, CA 90071
> Email: david@stapletoninc.com
>
> With a copy to:
>
> Stapleton Group
> Attention: Michael Bergthold
> 515 South Flower Street, 18th Floor
> Los Angeles, CA 90071
> Email: mbergthold@stapletoninc.com

16.8    <u>Notices if to a Liquidation Trust Beneficiary</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on such Liquidation Trust Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court, or if none of the above has been filed, to the address set forth in the Debtors' Schedules or provided to the Liquidation Trustee pursuant to Article 8.1.

16.9    <u>Survivability</u>

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Liquidation Trustee.

16.10    <u>Headings</u>

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

16.11    <u>Conflicts with Plan Provisions</u>

Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

DOCS_LA:340784.3

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Stapleton Group as Liquidation Trustee

By: _____
Name: David Stapleton
Title: President

HCA West, Inc., HAI East, Inc., and HNA, Inc.

By: _____
Name: David Stapleton
Title: Chief Restructuring Officer

21