Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: ikharasch@pszjlaw.com
       jlucas@pszjlaw.com
       jrosell@pszjlaw.com
       vnewmark@pszjlaw.com

Counsel to Debtors and Debtors in Possession

**FILED & ENTERED**

**FEB 11 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>    Debtors and Debtors-in Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ HCA WEST, INC., ONLY<br><br>☐ HAI EAST, INC., ONLY<br><br>☐ HNA, INC., ONLY | Case No. 8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**ORDER CONFIRMING THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION**<br><br>Confirmation Hearing:<br><br>Date:    February 10, 2022<br>Time:   10:30 a.m. (Pacific Time)<br>Place:  10:30 a.m. (Pacific Time)<br>Place:  ZoomGov |

On February 10, 2022, this Court held a hearing (the "Confirmation Hearing") on confirmation of the *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 596] (the "Plan") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The Court, having considered the Plan, all declarations, pleadings, and evidence submitted in support of the Plan, and for good cause appearing therefor,

**IT HAS BEEN DETERMINED BY THE COURT THAT:**

   A.   **Jurisdiction and Venue**. This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper under 28 U.S.C. § 1408.

   B.   **Notice of Confirmation Hearing**. Due and sufficient notice of the Confirmation Hearing has been provided under the circumstances and under applicable rules and consistent with the requirements imposed by this Court in its *Order (A) Approving Amended Disclosure Statement; (B) Fixing Voting Record Date; (C) Approving Solicitation and Voting Procedures; (D) Approving Form of Solicitation Materials; and (E) Setting Confirmation Hearing and Deadlines in Connection Therewith* [Docket No. 603] (the "Solicitation Procedures Order") entered on December 6, 2021.

   C.   **Voting on Plan**. The Solicitation Procedures Order fixed January 6, 2022 as the deadline to submit ballots to accept or reject the Plan. The Debtors have tabulated the ballots received, as evidenced by the declaration of Kim Steverson [Docket No. 663] (the "Voting Declaration"). As set forth in the Voting Declaration, 100% of the ballots cast voted to accept the Plan.

   D.   **Objections**. No formal objections to the Plan were filed.

   E.   **Compliance with Confirmation Requirements**. The Plan complies with the applicable requirements of sections 1123 and 1129 of the Bankruptcy Code, which set forth the conditions necessary for confirmation.

   F.   **Settlement of Claims and Controversies**. Pursuant to sections 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Interest may have against any Debtor with respect to any Claim, Interest, or any Distribution on account thereof. The compromise and settlement of all such claims or controversies are (i) in the best interest of the Debtors, the Estates, and their creditors and other parties in interest; and (ii) fair, equitable, and reasonable.

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED THAT:**

**A.    Confirmation of the Plan**

1.    The Plan and each of its provisions (whether or not specifically approved herein) is hereby **APPROVED** and **CONFIRMED** in all respects; *provided*, *however*, that if there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control. All objections and responses to, and statements regarding, the Plan, to the extent that they have not been withdrawn, waived, or settled prior to the entry of this Order or are not cured by the relief granted herein, are hereby expressly overruled.

**B.    Conditions Precedent**

2.    The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the conditions set forth in Section 16.1 of the Plan have been satisfied or duly waived pursuant to Section 16.1 of the Plan

**C.    Successors and Assigns**

3.    Pursuant to section 1141 of the Bankruptcy Code, the terms of this Order are binding on the Debtors, any and all holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected, or are deemed to have acted or rejected the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtors, and any and all entities who are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions set forth in the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**D.    Substantive Consolidation**

4.    On the Effective Date, the Debtors (collectively, the "Consolidated Estates") shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code. As a result of such substantive consolidation, on the Effective Date, all property, rights, and claims of the Consolidated Estates and all Claims against the Consolidated Estates shall be deemed to be pooled

for purposes of distributions under the Plan and, in the Liquidation Trustee's discretion, other purposes. Further, as a result of such substantive consolidation, all claims between and among the Consolidated Estates shall be cancelled.

### E. Vesting of Assets

5. On the Effective Date, and pursuant to section 1141(b) of the Bankruptcy Code, the Assets of the Estates, including all of the Estates' respective rights, title, and/or interest in and to all such Assets, shall vest in the Liquidation Trust free and clear of all Claims, Liens, and Interests, except as otherwise specifically provided in the Plan or in this Order. The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets, as well as the representative of the Estates appointed pursuant to section 1123(b)(3) of the Bankruptcy Code regarding all of the Liquidation Trust Assets. The Liquidation Trust shall hold and distribute the Liquidation Trust Assets in accordance with the provisions of the Plan and the Liquidation Trust Agreement.

