PETER C. ANDERSON
United States Trustee
Michael Hauser (SBN 140165)
Attorney for the United States Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3400
Fax: (714) 338-3421
email: michael.hauser@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HCA WEST, INC., et al.,<br><br>                                      Debtors<br><br>Affects:<br><br>**X**  All Debtors<br><br>☐  HCA WEST, INC., ONLY<br><br>☐  HAI EAST, INC., ONLY<br><br>☐  HNA, INC., ONLY | CASE NUMBER:  8:20-bk-11507-ES<br><br>Jointly Administered With Case Nos.:<br>8:20-BK-11508-ES and 8:20-BK-11509-ES<br><br>CHAPTER 11<br><br>OBJECTION OF U.S. TRUSTEE TO FOURTH AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION<br><br><br>DATE:  June 9, 2022<br>TIME:   10:30 A.M.<br>CTRM:   5A (via ZoomGov) |

      Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), hereby objects to the *Fourth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* (the "Firm") *as General Bankruptcy Counsel for the Debtors and Debtors In Possession* [dkt. # 724] (the "Fourth and Final Application").

1

## I.    INTRODUCTION

The Fourth and Final Application does not provide accurate time records for review by the Court. Rather, what has been presented for review includes over 50 newly discovered billing entries totaling $33,976.50 that were inexplicably omitted from the second and third interim fee applications. These newly discovered billing entries are now commingled with the billing entries for the time frame of December 1, 2021, through February 22, 2022 (the "Fourth Fee Period") despite the fact that these services were not performed during the Fourth Fee Period. Thus, the Fourth and Final Application, *for the first time*, is requesting that this Court approve fees for services performed in the beginning and middle of 2021, that should have been included in the second and third interim fee applications previously submitted and approved by this Court.

There is no explanation provided as to why these newly discovered billing entries were not included in the second and third interim fee applications. While the Fourth and Final Application explains that time reports are organized on a daily basis and kept in the regular course of business, these procedures were not followed throughout this case. Accordingly, the U.S. Trustee requests a reduction in fees in the amount of $33,976.50.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

Section 330 of the Bankruptcy Code (the "Code") provides that a court may award to professionals retained pursuant to 11 U.S.C. § 327:

(A) reasonable compensation for actual, necessary services, and
(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

The applicant bears the burden of proof in all fee matters. *In re Recycling Industries, Inc.*, 243 B.R. 396, 401 (Bankr. D. Colo. 2000).

"**The bankruptcy court has a duty to review fee applications notwithstanding the absence of objections by the trustee, debtor or creditors**." *In re AutoParts Club, Inc.*, 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997) (emphasis added), *citing In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994); *accord In re Eliapo*, 298 B.R. 392, 404-5 (B.A.P. 9th Cir. 2003), *reversed in part on other grounds*, 468 F.3d 592, (9th Cir. 2006) ("In this case, there were no objections to the Final Application, and the bankruptcy court took all of Boone's papers under review. This procedure was consistent with its obligations to conduct an independent review under § 330. **It is well-established law that the bankruptcy court has a duty, under § 330, to review fee applications notwithstanding the absence of objections by the trustee, debtor, or creditors**") (emphasis added); *In re Smith*, 2014 WL 764425, at fn. 5 (B.A.P. 9th Cir. (Ariz.) Feb. 26, 2014) ("**In its appeal brief, Frutkin pointed out several times that neither the Smiths nor any other interested party objected to its fees. This fact is of little significance, because the bankruptcy court had an independent duty to review the compensation Frutkin requested**…") (emphasis added).

Additionally, *Collier on Bankruptcy*, provides the following analysis regarding the role of the Court when certifying fee applications:

> Even in the absence of an objection from a party in interest, the court has both the statutory authority and a duty to review fee award requests. The duty emanates from "the court's inherent obligation to monitor the debtor's estate and to serve the public interest." The public interest at stake is both the "court's responsibility to monitor the integrity of the proceedings before it and the public's right to expect **"that an order of a court is a judge's certification that the result is proper and justified under the law."**

3 *Collier on Bankruptcy*, ¶ 330.08[2][b][vi] (16th 2022) (emphasis added) (footnotes omitted).

Finally, *Collier on Bankruptcy*, provides the following analysis regarding the accuracy of time records presented to the Court:

> Due to the importance of the time factor, courts have required professionals seeking payment for their services to provide accurate records of the amount of time spent and the manner in which it was spent. Itemized daily entries which reflect the activity performed, the date, the attorney responsible, a description of the nature and substance of the work performed, and the time expended have become the *sine qua non* of recovery. When a professional seeks to have fees paid from the debtor's estate, the request for compensation should be based upon detailed, contemporaneous time records that reveal enough information to enable the court to make an informed judgment about specific tasks and the time allotted thereto ….