### F. Executory Contracts and Unexpired Leases

6. On the Effective Date, except for any executory contracts or unexpired leases of the Debtors (i) that previously were assumed or rejected by an order of the Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to the date hereof; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms is hereby deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date. For the avoidance of doubt, any insurance policy acquired for the benefit of the Debtors (or any representatives thereof or successors thereto) before or after the Petition Date shall remain in full force and effect after the Effective Date according to its terms.

7. Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases, if any, must be filed with the Court and served on the Liquidation Trustee and its counsel within thirty (30) calendar days after the earlier of (a) the Effective Date or (b) service of a notice that the executory contract or unexpired lease has been rejected.

**G.    Preservation of Causes of Action**

8.    Except as otherwise provided in the Plan or this Order, from and after the Effective Date, the Liquidation Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all Causes of Action, including, without limitation, Avoidance Actions, in each case in any court or other tribunal, including in an adversary proceeding filed in these Chapter 11 Cases, subject to the requirements set forth in the Plan and the Liquidation Trust Agreement.

**H.    Actions in Furtherance of the Plan**

9.    The Debtors and the Liquidation Trustee are authorized to: (a) take any and all such actions as may be necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms as modified by this Order; and (b) execute any and all such documents and instruments as may be required to effectuate the Plan.

**I.    Non-Discharge of the Debtors; Property Free and Clear**

10.    In accordance with section 1141(d)(3)(A) of the Bankruptcy Code, the Plan does not discharge the Debtors.  Section 1141(c) of the Bankruptcy Code nevertheless provides that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors.  As such, no Person holding a Claim or an Interest may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Person under the Plan.

**J.    Exculpation**

11.    The exculpation provisions contained in Section 12.2 of the Plan are approved in all respects and incorporated herein by reference.

**K.    Injunction**

12.    As of the Effective Date, the injunctions contained in Section 12.3 of the Plan are approved in all respects and incorporated herein by reference.

**L.    Releases by the Debtors**

13.    The releases contained in Section 12.4 of the Plan are approved in all respects and incorporated herein by reference.

### M. Releases by Insiders

14.  The releases contained in Section 12.5 of the Plan are approved in all respects and incorporated herein by reference.

### N. Reservation of Rights of Motorola and Insiders

15.  The reservation of rights in Section 12.6 of the Plan are approved in all respects and incorporated herein by reference.

### O. Payment of Statutory Fees

16.  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid by the Debtors on or before the Effective Date.  All such fees that arise after the Effective Date shall be paid by the Liquidation Trust.

### P. Section 1146 Exemption

17.  Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

### Q. Reference to and Validity and Enforceability of the Plan Provisions

18.  The failure to reference any particular provision in the Plan or in this Order shall have no effect on the binding effect, enforceability, or legality of such provision and such provision shall have the same binding effect, enforceability, or legality as every other provision of the Plan.  Each term and provision of the Plan, as modified or interpreted by the Court, is valid and enforceable pursuant to its terms.

### R. Notice of Entry of Confirmation Order

19.  The Debtors shall serve a combined notice of entry of this Order and notice of the Effective Date, in the form attached hereto as Exhibit A (the "Confirmation Notice"), in accordance with Bankruptcy Rules 2002 and 3020(c) on all creditors, equity holders, and parties having requested notice in these Chapter 11 Cases within seven (7) calendar days after the Effective Date. Notwithstanding the above, no notice of confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any party to whom the Debtors mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no

forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The Confirmation Notice is adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice is necessary.

**S.    Appointment of Liquidation Trustee**

20.    Stapleton Group is hereby appointed to serve as the Liquidation Trustee on the terms set forth in this Order, the Plan, and the Liquidation Trust Agreement.

**T.    Statutory Committees and Cessation of Fee and Expense Payment**

21.    On the Effective Date, the Committee shall be dissolved. As of the Effective Date, the Liquidation Trust shall no longer be responsible for paying any fees or expenses incurred after the Effective Date by the members of or advisors to the Committee. For the avoidance of doubt, the Liquidation Trust shall be responsible for paying fees and expenses incurred prior to the Effective Date, but due and payable after the Effective Date, by members of or advisors to the Committee.