3 *Collier on Bankruptcy*, ¶ 330.03[5][a] (16th 2022) (footnotes omitted).

In the present case, the Fourth and Final Application does not provide accurate time records for review by the Court because it includes over 50 newly discovered billing entries that were inexplicably omitted from the second and third interim fee applications. These newly discovered billing entries are now commingled with the billing entries for the time frame of December 1, 2021, through February 22, 2022 (the "Fourth Fee Period"). A review of Exhibit A-1 to the Fourth and Final Application (see Adobe pages 23-89 of 682), reflects that the time records for the Fourth Fee Period contain numerous time entries that occurred anywhere from several months to almost a year prior to the Fourth Fee Period. Specifically, there are 53 fee entries that occurred prior to the Fourth Fee Period. These newly discovered billing entries, totaling $33,976.50 are set forth below by category, date, timekeeper, narrative and time billed

so that they can be more easily located within the time records attached at Exhibit A-1 to the Fourth and Final Application.

### Asset Analysis/Recovery[B120] - see Exhibit A-1 at Adobe page 26 of 682

| Date | Timekeeper | Narrative | Hours/Units | Fee |
|---|---|---|---|---|
| 10/1/2021 | Rosell,Jason | Analyze APW balance sheet | 0.20 | $169.00 |

### Corporate Governance/Board Mtr - see Exhibit A-1 at Adobe pages 32-34 of 682

| Date | Timekeeper | Narrative | Hours/Units | Fee |
|---|---|---|---|---|
| 1/11/2021 | Hong,Nina | Prepare written consents approving minutes (.8); Revise board minutes (.5) | 1.30 | $1,137.50 |
| 1/13/2021 | Hong,Nina | Prepare name change amendments. | 1.30 | $1,137.50 |
| 1/15/2021 | Hong,Nina | Work on filing name change amendments. | 0.60 | $525.00 |
| 1/18/2021 | Hong,Nina | Work on name change amendments. | 0.20 | $175.00 |
| 7/15/2021 | Kharasch,Ira | Email client on draft agenda for call today (.1); Attend conference call with client, C. Barbarosh, CRO team, Imperial on status of open case issues and plan of reorganization (.4) | 0.50 | $662.50 |
| 7/22/2021 | Kharasch,Ira | Review of agenda for upcoming client call, as well as package of relevant plan term sheet docs for same (.4); Attend conference call with client, Imperial, C Barborosh re status of case, updated plan issues with UCC/Motorola, collections (.4) | 0.80 | $1,060.00 |
| 6/9/2021 | Rosell,Jason | Attend weekly board call | 0.40 | $338.00 |
| 6/29/2021 | Rosell,Jason | Review board meeting agenda | 0.10 | $84.50 |
| 7/15/2021 | Rosell,Jason | Attend weekly CRO / board meeting | 0.50 | $422.50 |

### Claims Admin/Objections[B310] - see Exhibit A-1 at Adobe page 35 of 682

| Date | Timekeeper | Narrative | Hours/ Units | Fee |
|---|---|---|---|---|
| 7/16/2021 | Kharasch,Ira | Brief review of correspondence with insider counsel with his breakdown and support of insider claim, as well as client and J Lucas feedback on next steps (.3) | 0.30 | $397.50 |
| 7/20/2021 | Kharasch,Ira | Telephone conference email J Lucas re call with UCC tomorrow and insider claim information and docs (.2); Review of correspondence with client and insider counsel on questions on the insider claims and support re same (.2) | 0.40 | $530.00 |
| 7/21/2021 | Kharasch,Ira | Emails with client, J Lucas on issues re insider claims vs estate and estate claims vs insiders and consider setoff issues (.3); Emails with client and insider counsel on problems with information provided by insider supporting its claims (.2) | 0.50 | $662.50 |

### Compensation Prof. [B160] - see Exhibit A-1 at Adobe page 52 of 682

| Date | Timekeeper | Narrative | Hours/ Units | Fee |
|---|---|---|---|---|
| 3/27/2021 | Ramseyer,William | Draft 2nd interim fee application | 1.60 | $1,360.00 |
| 3/28/2021 | Ramseyer,William | Draft 2nd interim fee application | 4.00 | $3,400.00 |
| 3/29/2021 | Ramseyer,William | Draft 2nd interim fee application | 2.20 | $1,870.00 |
| 3/30/2021 | Ramseyer,William | Review and revise 2nd interim fee application | 2.40 | $2,040.00 |

### Hearing - see Exhibit A-1 at Adobe page 69 of 682

| Date | Timekeeper | Narrative | Hours/ Units | Fee |
|---|---|---|---|---|
| 11/9/2021 | Rosell,Jason | Review 11/9 tentative ruling | 0.10 | $84.50 |