**U.    Final Order**

22.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidation Trust, and any and all Holders of Claims, all entities that are parties to or subject to the settlements, compromises, releases, and injunctions described in the Plan or in this Order, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

23.    The stay of this Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e). This Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

**V.    Post-Confirmation Status Conference**

24.    The initial post-confirmation status conference shall be held on August 11, 2022 at 10:30 a.m. (Pacific Time). The Liquidation Trustee shall file a post-confirmation status report on or before July 28, 2022.

**W.      Retention of Jurisdiction**

25.     Notwithstanding the entry of this Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over these Chapter 11 Cases and any of the proceedings related to these Chapter 11 Cases pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out.

**\*\*END OF ORDER\*\***

DOCS_SF:106713.3

Date: February 11, 2022

Erithe Smith
United States Bankruptcy Judge

**Exhibit A**

**Form of Confirmation Notice**

Ira D. Kharasch (CA Bar No. 109084)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:   ikharasch@pszjlaw.com
          jlucas@pszjlaw.com
          jrosell@pszjlaw.com
          vnewmark@pszjlaw.com

Counsel to Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., *et al.*,<br><br>        Debtors and Debtors-in Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ HCA WEST, INC., ONLY<br><br>☐ HAI EAST, INC., ONLY<br><br>☐ HNA, INC., ONLY | Case No.  8:20-bk-11507-ES<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.: 8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>**NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS; (B) OCCURRENCE OF THE EFFECTIVE DATE; AND (C) CERTAIN IMPORTANT DEADLINES** |

**PLEASE TAKE NOTICE** that an order [Docket No. ●] (the "Confirmation Order") confirming the *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 596] (the "Plan") was entered by the Honorable Erithe A. Smith, United States Bankruptcy Judge, and docketed by the Clerk of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") on February [●], 2022.  A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan or the Confirmation Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order, the Plan, and related documents are available to be viewed at the Bankruptcy Court's website (https:///www.ca.uscourts.gov) for a small fee.  To access the Court's website, you will need a PACER password and login, which can be obtained at https://pacer.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on February [●], 2022.

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by the Plan, the Confirmation Order, or any other applicable order of the Bankruptcy Court, (a) all requests for payment of Administrative Claims arising on or after January 1, 2021, other than Professional Fee Claims, must be filed with the Bankruptcy Court and served on the Liquidation Trustee and its counsel by no later than **March [●], 2022**[1] (the "**Second Administrative Claims Bar Date**") and (b) all requests for payment of Professional Fee Claims must be filed with the Bankruptcy Court no later than **March [●], 2022**.[2]  Holders of Administrative Claims that do not timely file and serve requests for payment of Administrative Claims by the Second Administrative Claims Bar Date shall be forever barred from asserting such claims against the Debtors or the Liquidation Trust.

**PLEASE TAKE FURTHER NOTICE** that all executory contracts and unexpired leases not assumed before the Effective Date, or subject to a pending motion to assume as of the Effective Date, are rejected pursuant to Section 13.1 of the Plan as of the Effective Date.  Any proofs of claim based upon the rejection of a Debtor's executory contract or unexpired lease pursuant to the Plan must be filed with the Bankruptcy Court and served on the Liquidation Trustee and its counsel by no later than **March [●], 2022**[3] (the "**Rejection Damage Claims Bar Date**").  Claims arising from the rejection of an executory contract or unexpired lease that are not filed by the Rejection Damage Claims Bar Date shall be discharged and forever barred.

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Liquidation Trustee, the Liquidation Trust, any holder of a Claim against, or Interest in,

---

[1] 30 days from the Effective Date.
[2] 45 days from the Effective Date.
[3] 30 days from the Effective Date.

DOCS_SF:106703.1

the Debtors, and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is impaired under the Plan and whether or not such Holder voted to accept the Plan.

Dated:    February ___, 2022            PACHULSKI STANG ZIEHL & JONES LLP

                                                                By    */s/ DRAFT*
                                                                      Ira D. Kharasch (CA Bar No. 109084)
                                                                      John W. Lucas (CA Bar No. 271038)
                                                                       Jason H. Rosell (CA Bar No. 269126)
                                                                       Victoria A. Newmark (CA Bar No. 183581)

                                                                    *Counsel to the Debtors*

DOCS_SF:106703.1