### Insurance Issues - see Exhibit A-1 at Adobe page 69 of 682

| Date | Timekeeper | Narrative | Hours/ Units | Fee |
|---|---|---|---|---|
| 9/20/2021 | Rosell,Jason | Correspondence with client and I. Nasatir re: D&O insurance issues | 0.10 | $84.50 |

### Plan & Disclosure Stmt. [B320]  - see Exhibit A-1 at Adobe pages 70-75 of 682

| Date | Timekeeper | Narrative | Hours/ Units | Fee |
|---|---|---|---|---|
| 7/6/2021 | Kharasch,Ira | Emails with J Lucas, N Lockwood re coordination of hearing on extending plan deadline (.1); Emails with UCC counsel, J Lucas on status on plan term sheet (.1) | 0.20 | $265.00 |
| 7/7/2021 | Kharasch,Ira | Review briefly draft of plan (.3) | 0.30 | $397.50 |
| 7/9/2021 | Kharasch,Ira | Email UCC counsel re plan status (.1) | 0.10 | $132.50 |
| 7/12/2021 | Kharasch,Ira | Email N Lockwood re her draft outline of motion to extend exclusivity, including review of same (.2) | 0.20 | $265.00 |
| 7/13/2021 | Kharasch,Ira | Emails with attorneys re need to file plan/DS with motion to extend exclusivity, along with modified plan term sheet, and feedback of others on same (.4) | 0.40 | $530.00 |
| 7/14/2021 | Kharasch,Ira | Numerous Emails with J Rosell and N Lockwood on need to start drafting Disclosure Statement and issues/logistics on same (.4); Telephone conference and Emails with J Lucas re same and issues, including correspondence with client, others on same re information for DS (.4) | 0.80 | $1,060.00 |
| 7/14/2021 | Kharasch,Ira | Emails with J Lucas, J Rosell re their draft and changes to motion to extend exclusivity, including brief Review of same (.4) | 0.40 | $530.00 |
| 7/15/2021 | Kharasch,Ira | Telephone conferences with J Lucas re plan issues today (.2); Emails with J Rosell re revised motion to extend and my comments to same (.3) | 0.50 | $662.50 |
| 7/15/2021 | Kharasch,Ira | Review briefly correspondence and information from of counsels for DS (.2); Review and consider briefly further revised DS (.4) | 0.50 | $662.50 |
| 7/15/2021 | Kharasch,Ira | Emails with Motorola counsel and UCC counsels re our upcoming plan related pleading today and Motorola feedback on same and need for call (.3) | 0.30 | $397.50 |

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 7/16/2021 | Kharasch,Ira | Attend conference call with Motorola counsel and our team on plan issues (.5); Telephone conference with J Lucas re result of call and next steps (.2) | 0.70 | $927.50 |
| 7/19/2021 | Kharasch,Ira | Emails with Steptoe, J Lucas re plan filing and need to discuss same and next steps (.2); Attend conference call with F Agusti, J Taylor on plan issues (.4); Telephone conference with J Lucas re result of same (.1) | 0.70 | $927.50 |
| 7/19/2021 | Kharasch,Ira | Emails with UCC counsel, J Lucas on status of their plan term sheet and Motorola feedback (.2) | 0.20 | $265.00 |
| 7/19/2021 | Kharasch,Ira | Emails with client and J Lucas re updated distribution analysis under our plan with various assumptions and re AR amounts due from insider. | 0.30 | $397.50 |
| 7/20/2021 | Kharasch,Ira | Emails with insider counsel and J Lucas re plan negotiations and need for call re same (.1); Emails with UCC counsel re need for plan call (.1) | 0.20 | $265.00 |
| 7/21/2021 | Kharasch,Ira | Attend most of conference call with UCC counsel and J Lucas re plan negotiations (.6) | 0.60 | $795.00 |
| 7/21/2021 | Kharasch,Ira | Review and consider briefly plan term sheets from UCC counsel, including Motorola's (.3) | 1.00 | $1,325.00 |
| 7/21/2021 | Kharasch,Ira | Emails with UCC counsel, J Lucas on modified extension of exclusivity (.1); Telephone conference with J Lucas re same (.1) | 0.20 | $265.00 |
| 7/22/2021 | Kharasch,Ira | Numerous Emails with UCC counsel, J. Lucas on Motorola consent to stipulation on exclusivity, and need for us to draft same (.3) | 0.30 | $397.50 |
| 7/23/2021 | Kharasch,Ira | Attend part of telephone conference with insider counsel, J.Lucas re plan negotiations (.6) | 0.60 | $795.00 |
| 7/23/2021 | Kharasch,Ira | Emails with V. Newmark re her draft stipulation on exclusivity extension (.2); Correspondence with insider claimant on plan negotiation, as well as their potential local counsel (.2); Review of correspondence with UCC, J Lucas re UCC feedback to stipulation on exclusivity extension and proposed revisions (.2); Telephone conference with J Lucas re update to same (.2) | 0.80 | $1,060.00 |
| 7/24/2021 | Kharasch,Ira | Emails with J. Lucas on his initial markup of UCC new plan term sheets and status (.3) | 0.30 | $397.50 |
| 7/24/2021 | Kharasch,Ira | Emails on 7/25 with J Lucas re my comments/revisions to new plan term sheet, as well as comments of J. Rosell to same (.6); Telephone conference with J. Lucas re same (.1); Review of finalized version of same, including correspondence to insider re same (.1) | 0.80 | $1,060.00 |

| 6/11/2021 | Rosell,Jason | Revise correspondence with Motorola re: plan issues | 0.20 | $169.00 |
|---|---|---|---|---|
| 7/14/2021 | Rosell,Jason | Revise motion to extend exclusivity | 0.30 | $253.50 |
| 7/16/2021 | Rosell,Jason | Conference call with Motorola re: plan issues | 0.50 | $422.50 |
| 7/27/2021 | Rosell,Jason | Review revised plan term sheet | 0.20 | $169.00 |
| 8/4/2021 | Rosell,Jason | Analyze draft liquidation analysis | 0.80 | $676.00 |
| 8/9/2021 | Rosell,Jason | Correspondence with J. Lucas re: plan term sheet | 0.20 | $169.00 |
| 8/10/2021 | Rosell,Jason | Conference call with Committee re: plan term sheet | 0.30 | $253.50 |
| 8/31/2021 | Rosell,Jason | Call with Committee re: plan issues | 0.60 | $507.00 |
| 9/27/2021 | Rosell,Jason | Revise motion to extend exclusivity and related correspondence with client | 0.50 | $422.50 |
| 9/29/2021 | Rosell,Jason | Revise chapter 11 plan of liquidation | 0.70 | $591.50 |
| 10/6/2021 | Rosell,Jason | Revise chapter 11 plan per Motorola comments | 0.50 | $422.50 |

The Fourth and Final Application at 14:3-7, provides the following explanation with respect to how the Firm records and maintains its billing records:

> Exhibit A-1 contains the Applicant's detailed time records during the Fourth Fee Period [LBR 2016-1(a)(1)(E)], organized both on a category basis for the Fourth Fee Period and on a monthly basis. The Applicant's time reports are initially handwritten or recorded via computer by the attorney or paralegal performing the described services. **The time reports are organized on a daily basis**.

(emphasis added). The Fourth and Final Application at 17:20-22, further provides: "Attached hereto as Exhibits A and B are a copies of the Applicant's **time reports and records kept in the regular course of business** reflecting the services rendered and the expenses incurred by the Applicant during the Final Fee Period" (emphasis added).

Given the above representations by the Firm as to its methodology in gathering time entries on a daily basis and maintaining them in the regular course of business it is inexplicable how over 50 billing entries in excess of $33,000 were not properly included in the second and third interim fee applications but have now improperly surfaced for the first time in the Fourth Fee Period (several months to almost a year after the work was actually performed). Further, these newly discovered billing entries involve four timekeepers billing time in several different categories over a period spanning almost a year. This indicates a breakdown in the Firm's billing procedures. Finally, the declaration in support of the Fourth and Final Application provides no explanation as to why these newly discovered billing entries were not included in the second and third interim fee applications.

### III.  CONCLUSION

Based on the forgoing, the U.S. Trustee requests a reduction in fees in the amount of $33,976.50.

Dated: May 26, 2022

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By:/s/ *Michael Hauser*
Michael Hauser
Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: OFFICE OF THE U.S. TRUSTEE, 411 W. 4TH STREET, #7160, SANTA ANA, CA 92701.

A true and correct copy of the foregoing document described as **OBJECTION OF U.S. TRUSTEE TO FOURTH AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **MAY 26, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Lydia A Hewett    lydia.hewett@cpa.state.tx.us
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Mark E McKane    mark.mckane@kirkland.com, mmckane@kirkland.com;alevin@kirkland.com;lydia-yale-8751@ecf.pacerpro.com
- Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com
- David L. Neale    dln@lnbyg.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Jason H Rosell    jrosell@pszjlaw.com, mrenck@pszjlaw.com
- Jeffrey Snyder    eservice@bilzin.com, eservice@bilzin.com
- Adam D Stein-Sapir    info@pfllc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael J. Weiland    mweiland@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **MAY 26, 2022,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**HCA West, Inc**
Stapleton Group
Attn: David Stapleton
514 Via de Valle, Ste 210
San Diego, CA 92075

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **MAY 26, 2022,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 26, 2022 | TARI KING | /s/ TARI KING |
|---|---|---|
| *Date* | *Type Name* | *Signature* |